IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, individually and for a class, | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| -*vs*- | ) No. 24-cv-<br>) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | )<br>)<br>) |
| *Defendants.* | ) *jury demand*<br>) |

# COMPLAINT

Plaintiff Kavarian Rogers, by counsel, alleges as follows:

1. This is a civil action arising under the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act and the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq*. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1343, and 1367.

2. Plaintiff Kavarian Rogers was processed into the Cook County Department of Corrections (CCDOC) on April 2, 2020, and assigned booking number 2020-0402015. Plaintiff continues to be detained at CCDOC.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for individuals remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled individuals remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in

this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Cook County owns all buildings at the Cook County Department of Corrections, including Division 9. Cook County controls all funding for renovating county owned buildings.

6. Construction of Division 9 commenced after March 7, 1988.

7. From March 7, 1988 to December 31, 1992, the Sheriff's Office received federal financial assistance for the benefit of the CCDOC.

8. From March 7, 1988 to December 31, 1992, Cook County received federal financial assistance for the benefit of the CCDOC.

9. According to the Sheriff's website, Division 9 opened in "December of 1992" and currently "is comprised of two interconnected three-story buildings, houses general population individuals in custody with medium and maximum security classification" and "also houses the Rehabilitation Units which house individuals in custody who have been found in violation of the rules and regulations of the facility, and Protective Custody for maximum security individuals in custody."

10. In 2020, the plaintiff sustained a gunshot wound to the left side of his head. This injury substantially impaired plaintiff's ability to use his right hand and right leg. As a result of this injury, plaintiff is substantially limited in the activity of moving from place to place and standing.

11. Plaintiff requires accommodations to perform everyday life activities, including ambulating, showering, and toileting.

12. Despite the obvious physical mobility impairment, the CCDOC only permits plaintiff to use his walker when traveling off his living unit.

13. Medical staff at the CCDOC provide orders for an individual, like plaintiff, to be permitted to use a cane, crutch, or walker.

14. Over the past two years, more than 30 inmates prescribed a cane, crutch, or walker have been housed in Division 9.

15. It is the policy of the Sheriff to designate Division 9 as an appropriate housing location for detainees with mobility disabilities that require auxiliary aids, such as a cane, crutch, or walker.

16. Plaintiff has been assigned to Division 9 for about two years. Presently, the plaintiff is housed on Tier 1D.

17. Defendants Dart and Cook County know detainees with mobility disabilities that require auxiliary aids but do not require medical housing are housed in Division 9 without accessible showers and toilets.

18. There are no grab bars on any Division 9 tier to help an inmate toilet and shower.

19. There are no mounted shower seats for any detainees to use in Division 9.

20. In April of 2018, the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, prepared a "FY19 Business Case" seeking Cook County to conduct an ADA Assessment and Improvements for several divisions, including Division 9. A relevant portion of this Business Case states:

> **2** **Background**
>
> What history led to this project?
>
> Division 10 is a maximum security division with no ADA compliant housing. Detainees with mobility disabilities that require auxiliary aids, but do not require medical housing, are housed in divisions 2, 4, 6, 9 and 10. The only ADA housing (housing that complies with 2010 design standards) that currently exists for detainees with mobility impairments is the RTU and Cermak. The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and 08, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This creates difficulties with bed control, and also leads to litigation.
>
> What are the motivating issues/concerns behind this request?
>
> The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and Cermak, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This leads to litigation.
>
> What is the current business process as it relates to this project? (Explain the specific physical or logistical issue that wish to be alleviated by this project)
>
> Example: We intake people at the main facility and then send them to neighborhood service providers, We rent facilities to accommodate training ten times a year, People are lining up around the block to access services in inclement weather, etc.
>
> bed control, housing and litigation.

21. The shower floor is slippery and plaintiff is unsteady when he attempted to engage in the program or activity of showering. The absence of a mounted shower seat and grab bars has caused plaintiff and similarly situated disabled inmates the inability to shower on the same basis as abled body inmates. Plaintiff has fallen and sustained physical injuries while using the inaccessible shower in Division 9.

22. Plaintiff is unable to toilet on the same basis as non-disabled detainees because he is not provided an accessible toilet with grab bars.

23. Plaintiff has experienced and continues to experience pain when engaging in the program or activity of showering and toileting.

24. There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate Division 9 inmates prescribed a cane, crutch, or walker.

25. Despite grievances seeking an accommodation to shower and toilet, defendants refuse to take action to provide plaintiff an assessable toilet and shower. In response to one grievance where plaintiff complains of a need for a

handicap accessible shower and repeated complaints to staff, ADA Compliance Officer Rivero-Canchola wrote, "Detainee Rogers is being housed according to the medical classification assigned to him by Cermak. He is independent in his [redacted] (includes showers) and should not require an accommodation. If you feel this is incorrect, please fill out a health service req form to speak with a doctor about your concerns."

26. Plaintiff, who remains at the CCDOC and continues to be subjected to the above-described policy to house mobility impaired detainees to Division 9, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates housed in Division 9 at the CCDOC prescribed a cane, crutch, or walker by the medical staff.

27. Plaintiff also requests that the Court certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure for all inmates housed in Division 9 at the CCDOC after May 8, 2022, prescribed either a crutch, cane, or walker.

28. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

29. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that appropriate injunctive relief be granted for the class of persons housed in Division 9 of the CCDOC prescribed a cane, walker, or crutch and that the Court enter appropriate relief pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate under federal and

state law, including an award of attorney's fees and costs. In the event the plaintiff is unable to establish compensatory damages, the plaintiff requests an award of nominal damages.

>  /s/ <u>Patrick W. Morrissey</u>
>  ARDC No. 6309730
>  Thomas G. Morrissey
>  Thomas G. Morrissey, Ltd.
>  10257 S. Western Ave.
>  Chicago, Illinois 60643
>  (773) 233-7900
>  pwm@morrisseylawchicago.com
>  *Attorneys for Plaintiff*