IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 24-cv-3739 |
| -vs- | ) | |
| | ) | Judge Rowland |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Kavarian Rogers is currently detained at Cook County Jail under booking number 2020-0402015. He is substantially limited in the ability to move from place to place because of a gunshot wound to the head in 2020. Plaintiff Rogers alleges defendants violate his rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act because he is housed in Division 9, a building that lacks accessible toilets and showers that would allow him, as a disabled person, to toilet and shower safely. He alleges defendants continue to violate his rights because he remains in Division 9 and is unable to shower and toilet on the same basis as non-disabled detainees.

Defendants Sheriff and Cook County move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the "allegations are bereft of any specified time period or date in which the allegations are asserted to have occurred" and a claim under the Illinois Civil Rights Remedies Restoration Act, 775 ILCS 60, is invalid because a district court has ruled "the statute is not retroactive" and any such claim is barred by the Tort Immunity Act. Dkt. 11,

Motion at 2. Plaintiff respectfully requests that the Court deny defendants' motion for the following reasons.

## I. Complaint provides "fair notice" of alleged wrongdoing

Defendants argue the complaint should be dismissed under Rule 12(b)(6) because the complaint "failed to provide fair notice to Defendants because he has not provided dates of Defendants' allege conduct." Dkt. 11, Motion at 5. Defendants contend this is so prejudicial because "Defendants are unable to assemble witnesses, documents, medical records, video footage, or other materials that may be essential in answering the complaint, offering affirmative defenses, disproving Plaintiff's claims, or aiding in any of Defendants' other potential defenses or legal strategies." Dkt. 11, Motion at 5. The Court should reject this argument for the following reasons.

First, the complaint alleges that plaintiff was processed into the Jail on April 2, 2020, assigned booking number 2020-0402015, and "continues to be detained at CCDOC." Dkt. 1, Complaint ¶ 2. The complaint alleges plaintiff has been assigned to Division 9 for about two years and that his housing location, when the complaint was filed on May 8, 2024, was Tier 1D. *Id.* ¶ 16. Indeed, the Sheriff's website shows plaintiff continues to be assigned to Division 9 as of June 13, 2024.[1] Exhibit 1, Inmate In Custody Locator at 1-2, last visited June 13, 2024.

---

[1] Plaintiff supplements the allegations of the complaint in accordance with *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), and *Bishop v. Air Line Pilots Ass'n, Intl.,* 900 F.3d 388, 399 (7th Cir. 2018). *See also Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint").

In 2020, plaintiff Rogers was shot on the left side of his head. Dkt. 1, Complaint ¶ 10. This injury substantially impairs plaintiff's ability to use his right hand and leg. *Id.* As a result of this injury, plaintiff requires accommodations to perform everyday life activities such as showering, toileting, and ambulating. *Id.* ¶ 10. Generally, Jail staff permit plaintiff to use a walker when ambulating outside his living unit. *Id.* ¶ 12. Plaintiff seeks to represent a class of inmates assigned to Division 9 that have been prescribed cane, crutch, or walker. *Id.* ¶¶ 26-27.

Plaintiff alleges the defendants know housing mobility impaired inmates, like plaintiff, to Division 9 deprives them access to accessible showers and toilets. *Id.* ¶¶ 17-20. There are no grab bars around any detainee toilet and the showers lack grab bars and a mounted seat. *Id.* In April of 2018, the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, wrote a "FY19 Business Case" conceding that the assignment of disabled inmates to Division 9 would deprive individuals of rights under the ADA because there are no accessible showers or toilets. Exhibit 2, FY 19 Business Case at 2.

Plaintiff alleges he has been unable to shower and toilet on the same basis as non-disabled inmates and even notified defendants of this issue by filing Cook County Jail Inmate Grievance Forms. Dkt. 1, Complaint ¶ 25. For example, in May of 2022, plaintiff complained Division 9 had no handicap accessible showers and requested to be relocated. Exhibit 3, Grievances at 1-2. A year later, in May of 2023, plaintiff again notified defendants that Division 9 lacked accessible showers and that he was injured by falling because of the inaccessible conditions. *Id.* at 3-5.

Defendants' argument that the complaint does not provide sufficient notice about "dates of Defendants' alleged conduct," *see* Dkt. 11, Motion at 5, and therefore warrants dismissal should be rejected. A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), sufficient to provide the defendants with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The operative complaint provides "fair notice" that plaintiff, a person with a mobility disability, contends the assignment to Division 9 violates his federally protected rights because the showers and toilets are not accessible.

## II. Plaintiff adequately plead a claim under the Illinois Restoration Act

On January 1, 2024, the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq.*, became effective and was passed in response to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022). The Restoration Act states that "[f]or decades, courts and juries have awarded damages for emotional distress for violations of federal civil rights statutes" and that "[a]s a result of the *Cummings* decision, an individual whose civil rights have been violated will be left without the full range of remedies once available." 775 ILCS 60/5. Therefore, the express "purpose of this [Restoration] Act is to restore in Illinois the full enjoyment of the civil rights unjustly limited by the U.S. Supreme Court in *Cummings.*" 775 ILCS 60/5(c), 60/10.

To that end, the Restoration Act provides that any violation of the ADA or Rehabilitation Act "shall constitute a violation" of the Restoration Act. 775 ILCS 60/15. Additionally, claims for violation of the Restoration Act "may be filed in any

court of competent jurisdiction" and Illinois has waived "sovereign and Eleventh Amendment of the United States Constitution immunity for any violation." 775 ILCS 60/30.

Defendants argue the claims under the Illinois Restoration Act are invalid "because the Restoration Act is not retroactive." Dkt. 11, Motion at 5. This argument deserved little consideration because plaintiff remains incarcerated in Division 9 and contends his rights under the ADA continue to be violated.[2] This conduct has occurred after January 1, 2024, the date defendants concede the Restoration Act came into effect, see Dkt. 11, Motion at 7, and therefore defendants' suggestion all conduct occurred prior to January 1, 2024, is misplaced.

Finally, defendants argue the Tort Immunity Act shields defendants from any liability under the Restoration Act. Dkt. 11, Motion at 8-11. This argument, however, is misplaced. The Tort Immunity Act does not provide immunity for a local government to violate the ADA or Rehabilitation Act.

The Restoration Act merely provides a remedy for a violation of the ADA or Rehabilitation Act that Illinois legislature determined was "unjustly limited by the U.S. Supreme Court in *Cummings*." 775 ILCS 60/5(c), 60/10. Indeed, the Restoration Act makes plain a violation of "Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. 12132 et seq.) . . . shall constitute a violation of this Act." 775 ILCS 160/15.

---

[2] Plaintiff also requests to represent a class under Rule 23(b)(2) of the Civil Rules of Civil Procedure to seek relief from ongoing harm. *See* Dkt. 1, Complaint ¶ 26.

The Illinois Tort Immunity Act "grants only immunities and defenses" to "protect local public entities and public employees from liability arising from the operation of government." *See* 745 ILCS 10/1-101.1(b). Defendants cite no authority and plaintiff's counsel has not identified any support for the rule the Illinois Tort Immunity Act grants local government "immunities and defenses" for violating the ADA or Rehabilitation Act. Moreover, the putative class seeks injunctive relief under Rule 23(b)(2) and the plain text of the Tort Immunity Act does not apply to injunctive relief. *Rivera v. City of North Chicago*, 2021 WL 323794, at *9 (N.D.Ill. 2021) (Durkin, J.) (citing 745 ILCS 10/2-101 ("Nothing in this Act affects the rights to obtain relief *other than damages* against a local public entity or public employee.") (emphasis added)).

The specific sections of the Tort Immunity Act cited by defendants demonstrate they are inapplicable. Defendants contend Section 4-103 of the Tort Immunity Act applies to any potential allegations relating to a "failure to provide sufficient equipment, personnel, supervision or facilities therein." Dkt. 11, Motion at 8 (internal citation omitted). This section does not apply. Plaintiff alleges Division 9 must comply with federal accessibility standards based on the date the building was constructed and defendants fail to bring this building into compliance. Defendants have no immunity for violating the federal laws at issue in this case and the Restoration Act merely affords a remedy that the legislature determined was unjustly limited by the *Cummings* decision. 775 ILCS 60/5, 60/10.

Defendants also say Section 2-202 "protects Illinois governmental workers and entities from liability for acts of negligence." Dkt. 11, Motion at 9. Plaintiff, however, does not seek to impose liability under a negligence theory.

Defendants next argue Section 2-109 of the Tort Immunity Act, that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable," applies. Dkt. 11, Motion at 10. The defendants, however, concede this provision is not applicable because "an employee cannot be held liable under Title II of the ADA or the Rehabilitation Act" and plaintiff merely seeks to hold defendants liable for violating the ADA and Rehabilitation Act. *See* Dkt. 11, Motion at 10.

Defendants' final argument that Section 3-103 of the Tort Immunity Act applies is undeveloped. *See* Dkt. 11, Motion at 11. Plaintiff seeks to hold defendants liable for failing to provide accessible showers and toilets in Division 9 and that this conduct violates the ADA and Rehabilitation Act. The Seventh Circuit explained in *Lacy* that "[p]erhaps the most obvious example of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services." *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018). Plaintiff alleges the defendants have knowledge of the inaccessible toilets and showers because of ADA Compliance Officer Rivero-Canchola's FY19 Business Case and failed to take action to remedy this ongoing violation of the ADA and Rehabilitation Act. Section 3-103 of the Tort Immunity Act provides a local entity is not shielded from liability if "it appears from its use that it has created a condition that is not reasonably safe." Section 3-103 of the Tort Immunity Act

therefore does not apply because defendants know the building is non-compliant and must be corrected.

### III. Conclusion

It is therefore respectfully requested that the Court deny defendants' motion to dismiss.

                                Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643

*an attorney for plaintiff*