IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint"), Pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

**ARGUMENT**

**I.      Plaintiff's Response Concedes the Inadequacy of his Complaint as Drafted**

Plaintiff contends that Defendants' arguments regarding his inadequate Complaint are without merit but relies on additional facts not alleged his Compliant in his Response to do so. Thus, Plaintiff concedes the factual inadequacy of his Complaint. Notably, Plaintiff appended three (3) exhibits to his Response to incorporate dates of alleged conduct into his Complaint. Yet even still, those dates in the exhibits do not align with those in his Complaint. Accordingly, Plaintiff's Response proves Defendants' point, and he should be required to replead his claims.

A plaintiff may supplement allegations when responding to a motion to dismiss, pursuant to *Bishop v. Air Line Pilots Ass'n, Intl.*, 900 F.3d 388, 399 (7th Cir. 2018), but only where such

1

supplemental facts are "consistent with the complaint." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). "The court need not stretch allegations beyond their sensible and reasonable implications." *E.E.O.C. v. Park Ridge Public Library*, 856 F. Supp. 477, 479 (N.D. Ill. 1994) (citing *Chan v. City of Chicago*, 777 F. Supp. 1437, 1440 (N.D. Ill. 1991)).

Plaintiff now asserts that in addition to his two-year assignment to Division 9, his grievances filed on May 8, 2022, and May 4, 2023, as well as his current assignment to Division 9 as of June 13, 2024, imply that Cook County Department of Corrections ("CCDOC") had notice of his claims. ECF No. 12 at 2-3. He admits the paucity of allegations in his original Complaint by now incorporating several new dates to explain the context of his claims regarding his detention with CCDOC. His Response reflects that the inclusion of material not contained in the Complaint can only be seen as a conscious pleading decision. Now that Plaintiff has improperly asserted facts that are inconsistent with the barebones operative Complaint, he should be required to properly plead his allegations to place Defendants on notice of the claims at issue.

Presumably for some sort of tactical advantage, Plaintiff chose not to plead essential facts in his Complaint. When called on this tactic, Plaintiff now claims he is allowed to supplement his Complaint, conceding its insufficiency as pled. The "supplemental material" is not merely supplemental, but in fact seeks to put new dates at issue, inconsistent with the initial Complaint. This litigation should not proceed piecemeal, with various documents and responses and attachments constituting some sort of unwritten Complaint. Plaintiff should not be allowed to litigate the case on an *ad hoc* basis, constantly shifting with the wind and prejudicing Defendants by failing to tell them what the case is about. Plaintiff's Complaint should be dismissed, and Plaintiff should be made to replead his allegations in a factually consistent manner in one simple document.

## II. The Restoration Act is Not Retroactive

As discussed in Defendants' Motion, the Northern District of Illinois definitively and unequivocally stated in *Mendoza* that the Restoration Act ("RA") is "not retroactive." *Mendoza v. Dart, et al.*, 20-cv-670, ECF No. 213 (N.D. Ill. Mar. 4, 2024). Plaintiff does not dispute this.

Indeed, Plaintiff makes no attempt to distinguish *Mendoza*, simply noting instead that Plaintiff remains incarcerated and alleged violations of his rights continue to occur. ECF No. 12 at. Plaintiff thus concedes that any alleged ADA violations that occurred before January 1, 2024, are not subject to the RA, yet again highlighting the inadequacy of Plaintiff's Complaint *as pled*, because the Complaint contains no allegations of conduct occurring after January 1, 2024.

Recently, in *Pogorzelska v. Vandercook*, 19-cv-5683, ECF No. 206 (N.D. Ill. April 11, 2024), a sister district court found that the RA could apply retroactively, but that case is distinguishable from the case at bar. *Pogorzelska* dealt with conduct that had occurred in 2017, and the case was filed in 2019, at a time when the full range of damages available for civil rights claims were recoverable. On April 28, 2022, however, the Supreme Court ruled in *Cummings v. Premier Rehab Keller, PLLC*, 596 U.S. 212, 230 (2022), that non-economic damages such as "emotional distress damages," were no longer recoverable in RA and ADA claims. *Pogorzelska*, ECF No. 206 at 2-3. The *Pogorzelska* court found that the RA, passed in direct response to *Cummings*, allowed those emotional distress damages, originally pled in 2019, to spring back to life, but did not say the RA was fully retroactive to cover claims that had not been previously pled. *Id.* at 6 ("nor do we consider it 'entirely new'; the emotional-distress damages Plaintiff seeks … were available when she initiated this suit and during a significant part of its pendency"). That plaintiff in *Pogorzelska* was only reviving prior claims and damages, which is not what the Plaintiff is doing here. Plaintiff here alleges new damages not previously pled, for a period not covered by the RA.

*Pogorzelska* was in line with the legislative intent of the passage of the RA. *See* 775 ILCS 60/10 ("The purpose of this Act is to restore in Illinois the full enjoyment of the civil rights unjustly limited by … *Cummings*."). *Pogorzelska* did just that, restoring previously pled damages claims. *Mendoza*, in contrast, noted that the RA did not allow unpled claims to spring forth from nothing.

Here, the operative allegations assert occurrences *primarily* occurring between the time of the *Cumming* decision in 2022, and before the RA went into effect, on January 1, 2024. ECF No 12 at 3. At no time during the majority of Plaintiff's alleged conduct, was he entitled to recovery of the damages now being sought, *i.e.*, there is nothing to restore.

While Plaintiff asserts in his Response (and notably not in the operative Complaint) that records show the ADA violations have continued, these post-January 1, 2024, violations would be all that Plaintiff could be entitled to under the RA. No claims before the statute went into effect should be permitted, as there were no recovery rights to restore at such time as the conduct occurred.

As discussed below, however, even for alleged violations occurring after January 1, 2024, Defendants are protected from liability under the state law RA by numerous provisions of the state law Tort Immunity Act.

### III. The Tort Immunity Act Applies to Restoration Act Claims for Violations of the ADA

Plaintiff's Response speciously asserts that the Tort Immunity Act ("TIA") does not apply to violations of the ADA, and, therefore, neither to claims under the RA. To the contrary, the TIA covers the waterfront – it does not, and does not *need* to, expressly list the various legal theories that it covers. 745 ILCS 10/2-102 ("Notwithstanding any other provision of law, a local public entity is not liable … *in any action* brought directly or indirectly against it by the injured party or a third party."); 10/2-111 ("Nothing contained herein shall operate to deprive any public entity of

4

any defense heretofore existing and not described herein."); *see also Monson v. City of Danville*, 2018 IL 122486. This is expressly the type of liability for which the TIA is meant to be a shield to Defendants, particularly so considering the existence of other avenues through which Defendants can be pursued, under the ADA itself, as well as the Rehabilitation Act.

While Plaintiff insists repeatedly that Defendants argue they are immune from violations of the ADA under the TIA, that was not the argument made. Defendants' Motion to dismiss merely argues that the TIA exists to "protect local public entities and public employees from liability arising from the operation of government," 745 ILCS 10/1-101(a), and that the RA itself only "waives sovereign and Eleventh Amendment of the United States Constitution immunity" for violations, 775 ILCS 60/30, therefore, the TIA applies to RA Claims. The RA's deafening silence on the TIA is notable in that its protections should apply to claims brought for RA violations.

Plaintiff also claims that the TIA is inapplicable because he "seeks relief in the form of a class under Rule 23(b)(2), and the text of the TIA does not apply to injunctive relief." ECF No. 12 at 6 (citing *Rivera v. City of N. Chi.*, No. 19 C 5701, 2021 WL 323794, at *9 (N.D. Ill. Feb. 1, 2021)). That is false, as Plaintiff's claims explicitly include allegations of violations under the Rehabilitation Act for further monetary damages. Plaintiff also explicitly seeks *monetary* damages under the RA, not injunctive relief, and his claim should be treated accordingly. ECF No. 1 at 5-6. TIA defenses are not inapplicable merely because Plaintiff's claims include *proposed* class allegations and prayer for injunctive relief.

The RA waives none of the immunities available to governmental entities and employees under the TIA. Defendants Cook County Sheriff Thomas J. Dart and Cook County are permitted to assert such defenses as available to it under the laws of the State of Illinois. That the alleged violation of the RA is derived from a federal claim under the ADA it not tantamount to assertion

5

of a TIA defense for federal ADA claims. Indeed, Defendants have not raised TIA defenses to the ADA; rather, Defendants have raised state law TIA defenses to Plaintiff's state law RA claims, which were individually identified and pled in the Complaint. *Id.* at ¶ 1.

## IV. <u>Section 4-103</u>

Plaintiff's arguments against the specific provisions of the TIA asserted as defenses are also without merit and unsupported by precedent. Specifically, Plaintiff's argument for inapplicability of section 4-103 is brought without any support.

A local public entity cannot be held liable for state law claims based on a "failure to provide sufficient equipment, personnel, supervision or facilities" in a jail or detention/correctional facility. 745 ILCS 10/4-103. The showers and toilets in Division 9 fall under the purview of facilities of the jail, and the CCDOC is without doubt a facility to which section 4-103 applies. *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 76 (1st Dist., 1996) ("Section 4–103 applies to CCDC detention facilities such as the one at issue and affords … immunity for the type of allegations contained in plaintiff's Complaint, specifically, failure to adequately provide for and supervise the facility"); *see also Bollinger v. Schneider*, 64 Ill. App. 3d 758, 761 (3rd Dist. 1978).

Plaintiff contends that this section "does not apply," because he alleges that the Division 9 showers and toilets must comply with "structural accessibility standards that apply to newly constructed or altered facilities," and that Defendants have failed to bring these showers and toilets into compliance. ECF No. 12 at 7. He asserts that as a result, Defendants have no immunity for violating the ADA and RA, with the latter being because it "merely affords a remedy that the legislature determined was unjustly limited by the *Cummings* decision." *Id.* at 7; 775 ILCS 60/5, 60/10. Despite Plaintiff's wrongheaded insistence, Defendants make no arguments for their immunity from liability for violations of the ADA.

6

Much like the RA, the TIA was passed in response to a perceived unjust limitation by Courts, specifically of sovereign immunity. *See Coleman v. E. Joliet Fire Prot. Dist.*, 2016 IL 117952, ¶¶ 39-42; *Tzakis v. Berger Excavating Contrs., Inc.*, 2019 IL App (1st) 170859, ¶ 88. The TIA "protects local public entities and their employees from liability arising from government operations," *Tzakis*, 2019 IL App (1st) 170859, ¶ 88 (citing *Monson*, 2018 IL 122486 at ¶ 55; 745 ILCS 10/1-101.1(a)), and "prevent[s] the dissipation of public funds on damage awards." *Id.* Both the RA and the TIA are current state law, regardless of the drive of legislature in their passage or their intention to restore previously limited remedies, and precedent applies to both. Plaintiff brings an individual claim under the state law RA, which is therefore subject to state defenses. That the underlying claim for damages relates to violations of the ADA has no bearing on Defendants' ability to assert viable state defenses.

Notably, claims based on alleged failure to keep a jail in a "safe and reasonable" condition are barred by section 4-103. *Isaacs v. St. Clair Cnty. Jail*, 08-0417-DRH, 2009 WL 211158, at *5-6 (S.D. Ill. Jan. 29, 2009) (citing 745 ILCS 10/4-103). Also, claims based on a local public entity's "failure to train correction officers … are barred … as they involve … failure to provide sufficient personnel and supervision." *Hawkins v. St. Clair Cnty.*, No. 07-142-DRH, 2009 WL 10726383, at *25 (S.D. Ill. Mar. 31, 2009).

Here, section 4-103 applies to any allegations by Plaintiff pertaining to alleged failure by Defendants under the RA to provide a safe and reasonably sufficient facility for Plaintiff, and/or to train officers on how to comply with the ADA. The showers, toilets, and other facility features found in the jail, if in fact they fail to comply with the ADA as alleged, may well constitute insufficient facilities. Pursuant to section 4-103, Defendants are immune from state law allegations of insufficient facilities, such as Plaintiff's claims under the RA.

Also, because there is no liability under 4-103 for any failure to train personnel which may have resulted in injuries or conduct as alleged, any such allegation as pled via claims under the RA should be dismissed.

V. **Section 3-103**

Plaintiff's argument for the inapplicability of section 3-103 is also without support, other than a lone reference to *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018). Plaintiff's argument fails where section 3-103 is applicable.

Plaintiff argues that section 3-103 does not shield Defendants from liability because the showers and toilets "appear[s] from its use that it has created a condition that is not reasonably safe," but has not shown to any extent that the showers and toilets are not reasonably safe in the context alleged. ECF No. 12 at 7. In support, Plaintiff asserts that he has shown this through his allegations that Defendants have knowledge of the showers and toilets at issue, and of the inaccessibility they pose. *Id.* Using strained logic, Plaintiff attempts to impose a duty of care upon Defendants regarding the issue showers and toilets that is simply untenable under 3-103(a).

Local public entities are not liable for injuries caused by adoption of a construction or improvement plan approved by legislative or other body or employee where the plans are prepared in conformity with prior set standards. 745 ILCS 10/3-103(a). An exception exists where it "appears from ... use that it has created a condition that is not reasonably safe." *Id.*

"The duty of care described in section 3-103 derives from the more basic delineation of governmental duty" in 3-102, *Curtis v. Cnty. of Cook*, 98 Ill.2d 158, 165 (1983), thus defendants owe no duty under 3-103(a) if one does not exist under 3-102(a). *Boub v. Twp. of Wayne*, 291 Ill. App. 3d 713, 723 (2nd Dist. 1997) (citing *Curtis*, 98 Ill.2d at 165).

Section 3-102(a) states:

8

> …a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

745 ILCS 10/3-102(a). Constructive notice only exists if it can be shown that there was an inspection system in place, used as intended, that did not find the condition, or otherwise if the condition could not have been reasonably found through implementation of a practical and cost-effective inspection system. 745 ILCS 10/3-102(b)(1)-(2). Actual and constructive notice are plaintiff's burden to prove. *Alave v. City of Chi.*, 2023 IL 128602, ¶ 37 (citing *Monson v. City of Danville*, 2018 IL 122486, ¶ 23).

Here, Plaintiff argues that Defendants have "knowledge" of the inaccessible showers and toilets. ECF No. 12 at 7. However, 3-102(a) specifically states that "actual … notice of the existence of such a condition that is not reasonably safe" must exist "in reasonably adequate time *prior to an injury.*" 745 ILCS 10/3-102(a). No physical injury has been alleged here, nor are Defendants aware of any injury having occurred to Plaintiff or any similarly situated detainee in relation to usage of the issue showers and toilets. Without an injury or incident, Plaintiff cannot show that the present condition of the showers and toilets are not reasonably safe, and there is no condition for Defendants to have had notice of. Plaintiff cannot affirmatively show that any allegedly known minor noncompliance with ADA standards for construction and facilities equates to actual knowledge of the creation of a *dangerous* condition.

In a similar vein, Plaintiff failed to provide evidence to support an argument that the Defendants had constructive notice of the condition. Any such argument wrongly presupposes that the accessibility of the showers and toilets were a material issue causing them to not be reasonably

9

safe, despite no injuries occurring or alleged to be at risk of occurring. Accordingly, there is no duty of care owed to Plaintiff under 3-102(a), and Defendants are shielded under 3-103(a) from liability based on any allegedly not reasonably safe condition of issue showers and toilets.

## VI.  Sections 2-109 & 2-202

Plaintiff also asserts that Defendants concede the inapplicability of section 2-109. ECF No. 12 at 6-7. That is false. Individual defendants are not liable for violations of the ADA, but Plaintiff's claims are clearly not limited to the ADA and seek further damages as permitted under the RA. Defendants are not liable for the RA claims considering the lack of individual defendant employees alleged to have caused the injury. *See generally, Albert v. Board of Educ. of Chi.*, 2014 IL App (1st) 123544, ¶¶ 32-40. As Plaintiff does not allege any claims under the RA against any individuals, section 2-109 shields Defendants from liability *under the RA* for any injuries resulting from violations of the ADA. Plaintiff's conclusion of its inapplicability is baseless and unsupported by reasoning or fact.

The same holds true for Plaintiff's argument for inapplicability of section 2-202. Plaintiff's RA claims should be dismissed because he does not even allege willful and wanton conduct, and liability for acts of negligence is protected by the TIA. *Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994) (citing 745 ILCS 10/2-202) (municipalities only liable for willful and wanton acts of employees).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed for failure to state a valid claim.

WHEREFORE, Defendants, COOK COUNTY SHERIFF THOMAS DART and COOK COUNTY, a body politic and corporate, respectfully request that this Court enter an order

dismissing Plaintiff's Complaint for failure to state a claim, dismissing Plaintiff's claims asserted under the RA, or, otherwise, requiring Plaintiff to properly replead his claims.

> Respectfully submitted,
>
> */s/ Zachary G. Stillman*
> One of the Attorneys for the Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that above **Defendants' Reply in Support of their FRCP 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint** was filed on July 10, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

> */s/ Zachary Stillman*
> Zachary Stillman