IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) 24-cv-3739 |
| -*vs*- | ) |
| | ) Judge Rowland |
| Thomas Dart, Sheriff of Cook County, | ) |
| and Cook County, Illinois, | ) Magistrate Judge Weisman |
| | ) |
| | ) |
| *Defendants.* | ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties, pursuant to the Court's order entered on May 10, 2024, Dkt. 5, file the following joint initial status report:

**I.** **The Nature of the Case:**

    A.    Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

        For the Plaintiff:    Patrick W. Morrissey
                                Thomas Morrissey (lead trial lawyer)
                                Thomas G. Morrissey, Ltd.
                                10257 S. Western Ave.
                                Chicago, Il. 60643
                                (773) 233-7901

        For the Defendants:    Jason E. DeVore    (lead trial counsel)
                                Troy S. Radunsky
                                (trial bar member)
                                Zachary G. Stillman
                                (general bar member)
                                DeVore Radunsky, LLC
                                230 W. Monroe Suite 230
                                Chicago, Illinois  60606
                                (312) 300-4479

    B.    Basis for federal jurisdiction

        Plaintiff invoked the jurisdiction of the district court under 28 U.S.C. § 1331 to assert claims arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). Plaintiff also invokes the jurisdiction of this Court to assert a claim under the Illinois Civil Rights Restoration Act.

C.    Briefly describe the nature of the claims asserted in the complaint

        Plaintiff, a person with a mobility impairment and current detainee at Cook County Jail, alleges his rights under the Americans with Disabilities Act and Rehabilitation Act have been and continue to be violated because his housing unit (Division 9) does not have any accessible toilets and showers for a disabled person. Plaintiff alleges there are no grab bars in any Division 9 housing tier, and that none of the showers have grab bars nearby nor any mounted shower seats.

D.    State the relief sought by the plaintiff

        Plaintiff requests that: (1) the Court certify this case under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, (2) that the Court find that the federal accessibility standards for toilets and showers apply to Division 9, (3) that Division 9 does not comply with the federal accessibility standards, (4) that plaintiff is awarded injunctive relief, (5), that plaintiff is awarded compensatory damages, and (6) that the Court award attorney's fees and costs to plaintiff's counsel.

E.    Major legal and factual issues anticipated in this case

        A major issue is whether Cook County Department of Corrections received federal financial assistance during the years Division 9 was under construction. Another major issue is whether Division 9 has grab bars near toilets and showers and whether there are any mounted benches in any Division 9 shower room.

        Plaintiff also seeks to certify this case under Rule 23 of the Federal Rules of Civil Procedure. Therefore, another issue is whether plaintiff satisfies the requirements of Rule 23, including numerosity and ascertainability.

F.    Any parties who have not been served

        All parties have been served.

G.     Date to amend pleading and/or add parties

December 16, 2024.

## II. Discovery and Pending Motions

A.     General type of discovery needed

<u>Plaintiff</u>

Plaintiff seeks discovery relevant to the class issues of numerosity and ascertainably. Defendants maintain a list of all individuals prescribed a cane, crutch, or walker assigned to Division during the proposed class period (May 8, 2022 to the present) and requests defendant to produce this information.

Additionally, plaintiff seeks discovery regarding defendants' receipt of federal financial assistance for the Cook County Department of Corrections during the time Division 9 was under construction. This information is relevant for the claim under the Rehabilitation Act.

Plaintiff will also seek discovery regarding Division 9's physical structure, including blueprints and seek an inspection of the toilets and showers.

Finally, plaintiff will seek discovery regarding defendants' knowledge regarding the alleged violations of the ADA and Rehabilitation Act. This discovery is necessary for the question of deliberate indifference. This discovery includes detainee grievances regarding barriers showering for mobility impaired individuals.

On July 18, 2024, plaintiff served his first request for production. The parties then held a Rule 26(f) conference later in the day on July 18th.

<u>Defendants</u>

B.     Proposed Dates

Rule 26(a)(1) disclosure: 8/16/2024

Issues first set of written discovery requests: 9/4/2024

Fact discovery completion: 2/21/2025

C.     Expert discovery

        The parties anticipate expert discovery.

    D.    Pending motions or anticipated motions

        Defendants filed a motion to dismiss. Dkt. 11. This motion is fully briefed.

    E.    Agreement regarding electronic service

        The parties agree to electronic service.

**III.**    **Trial**

    A.    The plaintiff demands trial by jury.

    B.    The parties anticipate being ready for trial by the fall of 2025.

    C.    The parties estimate trial will take five days.

**VI.**    **Consent and Settlement Discussions:**

    A.    The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties <u>unanimously</u> consent to do so.

        The parties have advised their client that they may proceed before a Magistrate Judge. The parties do not unanimously consent.

    B.    Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.

        Defendants served an offer of judgment that was not accepted by plaintiff. Plaintiff continues to be housed in Division 9 and alleges his rights continue to be violated. Plaintiff is open to a settlement discussion.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Jason E. DeVore (with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*