IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. 24-cv-3739 |
| ) | |
| Thomas Dart, Sheriff of Cook ) | Judge Rowland |
| County, and Cook County, Illinois, ) | |
| ) | Magistrate Judge Weisman |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Kavarian Rogers was shot in the head in February of 2020, which resulted in a traumatic brain injury and right spastic hemiparesis. This injury has substantially limited plaintiff's ability to move from place to place.

On April 2, 2020, plaintiff Rogers was admitted to the Cook County Jail and has spent the majority of his detention in Division 9. Since April 18, 2022, the Jail's computer records show plaintiff Rogers has been permitted to use a walker to move for "long distances" because of his mobility impairment. Plaintiff remains incarcerated at the Jail.

Division 9 "[o]pened in December of 1992." Exhibit 1, Printout from Sheriff's Website at 3. From 1989 to 1992, Cook County received federal financial assistance for programs, services, and/or activities directed towards detainees at the Jail and in *Bennett v. Dart*, 18-cv-4268, the Sheriff did not contest the federal financial assistance element for a claim under the Rehabilitation Act. Exhibit 3, Defendants' Response to Local Rule 56.1

-1-

Statement in *Bennett v. Dart*, ¶¶ 6-7. Plaintiff contends, because the Sheriff and County received federal financial assistance and the facility was constructed on or after March 7, 1988, that it must comply with the Uniform Federal Accessibility Standards (the Standards) required under the Rehabilitation Act, 29 U.S.C. § 794.

Division 9, however, suffers from the same structural deficiencies as Division 10, the subject of the *Bennett v. Dart*, 18-cv-4268, litigation. The building lacks accessible toilets with grab bars nearby and the showers lack mounted seats and grab bars. *See Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022). The Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, prepared a business case in April of 2018 noting there are no accessible toilets and showers in Division 9, a location that is used to house "[d]etainees with mobility disabilities that require auxiliary aids." Exhibit 4, Business Case at 2. At least 100 detainees with an alert for a cane, crutch, or walker have been assigned to Division 9 over the putative class period. Exhibit 5, Defendant Sheriff's Supplemental Response to Production, ¶ 6.

Plaintiff requests that the Court certify this case under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff shows below the requirements of Rule 23(a), (b)(2), and (b)(3) are satisfied.

## I. The Class is Ascertainable

Rule 23, as applied by the Seventh Circuit, requires "that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mine." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015).

Cermak Heath Service Policy A-08 states the medical staff is responsible for identifying "physically disabled" inmates and must communicate "significant health needs" of inmates to correctional staff. Exhibit 10, Cermak Policy A-08 at 1. A cane, crutch, or walker are types of alerts that may be communicated to the correctional staff. *Id.* at 4-5, 7. Ms. Rivero-Canchola testified the Jail Management System (sometimes called C-COMS) may be used to identify inmates prescribed a cane, crutch, or wheelchair. Exhibit 11, Rivero-Canchola Dep 33:6-34:11, 55:2-5, 69:1-21.

In this case, plaintiff served discovery seeking a list of putative class members. Defendants objected to producing this information and instead produced a written response conceding that from May 8, 2022, to the present, "there were 103 detainees with alerts for canes, crutches, and walkers (including both long distance and short distance alerts), assigned to Division 9." Exhibit 5, Defendant's Supplemental Response to Production, ¶ 6.

Records identifying members of the putative class "provide an extremely clear and objective criterion for ascertaining the class." *Lacy v. Cook County*, 897 F.3d 847, fn. 36 (7th Cir. 2018). In *Bennett v. Dart*, 18-cv-4268, the district court certified a class using this exact criteria for inmates at the Cook County Jail assigned to Division 10 "*prescribed a cane, crutch, or walker by a jail medical provider.*" Exhibit 2, *Bennett v. Dart*, 18-cv-4268, Dkt. 175, Minute entry (emphasis added). Plaintiffs show below that the proposed class satisfies each of the requirements of Rule 23(a) and should be maintained as a class action under Rule 23 (b)(2) and (b)(3).

## II. The Proposed Class Satisfies Rule 23(a), (b)(2) and (b)(3)

A party seeking to maintain a case as a class must show that the proposed class satisfies each of the requirements of Rule 23(a) and that the proposed class satisfies one of the subsections of Rule 23(b). *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010).

As the Seventh Circuit observed in *Beaton v. SpeedyPC Software*, 907 F.3d 1018 (7th Cir. 2018), "certification is largely independent of the merits . . . and a certified class can go down in flames on the merits." *Id.* at 1031. Plaintiff shows below that this case satisfies all elements required for certification under Rule 23 (b)(2) and (b)(3).

### a. Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." The named plaintiff is not required "to specify the exact number of persons in the class," *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), but must provide a reasonable estimate of the number of class members. *Miller v. Spring Valley Properties*, 202 F.R.D. 244, 247 (C.D.Ill. 2001). This rule is illustrated in *Phipps v. Sheriff of Cook County*, 249 F.R.D. 298 (N.D.Ill. 2008). There, the plaintiff had identified 12 class members. *Id.* at 300. The court concluded that the evidence supported the "sensible estimate" that the class would consist of more than fifty persons and thereby satisfied the numerosity requirement of Rule 23(a)(1). *Id.* The general rule is that a class of 40 satisfies the numerosity requirement of Rule 23(a)(1). *George v. Kraft Foods Global*, 270 F.R.D. 355, 365 (N.D. Ill. 2010).

In *Lacy v. Dart*, Dart and Cook County conceded approximately 60 wheelchair-users were detained at the time the parties briefed a motion for class certification. 2015 WL 1995576, at *3 (N.D. Ill. 2015). The Seventh Circuit affirmed the certification of the *Lacy* class comprising of "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair." *Lacy v. Cook County*, 897 F.3d 847, 863-67 (7th Cir. 2018).

Defendants maintain records that identify the individuals prescribed a cane, crutch, or walker assigned to Division 9. *See Lacy*, 897 F.3d at n. 36 (noting the "fact that the Department of Corrections keeps records of all wheelchair-assigned detainees also undermines the defendants' [challenge to ascertainability] . . . These records provide an extremely clear and objective criterion for ascertaining the class."). Here, defendant identified 103 putative class members. *See* Exhibit 5, Defendant's Supplemental Response to Production ¶ 6. Plaintiff, therefore, has shown by a preponderance of the evidence that the numerosity requirement is met.

### b. Commonality

To satisfy the commonality requirement of Rule 23(a)(2), the "prospective class must articulate at least one common question that will actually advance all of the class members' claims." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 550 (7th Cir. 2016); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).

Here, the plaintiff presents two common legal and factual questions: (1) whether the Uniform Federal Accessibility Standards apply to Division 9, and (2) if the Standards apply, whether defendants violated them. These are the same

two issues certified by the district court in *Bennett.* Exhibit 2, *Bennett v. Dart*, 18-cv-4268, Dkt. 175, Minute entry.

In *Bennett v. Dart*, Case No. 18 C 4268, the district court was presented with nearly similar questions pertaining to the application of the federal structural standards to toilets and showers in Division 10. The district court initially found these questions were inappropriate for class certification on belief such a decision would run afoul of the rule against one-way intervention. Exhibit 12, *Bennett v. Dart*, Case No. 18 C 4268, Dkt. 119, Minute entry. The Court of Appeals granted the plaintiff's petition for an interlocutory appeal under Rule 23(f) and vacated the district court's decision:

> The district judge's view that a class cannot be certified unless the plaintiff has already prevailed on a central legal issue is a formula for one-way intervention rather than a means to avoid it. Bennett, by contrast, proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed.

*Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020).

Here, plaintiff shows by a preponderance of the evidence that Division 9's showers and toilets are not compliant with applicable federal accessibility standards. Sheriff Dart's ADA Compliance Officer prepared the April 3, 2018 Business Case noting the only accessible housing is located in the Residential Treatment Unit (RTU) and Cermak and that mobility impaired detainees are housed in Division 9, a location without accessible showers and toilets. Exhibit 4, Business Case at 2. Additionally, plaintiff Rogers avers over the past two years he has never seen any grab bars near any Division 9 toilet or shower and that there are no mounted seats in the building. Exhibit 6, Rogers Decl. ¶ 4.

The same analysis in *Bennett* applies to the legal and factual questions here. Whether the federal structural standards control in this case will generate class wide answers and direct resolution of this case. Thus, the plaintiff has met the commonality requirement.

### c. Typicality

A class representative's claims are typical of the proposed class if they "arise[] from the same event or practice or course of conduct that gives rise to the claims of the other class members and [are] based on the same legal theory." *Lacy*, 897 F.3d at 866. The elements of "commonality and typicality typically 'tend to merge.'" *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017). It is understood that typicality does not require perfect identity of claims. *See Beaton*, 907 F.3d at 1026 (noting that claims "may feature some factual variations as long as they have the same essential characteristics" (internal quotations omitted)).

Here, plaintiff Rogers shares the same essential characteristics of the proposed class because he uses a mobility aid to ambulate and alleges he was deprived the ability to shower and toilet on the same basis as non-disabled inmates because defendants refuse to bring Division 9's toilets and showers into compliance with applicable federal structural standards. In a grievance marked control number 2023x07564, plaintiff complained of hardship showering in Division 9, including being forced to sit on the floor, and requested a shower seat similar to the one in the Jail's RTU. Exhibit 7, Rogers Grievance at 3-4. ADA Compliance Officer Rivero-Canchola responded to this grievance on behalf of the

Sheriff's Office suggesting that plaintiff is not entitled to a chair or some other accommodation to shower. *Id.* at 5.

Other putative class members experience similar barriers. Antoine Pierce suffers from severe arthritis, used a cane to ambulate at the Jail, and avers he was housed in Division 9 for several months and did not have accessible features to safely shower and toilet which caused additional pain. Exhibit 8, Pierce Decl. ¶¶ 2-4. Evander Foster avers that he is substantially limited in the ability to move from place to place because of a leg injury and was unable to toilet and shower on the same basis as non-disabled inmates due to structural barriers. Exhibit 9, Foster Decl. ¶¶ 4-5. Defendants produced seven grievances (redacting all personal identifying information) where Division 9 detainees complain of the common issue as plaintiff Rogers. Exhibit 13, Grievance 2022x08394 (detainee complaining of being unable to use the right side of his body and being at risk of falling using the Division 9 shower); Exhibit 14, Grievance 2023x04088 (detainee complaining of falls in the shower because there are no rails and hardship using the inaccessible toilets); Exhibit 15, Grievance 2023x13269 (detainee complaining of weakness and balance issues and falling in the Division 9 shower because of the lack of grab bars); Exhibit 16, Grievance 2023x16930 (detainee complaining of mobility disability requiring use of a cane and complaining of falls in Division 9 shower due to the lack of bars and a seat); Exhibit 17, Grievance 2024x00065 (detainee complaining of inaccessible showers and toilets in Division 9); Exhibit 18, Grievance 2024x02224 (complaint of hardship showering due to poor balance and leg pain

and seeking a seat); Exhibit 19, Grievance 2024x07478 (grievance about hardship toileting because of the lack of bars around the toilet).

The claims of plaintiff and the putative class depend on resolution of an identical question – whether Division 9 must comply with the Structural Standards. This is nearly the same question presented in *Bennett*. 2020 WL 1812376, at *8 (N.D. Ill. 2020). Plaintiff, therefore, satisfies the typicality requirement. *See Walker v. Dart*, 2021 WL 809765, at *5 (N.D. Ill. 2021) (Rowland, J.) (typicality satisfied where plaintiff alleges defendants refuse to bring a ramp at the Jail into compliance with federal standards).

### d. Adequacy

Plaintiff and the putative class are represented by competent counsel and they will "fairly and adequately protect the interests of the class" as required by Rule 23(a)(4). The named plaintiff is: (1) represented by competent counsel,[1] (2) has "a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v.*

---

[1] Thomas G. Morrissey has been appointed class counsel in several civil rights cases, including: *Hvorick v. Sheahan*, 92 C 7324 (Shadur, J.); *Watson v. Sheahan*, 94 C 6891 (Bucklo, J.); *Gary v. Sheahan*, 96 C 7294 (Coar, J.); *Bullock v. Sheahan*, 04 C 1051 (Bucklo, J.); *Jackson v. Sheriff*, 06 C 493 (Coar, J.); *Streeter v. Sheriff*, 08 C 732 (Castillo, J.); *Phipps v. Sheriff*, 07 C 3889 (Bucklo, J.); *Parish v. Sheriff*, 07 C 4369 (Lee, J.); *Zaborowski v. Sheriff*, 08 C 6946 (St. Eve, J.); *Smentek v. Sheriff*, 09 C 529 (Lefkow, J.); *Lacy v. Dart*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); *Whitney v. Khan*, 18 C 4475 (Kennelly, J.); *Bennett v. Dart*, 18 C 4268 (Blakey, J.); *Clay v. Dart*, 19 C 2412 (Wood, J.), *Walker v. Dart*, 20 C 261 (Rowland, J.); and *Craig v. Hughes*, 23-cv-2993 (Harjani, J.).

Patrick W. Morrissey has been appointed class counsel in the following case: *Lacy v. Dart*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); *Whitney v. Khan*, 18 C 4475 (Kennelly, J.); *Bennett v. Dart*, 18 C 4268 (Blakey, J.); *Clay v. Dart*, 19 C 2412 (Wood, J.); *Walker v. Dart*, 20 C 261 (Rowland, J.); and *Craig v. Hughes*, 23-cv-2993 (Harjani, J.).

*Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009). There can be no dispute that plaintiff Rogers is substantially limited in the ability of moving from place to place, has been assigned to Division 9 for years, and uses an auxiliary aid to ambulate. Exhibit 6, Rogers Decl. ¶¶ 3-4. Dr. Theresa McCarthy authored a record on August 4, 2020, that plaintiff ambulates with a cane and suffered a gunshot wound to his head in 2020 that resulted in "TBI and right spastic hemiparesis." Exhibit 20, McCarthy Record at 1. And records produced by the Sheriff show plaintiff had an alert for a long-distance walker beginning on April 18, 2022, with no expiration date. Exhibit 21, Alerts. Plaintiff, therefore, satisfies the adequacy requirement.

### e. Rule 23(b)(2)

Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2).

Plaintiff Rogers is presently incarcerated at the Jail and alleges the defendants act on grounds that apply generally to the class by failing to comply with the structural standards required by the Rehabilitation Act. Plaintiff seeks injunctive relief against the defendants and such relief would further the goals of judicial economy because it avoids the duplicative litigation of identical claims. *See Lacy v. Dart*, 2015 WL 1995576, at *6 (N.D. Ill. 2015). For the same reasons explained in *Walker*, "the proposed class members have a common injury – inability to safely use [toilets and showers] – that would be addressed by the same remedy – bringing the [toilets and showers] into compliance." *Walker*, 2021

WL 809765, at *6. Accordingly, the Court should find that plaintiff satisfies the requirements imposed by Rule 23(b)(2).

### f. Rule 23(b)(3): Predominance and Superiority

"Analysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action.'" *Messner v. Northshore University HealthSystems*, 669 F.3d 802, 815 (7th Cir. 2012), quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011). The predominance requirement, although similar to questions of commonality and typicality, is more demanding than either of those Rule 23(a) requirements. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

"Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret Plans & Trust Funds*, 568 U.S. 455, 459 (2013). Moreover, the "office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id.* at 460. The method best suited to resolve the common questions is a class action.

Here, the claim of plaintiff and the putative class turns upon two questions: (1) whether the Rehabilitation Act's structural standards apply, and (2) if so, whether the toilets and showers in question violate these standards. These questions, for nearly identical reasons explained in *Bennett*, "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance." *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. 2020). This

issue is relevant to every detainee in the putative class. *Bennett*, 53 F.4th 419, 420 (7th Cir. 2022).

This is a case where the Court can certify this case to resolve an "*issue*, [but] not the whole case." *Bennett*, 53 F.4th 419, 420 (emphasis in original). The purpose of a Rule 23(c)(4) issue class was recently discussed in *Newberg and Rubenstein on Class Actions*:

> Just as a class action aims to generate a judgment that has a claim preclusive effect on all class members and defendants, so too an issue class judgment aims to generate an issue preclusive effect with regard to that issue. In the typical situation, an issue class is certified to resolve liability and then class members can pursue damages on a more individualized basis if they prevail on liability. The Seventh Circuit has explained the functional meaning of this common use of issue class certification, writing:
>
> A class certified under Rule 23(c)(4) resolves [an] issue, not the whole case. Class members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion.
>
> In sum, a class's victory on liability, codified in a declaratory judgment, binds the defendant on that issue in all future (liability) proceedings; while the defendant's victory on liability, codified in a judgment in its favor, similarly precludes all class members from re-litigating the issue in the future.

2 *Newburg and Rubenstein on Class Actions* § 4:92 (6th ed.). Whether the toilets and showers in question comply with the Structural Standards is "relevant to every detainee," *see Bennett*, 53 F.4th at 420, and "specific injuries" that "may vary" among class members may be resolved by "individual damage determinations," *see* Exhibit 22, *Walker v. Dart*, 20-cv-261, Dkt. 159, Order at 3-4, where defendants will be permitted to bring any defenses as permitted by law.

The Court, therefore, can resolve this class-wide issue in favor of the plaintiff class.

In addition to satisfying the predominance prong of Rule 23(b)(3), a class action is superior to other methods for adjudicating the claims of members of the proposed class. The district court in *Bennett* concisely explained this reasoning: "[a]s the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." 2020 WL 1812376, at *3.

### IX. Conclusion

For the reasons above stated, plaintiff requests that the Court order that this case proceed as a class action and certify the following classes:

1. A Rule 23(b)(2) class for "all individuals at Cook County Jail prescribed a cane, crutch, or walker by a jail medical provider assigned to Division 9 and appointment plaintiff Rogers the class representative; and

2. A Rule 23(b)(3) class for "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgment" to resolve the issue under Rule 23(c)(4) whether the toilets and showers complied with the Structural Standards required by the Rehabilitation Act between May 8, 2022 and the date of entry of judgment and appoint plaintiff Rogers as class representative.

Respectfully submitted,

/s/ <u>Patrick W. Morrissey</u>
Patrick W. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
pwm@morrisseylawchicago.com

*Attorneys for Plaintiff*