UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.1
Eastern Division

Preston Bennett
                      Plaintiff,

v.                                              Case No.: 1:18−cv−04268
                                              Honorable John Robert Blakey

Thomas Dart, et al.
                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, January 29, 2020:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff Preston Bennett renews his motion for class certification. 107 . In this new motion, Plaintiff changes his proposed class definition by removing the previous reference to denial of an accommodation from the class definition. Compare 27 at 1, with 107 at 1. He now proposes the following class definition: "All inmates assigned to Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, prescribed a cane, crutch, or walker by a jail medical provider." Plaintiff's renewed motion, however, fails to remedy the flaws of his first motion. In his reply, Plaintiff argues on the merits that the Americans with Disabilities Act's and Rehabilitation Act's Structural Standards control; and thus, Plaintiff contends, the class overcomes its previous commonality problems. 113 at 24. But as this Court already explained, it cannot make merits determinations prior to ruling on class certification. 103 at 78. Plaintiff arguments to the contrary remain unavailing. 113 at 67; see Messner v. NorthShore University HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012) (explaining that although the district court cannot simply assume the truth of the matters asserted by the plaintiff in moving for class certification, a motion for class certification is also not a "dress rehearsal for the trial on the merits"). First, Plaintiff argues that on a motion for class certification the district court must sometimes consider the merits of the claim. While that proposition may be true in some cases as to certain factual determinations, Plaintiff fails to provide any legal authority to support his request for this Court to rule upon a potentially dispositive question of law in order to certify his proposed class. Instead, Plaintiff merely argues that the rule against one-way interventionwhich prohibits courts from resolving the merits of a case prior to ruling on class certificationis inapplicable here, because this Court has not ruled on a motion for summary judgment and thus there is no danger of running afoul of the rule. 113 at 7. But his renewed motion is still dependent upon this Court making "a favorable ruling on the merits" of Plaintiff's claim that the Structural Standards govern. Costello v. BeavEx, Inc., 810 F.3d 1045, 1057 (7th Cir. 2016). This is precisely what the rule against one-way intervention is designed to prevent. Moreover, even though Plaintiff dropped the reference to denial of an accommodation in his class definition, he has not actually abandoned this alternative legal theory. Ostensibly, if after summary judgment proceedings (with a full and fair hearing from both sides), this Court determines that the Structural Standards do not control, then the Plaintiff's case would still hinge upon

Exhibit 12 Page 1

a reasonable accommodation analysis that, once again, would involve a class not sufficiently cohesive to properly proceed as a class action. 103 . Finally, Plaintiff disputes the commonality flaws in his class by relying upon Lacy v. Cook County, Illinois, 897 F.3d 847 (7th Cir. 2018). 113 at 56. But this Court already explained why this case remains distinguishable from Lacy. 103 at 7 ("Although differences likely existed as to the nature and severity of the Lacy class member's individual disabilities, the class was sufficiently homogenous, particularly as it related to the class members' ability to ambulate, so as not create the factual issues present here."). For these reasons, this Court finds Plaintiff's renewed motion for class certification suffers from the same defects as his previous motion. As such, this Court denies with prejudice Plaintiff's renewed motion for class certification. 107 . The status hearing scheduled for 1/30/2020 stands. The parties shall come to the hearing prepared to set modified case management dates.

Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Exhibit 12 Page 2