IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| *Plaintiff,* | ) ) ) | 24-cv-3739 |
| -*vs*- | ) ) | Judge Rowland |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) | Magistrate Judge Weisman |
| *Defendants.* | ) ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on July 23, 2024 and September 19, 2024, Dkts. 21, 24, file the following joint status report:

1. **Briefing on the pending motion for class certification**

Plaintiff believes, at this stage, there is sufficient information to brief the pending motion for class certification.

Defendants request until November 22, 2024, to file a response opposing class certification, in light of the schedules of Counsels for Defendants, including among other briefing items, a coming multi-week trial being handled in part by Attorney Jason E. DeVore. Plaintiff requests two weeks, or December 6, 2024, to file a reply.

2. **Status report on discovery**

**Discovery issued by defendants**

Defendant Dart and Defendant Cook County each served plaintiff interrogatories. Defendants also served a joint production request. Plaintiff expects to respond to this discovery by October 4, 2024, the deadline.

**Discovery issues by plaintiff**

    a. <u>Plaintiff's request to inspect Division 9</u>

Plaintiff served a request to inspect detainee showers and toilets in Division 9. Plaintiff believes this inspection is relevant to the issue of liability and to his request for injunctive relief.

The parties conferred by telephone on September 26, 2024. During this conferral, defense counsel acknowledged there are no grab bars around any detainee toilet in Division 9 and that no grab bars are near any detainee shower in Division 9. Defendants believe an inspection is unnecessary because it is undisputed no grab bars are near any detainee toilet and there are no grab bars nor mounted shower seats near any Division 9 shower. Defendants disagree that a physical inspection will have any impact on issues of liability or for injunctive relief, and therefore, object to such inspection.

It is Plaintiff's position that the parties will need to seek judicial intervention regarding this discovery request.

    b. <u>Rule 30(b)(6) Deposition Notice served September 24, 2024</u>

Plaintiff served a Rule 30(b)(6) Deposition Notice on September 24, 2024, seeking testimony regarding: (1) defendants' receipt of federal funds, (2) construction of Division 9, and (3) why individuals with assistive devices (canes, crutches, or walkers) are assigned to Division 9.

The parties are working to schedule a conferral regarding this notice to discuss any objections and/or concerns by the defendants.

    c. <u>Plaintiff's Issued Discovery</u>

On September 24, 2024, plaintiff served 17 requests to admit upon Defendants. Thereafter, on September 26, and 27, Plaintiff served his 3rd and 4th Sets of Requests for Production upon Defendants.

    d. <u>Conferral regarding plaintiff's first request for production</u>

Defendants responded to plaintiff's first request for production on August 19, 2024. The parties are presently conferring about several categories of documents requested by plaintiff, including:

    i. Production of additional video of plaintiff Rogers at the Jail;

    ii. Original blueprints regarding the design of Division 9 detainee toilets and showers and evidence ADA modifications approved by the City of Chicago Department of Buildings on May 13, 2005 for Division 9; and

    iii. Documents regarding defendants' receipt of federal financial assistance during the time Division 9 was under construction.

The parties hope to receive additional information from defendants in the next week regarding these issues.

**3. Referral to the Magistrate Judge for discovery supervision**

Plaintiff's counsel believes a referral to the Magistrate Judge to supervise discovery may be beneficial for the parties. Defendants do not object.

**4. Whether a settlement conference would be productive**

<u>Plaintiff's Position</u>

Plaintiff Rogers contends the Jail's decision to house mobility impaired detainees prescribed a cane, crutch, or walker in Division 9 violates the Rehabilitation Act because there are no grab bars near the toilets and showers and the showers lack mounted seats.

This is nearly the same issue addressed in *Bennett v. Dart*, 953 F.3d 467, 468 (7th Cir. 2020) ("When Preston Bennett was locked up at the Cook County Jail, he was assigned to Division 10, which houses detainees who need canes, crutches, or walkers. He alleges in this suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, and the Rehabilitation Act, 29 U.S.C. § 794, that Division 10 lacks the grab bars and other fixtures needed for such persons to use showers and bathrooms safely.").

Plaintiff seeks to represent a class under Rule 23(b)(2) and Rule 23(b)(3) and plaintiff's counsel believes a settlement conference may be productive to resolve some, if not all, issues presented in this case.

Defendants' Position

Defendants do not believe a settlement conference would be productive at this time.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Zachary Stillman with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*