IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) 24-cv-3739 |
| -*vs*- | ) |
| | ) Judge Weisman |
| Thomas Dart, Sheriff of Cook | ) |
| County, and Cook County, Illinois, | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Kavarian Rogers, by counsel, moves the Court to compel defendants Sheriff and Cook County to: (1) permit an in-person inspection of Division 9, and (2) produce a list of putative class members.

Grounds for this motion are as follows:

1. Plaintiff Kavarian Rogers, a person with a substantial mobility limitation, brings this case against the Sheriff of Cook County and Cook County alleging the policy and practice to house inmates with a prescription for a cane, crutch, or walker in Division 9 violates the Americans with Disabilities Act (ADA) and Rehabilitation Act. Specifically, plaintiff alleges none of the showers and toilets in Division 9 comply with the federal accessibility standards because they lack grab bars and there are no mounted shower seats.

2. Plaintiff brings this case individually and on behalf of a class pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

3. The claims alleged by plaintiff Rogers mirror the claims of the plaintiff class in *Bennett v. Dart*, 953 F.3d 467, 468 (7th Cir. 2020). In *Bennett*, the plaintiff class alleged Division 10 at the Jail lacked "grab bars and other fixtures needed for such persons to use the showers and bathrooms safely." *Id.*

## I. Dispute regarding plaintiff's inspection request

4. On September 23, 2024, plaintiff served a request to enter Division 9 to inspect toilets and showers. Exhibit 1. The inspection is important for plaintiff's counsel to obtain photographs and measurements of the allegedly non-compliant toilets and showers. In addition, inspecting the facility will provide plaintiff with information necessary to tailor an anticipated motion to injunctive relief for the putative class.

5. The parties held a telephone conferral regarding this discovery on September 24, 2024, where defense counsel stated no inspection will be permitted because defendants admit there are no grab bars around any toilet and the showers lack grab bars and mounted seats. This position was memorialized in a joint status filed on September 30, 2024. Dkt, 25, Joint Status at 2.

6. Plaintiff respectfully requests that the Court overrule defendants' objection to the inspection. An inspection, along with photographs, will assist the parties understand the barriers for putative class members to toilet and shower. An inspection will provide a foundation for plaintiff's counsel to understand the feasibility of tailoring perspective relief, including modifications to existing showers and toilets to make them compliant with the structural accessibility standards.

7. Moreover, in prior litigation the defendants have permitted inspections of allegedly inaccessible conditions, even when there is no dispute toilets and showers lack grab bars and mounted shower seats. In *Bennett v. Dart*, 18-cv-4268, the Jail permitted plaintiff to inspect every housing unit in Division 10 and the showers and toilets designated for staff. The inspection of the staff bathrooms was informative because it was the only location with mounted shower seats and grab bars. Additionally, defense counsel permitted an inspection of various allegedly inaccessible ramps at Cook County Jail in *Westmoreland v. Dart*, 23-cv-1851.

8. An inspection is also necessary because defendant Sheriff, in response to a request for production, will not turn over photographs and measurements of cells and showers where plaintiff Rogers was assigned on grounds "Defendant Sheriff is not in possession of any photographs or dimensions of the requested areas" and is unable to produce pictures of bathroom where grab bars are installed. *See* Exhibit 2, Sheriff Response to Production ¶¶ 1-4. Thus, an inspection is necessary for plaintiff's counsel to move forward in discovery.

**II. Dispute regarding production of identity of putative class members**

9. Defendants are in possession of data capable of identifying inmates prescribed a cane, crutch, or walker assigned to a certain division over a period of time. In *Bennett*, for example, the defendants produced this information in a computer readable database.

10. It is important for plaintiff's counsel to be in possession of the names and last known addresses of putative class members for purposes of

addressing any objection ascertainability and numerosity that defendants will assert in response to the pending motion for class certification.

11. Additionally, it is important for plaintiff's counsel to understand the number of inmates currently prescribed a cane, crutch, or walker assigned to Division 9 and the specific tiers within the division to frame an anticipated motion for injunctive relief.

12. Defendants served written objections to plaintiff's request for the last known addresses of putative class members and, rather than produce documents, stated that from May 8, 2022 to the present, "103 detainees with alerts for canes, crutches, and walkers (including both long distance and short distance alerts), [have been] assigned to Division 9. Exhibit 3, Sheriff's Supplemental Response to Production ¶ 6. This supplemental response, however, is inadequate to address defendants' anticipated objections to ascertainability and numerosity along with relevant information for plaintiff's anticipated motion for injunctive relief.

13. The parties held a telephone phone conferral on October 21, 2024, regarding this dispute. During this conversation, defense counsel stated they will not produce identifying information regarding the putative class. Exhibit 4, P.Morrissey e-mail sent 10/21/2024.

**III.	Conclusion**

It is therefore respectfully requested that the Court grant plaintiff's motion to compel defendants to permit an in-person inspection of Division 9 along with identifying information regarding the putative class

                                                        Respectfully submitted,

/s/  <u>Patrick W. Morrissey</u>
     Thomas G. Morrissey, Ltd.
     10257 S. Western Ave.
     Chicago, IL 60643
     pwm@morrisseylawchicago.com
     *an attorney for plaintiff*

## RULE 37.2 CERTIFICATION

In accordance with Local Rule 37.2, the undersigned attorney for plaintiff certifies the following statements are true and accurate:

1. The parties conferred by telephone on September 26, 2024, regarding the inspection request. Defense counsel will not agree to an inspection on grounds it is undisputed the showers and toilets lack accessibility features. This conferral was memorialized in joint status filed on September 30, 2024. Dkt. 25, Joint Status at 2.

2. Additionally, the parties conferred by telephone on October 21, 2024, regarding plaintiff's request for defendants to turn over identifying information of the putative class. During this conversation, defense counsel stated they will not produce identifying information regarding the putative class. This conferral was memorialized in an e-mail sent by the undersigned counsel on October 21, 2024. Exhibit 4.

3. Despite consultation by telephone and in good faith, the parties are unable to reach an agreement.

/s/     Patrick Morrissey