IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, | ) |
| | ) |
| *Plaintiff,* | ) |
| | )  24-cv-3739 |
| -vs- | ) |
| | )  Judge Weisman |
| Thomas Dart, Sheriff of Cook County, | ) |
| and Cook County, Illinois, | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on October 8, 2024, Dkt. 28, file the following joint status report:

1. **Whether initial disclosures and written discovery requests were issued**

    The parties exchanged initial disclosures along with written discovery requests

2. **List of anticipated depositions**

<u>Plaintiff's list of anticipated depositions</u>

   a) **Plaintiff's Rule 30(b)(6) Deposition Notice served 9/24/2024**

   Plaintiff served a five topic Rule 30(b)(6) Deposition Notice on September 24, 2024. Topics 1-3 seeks testimony from the Sheriff and County regarding receipt of federal financial assistance between 1988 and 1992. Federal financial assistance, during this period, is relevant for triggering the structural requirements of the Rehabilitation Act. On October 31, 2024, defendants objected entirely to producing designees on the basis that nobody is qualified to testify on this issue. The parties held a telephone conferral on November 1, 2024, and the parties were unable to reach an agreement regarding this requested discovery.

Topic 4 seeks testimony regarding contract documents for Division 9 along with any change orders for the construction of the building. This information is relevant because it is critical for the parties to know when Division 9 was constructed and/or altered since the Rehabilitation Act's structural requirements apply only to "construction[] or alteration of buildings" as of March 7, 1988. 28 C.F.R. § 42.522(b); *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020). Defendants, as of today's date, object to this request, state "Cook County does not have anybody qualified to discuss" this topic, but represents an ongoing investigation for responsive documents.

Finally, topic 5 seeks testimony from the Sheriff and County to understand why inmates with an alert for a cane, crutch, or walker are assigned to Division 9 along with the accommodations, if any, provided for these individuals to toilet and shower. Although the Sheriff agreed to produce a witness to discuss this topic, Cook County has not agreed to similarly designate a witness. It is beyond dispute that Cermak, an arm of Cook County, works in conjunction with the Sheriff to house mobility impaired detainees at the Jail. *See* Exhibit 1, Portion of Agreed Order at 31 (Section 52(e) and (f)). The parties conferred on this matter on November 1, 2024, by telephone and have not reached an agreement regarding this matter.

### b) Fact witnesses

On September 30, 2024, plaintiff served a notice for three fact witnesses:

- Richard Szul, Sergeant identified in plaintiff's grievances regarding inaccessible conditions in Division 9.

- The Lieutenant assigned star 762. Defense counsel represented this is Lt. Kevin Meller. He also responded to plaintiff's grievances regarding inaccessible conditions.

- Physician Assistant Olamide Taiwo. He is a physician assistant who encountered plaintiff in Division 9 and documented at least once conversation regarding plaintiff's complaint of allegedly inaccessible conditions.

**Defendants' list of anticipated depositions**

- Plaintiff
- Evander Foster 2024-0213087
- Darnell Johnson 2020-0804081
- Antoine Pierce 2020-0715063
- Cuahtemoc Hernandez

3. **Other issues the parties wish to raise**

**Issues raised by Plaintiff**

a. On October 30, 2024, plaintiff filed a motion to compel. Dkt. 29. This motion seeks to compel an in-person inspection of Division 9 along with the list of putative class members.

b. As explained above, there is a dispute whether the Cook County Department of Corrections received federal financial assistance between March 7, 1988 and August 1, 1992. In response to a request to admit that "Between March 7, 1988 and August 1, 1992, federal financial assistance was received for programs, services, and/or activities at the Cook County Department of Corrections" the defendants served the following responses:

**"Defendant Sheriff Dart states that after a reasonable inquiry, the information known to or readily obtainable by him is insufficient to enable him to admit or deny whether federal financial assistance was received by the Cook County Sheriff's Office for programs, services, and/or activities at the Cook County Department of Corrections between March 7, 1988 and August 1, 1992."**

**"Defendant Cook County objects to this Request as vague and open to multiple interpretations because the use of the passive voice in drafting this request makes it unclear as to who Plaintiff is contending received federal assistance. Defendant Cook County, which is separate and district from the Cook County Sheriff, admits only that Cermak Health Services received federal financial assistance for programs, services,**

**and/or activities at the Cook County Department of Corrections between 1989 and 1992. After a reasonable inquiry, the information known or readily obtainable is insufficient to enable it to admit or deny the allegations contained in the remainder of Request to Admit No. 4 with regard to the receipt of funds during the year of 1988, and any receipt of such federal financial assistance by the Cook County Sheriff's Office for programs, services, and/or activities at the Cook County Department of Corrections."**

Plaintiff's counsel has shared some documents showing federal financial assistance was received. For example, the Cook County 1991 Budget reflects, under 1990 Achievements, receipt of "Federal Grant for enhanced inmate identification process" for the Department of Corrections. *See* Exhibit 2. During a telephone conferral on November 5, 2024, plaintiff's counsel suggested that it may be necessary to move, pursuant to Rule 36(a)(6), to determine the sufficiency of the answers and objections. Additionally, for the reasons stated above, a designee responsive to plaintiff's Rule 30(b)(6) Notice is necessary.

c. Plaintiff's counsel obtained information from the City of Chicago's Department of Buildings website that shows a building permit was issued for interior and exterior ADA renovations to Division 9 on May 13, 2005. Plaintiff served a request for production regarding these ADA renovations. The Sheriff objected and stated plaintiff should request information from Cook County. Cook County also objected and stated no responsive documents are in their possession, but represented an "ongoing" investigation. Plaintiff requests defendants Sheriff and Cook County to prioritize the investigation for responsive documents

**Issues raised by defense counsel**

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

-4-

/s/ Zachary Stillman (with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*