IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | 24-cv-3739 |
| -*vs*- ) | |
| ) | Judge Weisman |
| Thomas Dart, Sheriff of Cook County, ) | |
| and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on November 15, 2024, Dkt.35, file the following joint status report:

1. **Photographs/dimensions of showers in Division 9**

Defendants have not formulated a position whether photographs/dimensions of showers (and certain cells where plaintiff was housed) will be produce, or if an inspection will be alternatively permitted. Defendants expect to have a decision ready by November 18, 2024.

Plaintiff believes an inspection continues to be the most effective way to resolve this issue.

2. **List of Division 9 detainees with alerts for canes, crutches, and walkers**

Defense counsel is in possession of a computer readable list of detainees assigned to Division 9 with an alert for a cane, crutch, or walker from May 8, 2022 through to August 26, 2024, the date on which it was pulled pursuant to Plaintiff's request. *See* Dkt. 29-4, Sheriff's Response to Plaintiff's July 18, 2024, First Requests for Production. Defendants will produce this list by November 22, 2024.

Plaintiff requests that the list is updated to include putative class members up to November 15, 2024. Defendants have not agreed to produce an updated list.

3. **Plaintiff's Rule 30(b)(6) Deposition notice served 9/24/2024**

   a. Topics 1-3 regarding receipt of federal financial assistance.

      Topic 1: Defendants Sheriff and Cook County will each designate a designee to testify regarding receipt of federal financial assistance from March 7, 1988 to August 1, 1992, for programs, services, and/or activities at the Department of Corrections. Neither defendant has identified a designee yet. Plaintiff requests that the Court order this deposition to be completed within three weeks.

      Topic 2: Defendant Cook County will designate a witness to discuss receipt of federal financial assistance for the Cook County Department of Capital Planning from March 7, 1988 to August 1, 1992. Defendant expects Eric Davis will likely be the designee. No date has been offered for this deposition.

      Topic 3: Defendant Cook County will designate a witness to discuss receipt of federal financial assistance for the Department of Facilities Management between March 7, 1988 and August 1, 1992. No witness has been identified by defendant.

   b. Topic 4 – the dates relating to construction of Division 9

      As discussed in the prior status report, plaintiff believes it is relevant when Division 9 was constructed and/or altered. *See* Dkt. 31, Status Report at 2. The Rehabilitation Act's structural requirements apply only to "construction[] or alteration of buildings" as of March 7, 1988. 28 C.F.R. § 42.522(b); *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020).

      On November 4, 2024, defendant produced an original architectural drawing for Division 9 which appears to support plaintiff's allegation the Rehabilitation Act structural standards apply because the building was constructed after March 7, 1988. This drawing identifies 8/4/1989 for "General Construction Permit" and at least one change order is dated 10/27/1989. *See* DR 010340.

    The parties had a telephone conferral on November 14, 2024, and it appears the parties still dispute whether Division 9 was constructed or altered after March 7, 1988, to trigger the structural requirements of the Rehabilitation Act. Defendant, therefore, is working to locate a witness for this topic.

  c. Topic 5 – why inmates with canes, crutches, and walkers are assigned to Division 9, along with accommodations for individuals to shower and toilet

    Defendant Sheriff will produce a designee for this topic and is working to identify them at this time. Plaintiff requests that the Court order this deposition to be completed within three weeks.

    The County is also investigating whether it will designate a witness for this topic too. On November 6, 2024, following last status, plaintiff turned over documents to defendants showing that the Sheriff and Cermak medical staff collaborate regularly to identify detainees to move from the more accessible buildings (Cermak and RTU) to other housing divisions. An example of a list turned over by plaintiff's counsel is attached as Exhibit 2 and shows the correctional staff requested the medical staff to identify detainees eligible to be housed in Division 2 and whether it was appropriate for 2nd floor housing. On almost every occasion prior to being transferred to Division 9, plaintiff Rogers was housed in either Cermak or RTU.

**4. Documents regarding ADA renovations to Division 9**

The City of Chicago Department of Buildings website states a permit was issued on May 13, 2005 for interior and exterior ADA renovations to Division 9 "per plans." Exhibit 1 at 2. Plaintiff requests defendants to produce documents regarding these renovations to Division 9.

Defendants have investigated for responsive documents and, as of today's date, have not located any documents.

                      Respectfully submitted,

                      /s/ Patrick Morrissey
                      ARDC No. 6309730
                      Thomas G. Morrissey, Ltd.
                      10257 S. Western Ave.
                      Chicago, IL 60643

(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Zachary Stillman (with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*