FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, ) | | |
| ) | | |
| Plaintiff, ) | Case No. 24-cv-3739 | |
| ) | | |
| v. ) | Honorable Mary M. Rowland | |
| ) | | |
| Thomas Dart, Sheriff of Cook County, ) | Magistrate Judge M. David Weisman | |
| and Cook County, Illinois ) | | |
| ) | | |
| Defendants. ) | | |

**DEFENDANT SHERIFF THOMAS J. DART'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT**

NOW COMES Defendant, SHERIFF THOMAS J. DART (hereinafter "Defendant"), by and through his attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for his responses to Plaintiff's First Set of Requests to Admit, dated September 24, 2024, pursuant to Rule 36 of the Federal Rules of Civil Procedure, states as follows:

**REQUESTS**

1. The "CCDOC Staffing Analysis" titled "August 2014" states "Division IX was built in 1992." Exhibit 2, August 2014 Staffing Analysis at 35.

**RESPONSE:** **Objection. Defendant Sheriff is not required to admit or deny this request, as it is not a proper Request to Admit under Rule 36. Defendant Sheriff further objects to the extent that Plaintiff seeks to use Rule 36 to authenticate a document not produced by Defendant Sheriff. Subject to and without waiving these objections, Defendant Sheriff admits only that Division IX opened in December 1992.**

2. Division 9 is comprised of two interconnected three-story buildings – the north and south towers.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 2.**

3. There are a total of 24 tiers in Division 9.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 3.**

Exhibit 1 Page 1

4. Between March 7, 1988 and August 1, 1992, federal financial assistance was received for programs, services, and/or activities at the Cook County Department of Corrections.

**RESPONSE: Defendant Sheriff Dart states that after a reasonable inquiry, the information known to or readily obtainable by him is insufficient to enable him to admit or deny whether federal financial assistance was received by the Cook County Sheriff's Office for programs, services, and/or activities at the Cook County Department of Corrections between March 7, 1988 and August 1, 1992.**

5. Defendant Sheriff will not contest the federal financial assistant element required for a claim under the Rehabilitation Act in this case.

**RESPONSE: Objection. Defendant Sheriff is not required to admit or deny this request, as it is not a proper Request to Admit under Rule 36.**

6. Defendant Cook County will not contest the federal financial assistant element required for a claim under the Rehabilitation Act in this case.

**RESPONSE: Objection. Defendant Sheriff is not required to admit or deny this request, as it is not a proper Request to Admit under Rule 36.**

7. From 1988 to 1992, Cermak Health Services received federal financial assistance for programs, services, and/or activities for detainees at the Cook County Department of Corrections.

**RESPONSE: Objection. This Request to Admit seeks information not in the control of Defendant Sheriff Dart, that would be better sought from Defendant Cook County.**

8. Division 9 at the Cook County Department of Corrections opened in 1992.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 8.**

9. From May 8, 2022 until at least September 24, 2024, there were no fixed grab bars in proximity to the toilets in any of the cells or dayrooms in Division 9.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 9.**

10. From May 8, 2022 until at least September 24, 2024, there were no fixed mounted seats for any of the detainees showers in Division 9.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 10.**

11. From May 8, 2022 until at least September 24, 2024, there were no fixed grab bars in proximity to any of the detainee showers in Division 9.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 11.**

12. On September 13, 2024, defendant Dart served a supplemental response to production (in response to the names and last known addresses of detainees that have been assigned to Division 9 with an alert for a cane, crutch, or walker from May 8, 2022 to the present) and stated, in part, "Defendant Cook County Sheriff Thomas Dart is instead producing the total numbers of such detainees, rather than the requested list of names of individuals. In the requested time period, there were 103 detainees with alerts for canes, crutches, and walkers (including both long distance and short distance alerts), assigned to Division 9." Dkt. 23-5, Sheriff Supplemental Response to Production ¶ 6.

**RESPONSE: Defendant Sheriff Dart admits that on September 13, 2024, Defendant Sheriff, in his official capacity, served a supplemental response to production, which stated, in part: "Defendant Cook County Sheriff Thomas Dart is instead producing the total numbers of such detainees, rather than the requested list of names of individuals. In the requested time period, there were 103 detainees with alerts for canes, crutches, and walkers (including both long distance and short distance alerts), assigned to Division 9."**

13. You are requested to admit the authenticity of the FY Business Case with the Project Title "ADA Assessment and Improvements: Divisions 2, 4, 6, 9, and 10" dated April 3, 2018, attached as Exhibit 1, as an original or copy.

**RESPONSE: OBJECTION – This Request to Admit seeks information not in the control of Defendant Sheriff Dart, that would be better sought from Defendant Cook County. Defendant Sheriff Dart is not the author of the specified document. Defendant Sheriff Dart is not in possession of any original form of this document and cannot authenticate it. Without waiving and in light of this objection, Defendant Sheriff Dart states that after a reasonable inquiry, the information known to or readily obtainable by it is insufficient to enable it to admit or deny the allegations contained in Request No. 13, and therefore defers to Defendant Cook County's Response to Request to Admit No. 13.**

14. Plaintiff Rogers was assigned to Division 9, Tier 2C, Cell 2185 from November 18, 2021 to November 19, 2021.

**RESPONSE: Defendant Sheriff Dart denies the allegations in Request to Admit No. 14.**

15. From October 13, 2021 to February 15, 2022, plaintiff Rogers had a medical alert for "cane long distance only."

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 15.**

16. Plaintiff Rogers was assigned to Division 9 from April 21, 2022 until April 10, 2024.

**RESPONSE: Defendant Sheriff Dart admits the allegations in Request to Admit No. 16.**

17. From April 18, 2022 until at least April 10, 2024, plaintiff Rogers had a medical alert for "walker long distance only."

**RESPONSE: Defendant Sheriff Dart admits Plaintiff Rogers had a medical alert for "walker long distance only" from April 18, 2022, through April 10, 2024.**

                **Respectfully submitted,**

                */s/ Jason E. DeVore*
                Jason E. DeVore
                One of the Attorneys for Defendants

Jason E. DeVore (jdevore@devoreradunsky.com)
Troy S. Radunsky (tradunsky@devoreradunsky.com)
Zachary G. Stillman (zstillman@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Sheriff Thomas J. Dart's Responses to Plaintiff's First Set of Requests to Admit** were sent via email correspondence to all below listed parties on October 24, 2024.

                */s/ Zachary G. Stillman*
                Zachary G. Stillman
                One of the Attorneys for Defendants

Service List:
Thomas G. Morrissey

Patrick Morrissey
10257 S. Western Ave
Chicago, IL 60643
773 233 7901
Pwm@morrisseylawchicago.com
tgm@morrisseylawchicago.com