IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO ENFORCE**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Response in Opposition to Plaintiff's Motion to Enforce (ECF No. 38), state as follows:

**INTRODUCTION**

In this Americans with Disabilities Act ("ADA"), lawsuit, Plaintiff alleges he "requires accommodations to perform everyday life activities, including ambulating, showering, and toileting" (ECF No. 1, Compl. at ¶ 11) while housed in Division 9 of the Cook County Department of Corrections ("CCDOC"). Plaintiff alleges Division 9 does not have grab bars or mounted shower seats (*Id*. at ¶¶ 18-10) and seeks class relief "for all inmates housed in Division 9 at the CCDOC prescribed a cane, crutch, or walker by the medical staff," (*Id*. at ¶ 26) inferring that such IICs, like Plaintiff, need assistance ambulating, showering, and toileting on the tier.

To that end, Plaintiff requested a list, identifying by name, individuals in custody ("IIC") who were prescribed a cane, crutch, or walker in Division 9 at all times, *i.e.* a "general alert." This

list was ordered to be produced by the Court (ECF No. 37) and has been provided. This list reflects the names of IICs housed in Division 9, for the relevant time period, who had general alerts for canes, crutches, or walkers, as such general alerts would be consistent with a complaint that the IICs in question also needed mounted shower seats or grab bars – as Plaintiff plainly alleges that ambulating, showing, and toileting are everyday life activities.

Although the Defendant Sheriff has complied with the Court's order, Plaintiff wants more. Plaintiff also demands a list of all IICs who had different but related ADA alerts – "long-distance only" alerts. Defendants do not dispute that such an alert exists. Plaintiff's own CCDOC records show that Plaintiff has had both general and "long-distance only" alerts while in custody. See Plaintiff Rogers' Alerts, Bates 000061, attached as Defendants' Exhibit 1. Rather, Defendants contend that it is irrelevant because "long-distance only" alerts are assigned when IICs only need a mobility aid when traveling off of the tier. This is quite simply not the alert at issue in this litigation, in which Plaintiff's allegations, complaints, and injuries, for himself and for the putative class, concern access to toilets and showers *inside their living units* in Division 9. (Compl. at ¶¶ 22-27.) The identities of IICs with long-distance only alerts are not reasonably related to the claims in Plaintiff's lawsuit, and this sort of list discloses personal identifying information and protected health information for non-parties. Plaintiff's motion should be denied.

## ARGUMENT

**I.** **Defendant Sheriff Complied with This Court's Order of November 18, 2024.**

On November 22, Defendant Sheriff produced a list of detainees assigned to Division 9 with general alerts for canes, crutches, and walkers. The list included Division 9 assignments from May 8, 2022, through August 26, 2024. "Long-distance only" alerts were not included because

such alerts were not the subject of the Complaint and plainly not relevant to the types of harm alleged -- ambulating, showering, and toileting within the Division 9 living units.

Plaintiff's demand for this information is illogical and unreasonable. Plaintiff is certainly aware that there are two kinds of alerts. Plaintiff Rogers has had both general and long-distance only alerts at different times during his time in custody. *See* Ex. 1. Moreover, Plaintiff's counsel's law firm has considerable experience litigating ADA claims against both Defendants in cases involving both general alerts and long-distance alerts. *See., e.g.*, *Polletta v. Dart*, No. 16 CV 9492 (general and long-distance alerts, re RTU housing and access to courthouses); *Lacy v. Dart, et al.,* 16-cv-03151 (general alerts in RTU); *Bennett v. Dart*, 18-cv-4268 (general mobility alerts in Division 10); *Spence v. Dart, et al,* 18-CV-4258 (general alerts, Division 4).

Plaintiff has avoided any meaningful conversation in response to Defendants' assertions that long-distance alerts cannot possibly be reasonably related to the claims and injuries alleged. Defendants have repeatedly explained that the allegations of the complaint clearly anticipate IICs with general alerts, as they would be the only individuals who might have a valid request for shower seats and grab bars inside of the living units of Division 9 or might need assistance with "everyday life activities" as Plaintiff has alleged. Plaintiff has not endeavored to explain how or why long-distance alerts are reasonably related to the claims or defenses of either party or proportionate to the needs of the case. Rather, Plaintiff essentially repeats that they asked for this information and therefore are entitled to it, without providing any authority to support this reach. Plaintiff's motion does not purport to cite to either caselaw or factual evidence that would put IICs with long-distance alerts within the scope of the proposed class and its injuries. Plaintiff has presented no argument that could support a finding that IICs with long-distance only alerts need assistance with "ambulating, showering, and toileting" and "everyday life activities."

3

Without more, this Court should find that Defendant Sheriff has complied with this Court's November 18, 2024, order.

## II.   **Pre-Class Certification, Such A List is Premature.**

Plaintiff's request for an expansive list of detainees exceeds what is necessary to permit the Court to make an informed decision on class certification. As reflected by numerous Northern District Court opinions, pre-certification discovery should not exceed what is necessary to permit the court to make an informed decision on class certification. *Miner v. Gov't Payment Serv., Inc.*, 14-cv-7474, 2017 WL 3909508, *4 (N.D. Ill. Sept. 5, 2017); *see also Bilek v. Fed. Ins. Co.*, 21-CV-1651, 2022 WL 18912277, *3 (N.D. Ill. Dec. 12, 2022). At the same time, responding to class discovery "before the plaintiff [has] demonstrated the requirements for class certification frequently presents an undue burden on the responding party." *Bilek*, 2022 WL 18912277 at *3 (internal citations omitted).

Here, Defendant Sheriff has provided the raw numbers – the numbers of IICs with the relevant alerts. Defendant Sheriff is willing to provide other numbers, but objects to producing names and identifying information (which necessarily included non-essential private health information about health issues) for persons who could not be members of the asserted injured class. Moreover, on September 18, Plaintiff filed his Motion for Class Certification, in which Plaintiff identified, and attached affidavits from, other putative class members, without any discovery from either Defendant in this case. (ECF. 22-23.) There is no question that sufficient information was produced to allow Plaintiff to seek class certification. Producing more IIC names would do little more than to provide a new potential client list for plaintiff's counsel.

## **CONCLUSION**

4

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Denying Plaintiff's Motion to Compel; and
2. Any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion to Enforce** was filed on December 6, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman