**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Magistrate Judge M. David Weisman |
| and Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COME the Defendants, COOK COUNTY SHERIFF THOMAS DART and COOK COUNTY, a body politic and corporate, by and through their attorneys, Special Assistant State's Attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and pursuant to Federal Rule of Civil Procedure 23, submit the following Response in Opposition to Plaintiff's Motion for Class Certification (ECF Nos. 22-23):

**TABLE OF CONTENTS**

Table of contents ........................................................................................................... i

Table of authorities ........................................................................................................ ii

Introduction .................................................................................................................... 1

Argument ........................................................................................................................ 3

I.      Plaintiff's asserted class definition fails to satisfy the Rule 23(a) requirements. ............... 4

      A.      Plaintiff fails to present a question that is common to the proposed class. ............. 4

      B.      Plaintiff fails to show his claims are typical of the claims or defenses of the class. ...................................................................................................................... 8

      C.      Plaintiff fails to satisfy the numerosity requirement. ............................................. 11

II.     Plaintiff's asserted class definition fails to satisfy the Rule 23(b) Requirements. ........... 13

      A.      Plaintiff fails to show satisfaction of the requirement that the contemplated equitable relief be appropriate for the whole class. .................................................. 13

B.      Plaintiff fails to show satisfaction of the finality requirement. ............................... 15

III.    Plaintiff's asserted class definition fails to satisfy the Rule 23(b)(3) requirements. ........ 17

A.      Plaintiff fails to show that class questions predominate over individual questions of members of the class. ...................................................................................... 17

b.      Plaintiff fails to show that a class action is the superior method of adjudication of this case. ...................................................................................................................... 21

IV.     Plaintiff fails to define an ascertainable class pursuant to Rule 23 .................................. 23

V.      Plaintiff is not an adequate class representative. ............................................................... 25

Conclusion ............................................................................................................................................. 25

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997) ....................................................................................................... 20, 21

*Andrews v. Chevy Chase Bank,*
    545 F.3d 570 (7th Cir. 2008) .................................................................................... *passim*

*Beaton v. SpeedyPC Software,*
    907 F.3d 1018 (7th Cir. 2018) ............................................................................................ 28

*Bennett v. Dart,*
    53 F.4th 419 (7th Cir. 2022) ............................................................................................... 21

*Bennett v. Dart,*
    2020 WL 1812376 (N.D. Ill. Apr. 9, 2020) .................................................................. 21, 24

*CE Design, Ltd. v. King Architectural Metals, Inc.,*
    637 F.3d 721 (7th Cir. 2011) ................................................................................................ 6

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013) ....................................................................................................... 6, 11

*Cwiak v. Flint Ink. Corp.,*
    186 F.R.D. 494 (N.D. Ill. Apr. 26, 1999) .......................................................................... 14

*Dancel v. Groupon, Inc.,*
    949 F.3d 999 (7th Cir. 2019) .............................................................................................. 23

*Dhamer v. Bristol–Myers Squibb Co.,*
    183 F.R.D. 520 (N.D. Ill. 1998) ......................................................................................... 14

*Fauley v. Heska Corp.,*
    326 F.R.D. 496, 505 (N.D. Ill. Aug. 24, 2018) ................................................................... 6

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................ 7

*Gilmore v. Southwestern Bell Mobile Sys., LLC*,
   210 F.R.D. 212 (N.D. Ill. 2001) .............................................................................. 9

*In re Nassau Cnty.*,
   461 F.3d 219 (2d Cir. 2006) .................................................................................. 22

*Jacks v. DirectSAT USA, LLC*,
   118 F.4th 888 (7th Cir. 2024) .......................................................... 17, 19, 20, 22, 23

*Jamie S. v. Milwaukee Pub. Sch.*,
   668 F.3d 481 (7th Cir. 2012) ........................................................................ 18, 19, 26

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
   634 F.3d 883 (7th Cir. 2011) .............................................................................. 16, 18

*Kohen v. Pac. Inv. Mgmt. Co.*,
   571 F.3d 672 (7th Cir. 2009) ................................................................................ 15

*Lacy v. Cook Cnty.*,
   897 F.3d 847 (7th Cir. 2018) ........................................................................... 4, 6, 11

*Lacy v. Dart*,
   No. 14 C 6259, 2015 WL 1995576 (N.D. Ill. 2015) .............................................. 14

*McBean v. City of N.Y.*,
   228 F.R.D. 487 (S.D. N.Y. 2005) ......................................................................... 26

*McCaster v. Darden Restaurants, Inc.*,
   845 F.3d 794 (7th Cir. 2017) ................................................................................ 11

*Messner v. Northshore Univ. HealthSystem*,
   669 F.3d 802 (7th Cir. 2012) ........................................................................ *passim*

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015) .......................................................................... 15, 26

*Murray v. E*Trade Fin. Corp.*,
   240 F.R.D. 392 (N.D. Ill. Nov. 20, 2006) ............................................................ 12

*N.B. v. Hamos*,
   26 F. Supp. 3d 756, 771 (N.D. Ill. Feb. 13, 2014) ................................................. 6

*Oshana v. Coca-Cola Co.*,
   472 F.3d 503 (7th Cir. 2006) ................................................................................. 6

*Parko v. Shell Oil Co.*,
   739 F.3d 1083 (7th Cir. 2014) .............................................................................. 21

*Phillips v. Sheriff of Cook Cnty.*,
   828 F.3d 541 (7th Cir. 2016).................................................................. 7, 8, 10

*Phipps v. Sheriff of Cook Cnty.*,
   249 F.R.D. 298 (N.D. Ill. Mar. 26, 2008) ............................................... 4

*Puffer v. Allstate Ins. Co.*,
   675 F.3d 709 (7th Cir. 2012)................................................................. 10, 24

*Simer v. Rios*,
   661 F.2d 655 (7th Cir. 1981)................................................................. 23, 26

*Steimel v. Wernert*,
   823 F.3d 902 (7th Cir. 2016)................................................................. 26

*Szabo v. Bridgeport Mach., Inc.*,
   249 F.3d 672 (7th Cir. 2001)................................................................. 8, 9, 16

*Tomeo v. CitiGroup, Inc.*,
   2018 WL 4627386 (N.D. Ill. Sept. 27, 2018) ........................................ 6

*Walker v. Dart*,
   2021 WL 809765 (N.D. Ill. Mar. 3, 2021)............................................. 4, 17

*Wal-Mart v. Dukes*,
   564 U.S. 338 (2011)............................................................................... 7, 8, 19

## STATUTES

29 U.S.C. § 794 ...................................................................................... 3
42 U.S.C. §§ 12131 ................................................................................ 3

## RULES

Fed. R. Civ. P. 23(a) ............................................................................. *passim*
Fed. R. Civ. P. 23(b) ............................................................................. *passim*
Fed. R. Civ. P. 23(c)(4) ......................................................................... *passim*

## REGULATIONS

28 C.F.R. § 35.130(b)(7) ....................................................................... 17, 20

**<u>INTRODUCTION</u>**

Plaintiff Rogers filed a lawsuit alleging that he, and detainees like him, who used canes, crutches, or walkers, suffered because living units in Division 9 of the Cook County Department of Corrections ("CCDOC") do not comply with the structural requirements of the Rehabilitation Act, 29 U.S.C. § 794 (the "RA") and that Defendants thereby violated the Americans with Disabilities Act, 42 U.S.C. §§ 12131-32 (the "ADA"). Plaintiff alleges that detainees with canes, crutches, or walkers suffered because Division 9 living units lack built-in accessibility features, principally grab bars and mounted shower seats. (ECF No. 1 at 3.)

Plaintiff's bare bones Motion for Class Certification seeks to certify two classes:

1. Rule 23(b)(2): "all individuals at Cook County Jail prescribed a cane, crutch, or walker by a jail medical provider assigned to Division 9."

2. Rule 23(b)(3): "'all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial [sic] provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgement' to resolve the issue under Rule 23(c)(4) whether the toilets and showers complied with the structural standards required by the Rehabilitation Act between May 8, 2022 and the date of entry of judgment.'"

(ECF No. 22 at 1.)

Plaintiff attempts to support his motion by cobbling together inapplicable caselaw used by his counsel in other cases. *See generally* ECF No. 23 (citing *Lacy v. Cook Cnty.*, 897 F.3d 847 (7th Cir. 2018); *Phipps v. Sheriff of Cook Cnty.*, 249 F.R.D. 298, 300 (N.D. Ill. Mar. 26, 2008); *Walker v. Dart*, No. 20-cv-0261, 2021 WL 809765 (N.D. Ill. Mar. 3, 2021). However, these cases are distinguishable. *Lacy* concerned wheelchair users on ramps at county courthouses, not accessibility of toilets and showers within any Division of the CCDOC. 897 F.3d at 851 ("ramps related to wheelchair use at courthouses"). *Phipps* involved wheelchair bound detainees in relation to their use of beds and toilets at the jail, who alleged concrete injuries like "bed sores, rashes, [and] other

1

physical injuries . . . as a result of falling when attempting to utilize the non-handicapped facilities," unlike here where cane, crutch, and walker, users are involved, and Plaintiff has failed to allege any concrete injury to himself. 249 F.R.D. at 300. *Walker v. Dart* is a pending case involving wheelchair users and their navigation of ramps within the CCDOC, presenting no claims concerning individual accessibility needs for those using canes, crutches, or walker in any Division of the CCDOC. 2021 WL 809765, at *5.

Plaintiff also appears to rely upon a deposition of the Sheriff's ADA Compliance Officer concerning the entry of medical alerts for canes, crutches or walkers. (ECF No. 23 at 3.) But Plaintiff fails inform this Court that the deposition was *not* conducted in reference to the present facts and allegations. Rather, that deposition was taken on June 16, 2017, in *Poletta v. Dart*, 16-cv-9492, a case in which the district court denied a motion to certify a class comprised on individuals who used either a crutch, walker, or cane to attend court at Leighton Courthouse. (16-cv-9492, ECF Nos. 98, 118.) There has been no similar deposition or testimony in this case.

Plaintiff's purported class claims also feign confusion regarding the difference between long-distance ADA alerts and general alerts. Medical providers have the option of entering an unrestricted, general alert for the use of such devices for those that need assistance ambulating within a given housing unit, similar to the one Plaintiff had between February 16, 2022, and April 18, 2022, when Plaintiff was housed in Division 08-RTU. *See* Pl. Kavarian Rogers' Alerts and Bed Assignments, attached as Exhibit 1. Plaintiff even concedes that he had a "walker long-distance only" alert for nearly two years, between April 2022 and May 2024. (ECF No. 23 at 1, 10.) Long-distance only alerts are indicative of persons who *have not* been identified as persons who need an ADA device for day-to-day use within his or her housing unit. *See* Sabrina Trevizo Declaration, attached as Exhibit 2, ¶¶ 5-10. Plaintiff therefore seeks to certify a class that is full of

people who, by basic logic, would *not* have been injured by being housed in Division 9, because they were not identified as persons who needed canes crutches or walkers while they were housed in Division 9. Plaintiff's simulated confusion over general and long distance only alerts also brings into focus an issue with respect to commonality – Plaintiff's proposed class did not suffer common injuries where there would be varying levels of disability and accommodation for different kinds of alerts. Moreover, Plaintiff's proposition that "there can be no dispute that Plaintiff Rogers is substantially limited in the ability of moving from place to place" is in fact highly disputed. Plaintiff never had a general alert, for day-to-day use of a walker within Division 9, and neither did his affiants. Evander Foster and Antoine Pierce also only had long-distance alerts while they were housed in Division 9. *See* Evander Foster and Antoine Pierce Alerts and Bed Assignments, attached as Exhibit 3.

This Court should deny Plaintiff's Motion under Rules 23(a), (b)(2), (b)(3), and (c)(4). Plaintiff has failed to establish commonality, typicality, and numerosity under Rule 23(a). Also, Plaintiff cannot show appropriateness and finality under 23(b)(2). Further, Plaintiff has not proven predominance and superiority under Rule 23(b)(3). Moreover, Plaintiffs' proposed class is not sufficiently ascertainable and relies on overbroad class definitions with subjective, individual determinations for each potential member.

## **ARGUMENT**

"The burden rests on the party seeking certification to show by a preponderance of the evidence that certification is proper." *Lacy v. Cook Cnty.*, 897 F.3d 847, 863 (7th Cir. 2018) (quoting *CE Design, Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. 2011)). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Id*. Federal Rule of Civil Procedure 23(a)

requires that the following four prerequisites be satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Failure to meet any one of these requirements precludes certification of a class. *Ret. Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). If the Rule 23(a) elements are satisfied, a plaintiff must also satisfy one of the subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Oshana v. Coca-Cola Co*., 472 F.3d 503, 513 (7th Cir. 2006); *Tomeo v. CitiGroup, Inc*., No. 13 C 4046, 2018 WL 4627386 (N.D. Ill. Sept. 27, 2018).

Plaintiff fails to meet his burden of establishing commonality, typicality, and numerosity under Rule 23(a), appropriateness and finality under 23(b)(2), and predominance and superiority under Rule 23(b)(3). Additionally, Plaintiff's proposed class is not sufficiently ascertainable and relies on overbroad class definitions, not reflective of experience of injury or a common claim. Plaintiff's definition requires individual, subjective determinations involving individual medical analysis based on treatment of putative members. Plaintiff's asserted class definition cannot be certified.

I.      **PLAINTIFF'S ASSERTED CLASS DEFINITION FAILS TO SATISFY THE RULE 23(a) REQUIREMENTS.**

A.      **Plaintiff Fails to Present a Question that is Common to the Proposed Class.**

Plaintiff proposes two common legal and factual questions, both insufficient to meet the threshold for commonality:

(1)     Whether the Uniform Federal Accessibility Standards apply to Division 9; and

(2)     If the Standards apply, whether Defendants violated them.

(ECF No. 23 at 5-6.)

Commonality demands that a plaintiff do more than just raise a common question. It "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *See Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). "What matters to class certification is the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis added). Therefore, "a prospective class must show that its claims 'depend upon a common contention . . . of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 550 (7th Cir. 2016) (quoting *Wal-Mart*, 564 U.S. at 350).

When assessing the commonality requirement, "courts [do] not simply apply[] a pleading standard; instead, a prospective class 'must be prepared to prove that there are *in fact* . . . common questions of law or fact.'" *Id*. The commonality analysis "may not simply assume the truth of the matters as asserted by the plaintiff." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citing *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)). Rather, it can "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351; *Phillips*, 828 F.3d at 550. Here, Plaintiff has not met the burden required to show that each question satisfies commonality, making refutation of his evidence-free assertions difficult. As the Seventh Circuit noted in *Phillips*, the commonality requirement is "not simply . . . a pleading standard[.]" 828 F.3d at 555 (citing *Wal-Mart*, 564 U.S. at 350).

Plaintiff clearly seeks to focus on structural building design issues in arguing commonality. Relying upon *Bennet v Dart*, Plaintiff states that he seeks to "proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose." (ECF No.

5

23 at 5-7.) But the equivalency to *Bennett* is assumed rather than established, and such assumptions are not acceptable at this stage. *Messner*, 669 F.3d at 811. Furthermore, in jumping straight the building design to establish commonality, Plaintiff seeks to avoid discussion of factual commonality in the experiences and injuries of the proposed class members. This is unacceptable, as the Supreme Court has explained that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'" at the hands of the same defendant. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. at 349–50; *see also Fauley v. Heska Corp*., 326 F.R.D. 496, 505 (N.D. Ill. Aug. 24, 2018) ("A plaintiff seeking class certification must allege that all members have 'suffered the same injury.'"); *N.B. v. Hamos*, 26 F. Supp. 3d 756, 771 (N.D. Ill. Feb. 13, 2014) ("[C]ommonality requires the plaintiffs to demonstrate that the class members have suffered the same injury.") (internal marks and citations omitted).

While Plaintiff claims to seek to certify a class consisting of "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgement," he fails to discuss any commonality between the proposed class members or any common questions among such members. *See*, *e.g.*, *Gilmore v. Southwestern Bell Mobile Sys., LLC*, 210 F.R.D. 212, 217 (N.D. Ill. 2001) ("Factual allegations of the complaint that go to the issue of certification are not automatically assumed to be true as . . . with . . . motion[s] to dismiss. Instead, to the extent necessary for resolving the issue of class certification, the court is to resolve factual issues, as would be true of a Rule 12(b)(1) motion to dismiss on jurisdictional grounds.") (citing *Szabo*, 249 F.3d at 675-77)).

This is significant because there is more than one type of alert, and acceptable accommodations can vary based on individual need. For example, a "Walker, long distance only"

alert is one of many medical alerts designations that can be given to an individual in custody by Cermak medical personnel. Ex. 2 ¶ 6. Such medical alerts are entered by Cermak medical personnel and communicated to CCDOC, into the CCDOC's offender management system. *Id.* ¶¶ 4-5. An alert for "Walker Long Distance Only" signifies that an individual in custody is to be provided a walker when they travel to court, or for other long-distance travel outside of their housing unit. *Id.* ¶ 7. Similarly, alerts for "Cane Long Distance Only" or "Crutches Long Distance Only" would signify that an individual in custody is to be provided a walker when he or she travels to court, or for other long-distance travel outside of his or her housing unit. *Id.* ¶¶ 8-9. An individual in custody with an alert for "Walker Long Distance Only" is not provided with a walker for day-to-day use within his or her housing unit. The same is true for alerts for "Cane Long-Distance Only" and "Crutches Long-Distance Only." Persons with such alerts would not be provided with the devices for day-to-day use within his or her housing unit. *Id.* ¶ 10. As a result, there is no basis for Plaintiff's assumption of commonality—a conclusion that Plaintiff, who had only a "long distance" walker alert while in Division 9 can demonstrate commonality with every other detainee with detainee in Division 9 who had a cane, crutch or walker alert. Moreover, although Plaintiff seeks to overlook all factual disputes, the reality is that Defendants dispute that the assignment of a cane, crutch or walker alert indicates a need for accommodations while using the toilet, and Plaintiff has not pointed to any evidence to support his conclusion to the contrary.

Plaintiff's reliance on the *Bennett* decision is also misguided. While Plaintiff is correct that it involved "federal standards to toilets and showers in Division 10 at the Jail," it should be noted that the *Bennett* class was decertified later by the District Court. (*Bennett v. Dart, et al.*, 18-CV-04268, ECF Nos. 169-170.) There was also no dispute in *Bennett* as to the types of ADA device alerts at issue. Thus, Plaintiffs' reliance on *Bennett* is misplaced and oversimplified.

Plaintiff's evidence for commonality is unpersuasive and fails to establish any meaningful common connection between the alleged class and Plaintiff. Plaintiff's evidence also says nothing about the common experience of the class or any common questions among them. Accordingly, any such arguments are waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718, 720 (7th Cir. 2012) (plaintiff's disparate impact claim for class certification waived since she raised solely the disparate treatment in her motion for class certification; stating that a party waives an argument that is "underdeveloped, conclusory, or unsupported by law" and that a party must "allege facts and *indicate their relevance* under the correct legal standard") (emphasis added).

Further, Plaintiff also incorrectly asserts that his proposed questions satisfy the commonality requirement. (ECF No. 23 at 5-7). Plaintiff acknowledges that satisfaction of the commonality inquiry requires "articulat[ion] [of] at least one common question *that will actually advance all of the class members' claims*." *Id*. (citing *Phillips*, 828 F.3d at 550) (emphasis added). But Plaintiff's questions do not advance any claims—the facility is what it is—he needs to establish commonality before getting to the physical design and construction of the building that is Division 9. Yet many questions remain as to kind of alert, the extent of disability, individual difficulties and medically recommended accommodation for any proposed class members, not to mention the breadth of the class definition, and the existence of damages, if any, amongst such individuals. *See supra* I.A. "The plaintiffs haven't satisfied this bedrock requirement for class certification." *McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 800 (7th Cir. 2017).

**B.      Plaintiff Fails to Show his Claims are Typical of the Claims or Defenses of the Class.**

Plaintiff also fails to establish that his claims "are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement is meant to ensure that the named plaintiff's claims have "the same essential characteristics as the claims of the class at large." *Lacy*,

897 F.3d at 866 (citation omitted). Since Rule 23 "does not set forth a mere pleading standard," *Comcast Corp.*, 569 U.S. at 33, a plaintiff must "be prepared to prove that there are *in fact* . . . typicality of claims," *id.* (citation and internal quotation marks omitted).

Here, Plaintiff's claims related to the showers and toilets have not been shown to be typical of the proposed class. For example, Plaintiff asserts that he "shares the same essential characteristics of the proposed class because he uses a mobility aid to ambulate" and alleges that he has been "deprived the ability to shower and toilet on the same basis as non-disabled inmates." (ECF No. 23 at 7.) But Plaintiff has presented little evidence of such disabilities, what, if any, assistive devices are used and when, or any specific injuries or events arising from use of toilets and showers in Division 9. And notably, of the little evidence produced by Plaintiff, *almost half* of the grievances asserted are his own.

Three of the seven redacted grievances used as exhibits by Plaintiff (Plaintiff's Exhibits 13, 15, 19 (ECF Nos. 23-13, 23-15, 23-19)) were in actuality authored by Plaintiff himself and have been produced to Plaintiff previously, in unredacted forms, as Defendants' Bates 000292-000293, 009957-009958 (Pl's Ex. 13); 000333-000334, 009998-009999 (Pl's Ex. 15); and 010021-010022 (Pl's Ex. 19), attached hereto as Exhibit 4. Plaintiff's own grievances cannot show evidence of his typicality among the class when they say nothing about how others were situated.

Plaintiff does not present clear or even minimal evidence to show that he is "typical" of other individuals who have different disabilities or injuries, who were prescribed different assistive devices at different times, for varying periods of time, and to different extents, and who may or may not even have experienced issues in use of the toilets and showers in Division 9. Physical ability, or disability, is not a static concept that would be identical for all persons with mobility issues. One person may need a cane for three days after a fall, another may use a walker for a few

months after a leg surgery. One person may use a device because of pain and another for balance issues. Plaintiff presents no real evidence or argument that it can merely be assumed that any issues that he may have had navigating Division 9 are typical of every other person in Division 9 who had a cane, crutch or walker. He also offers no evidence of their being prevented from using the shower or toilet, what kind of pain was suffered (how severe or where located), or whether a common accommodation could have cured their difficulty. Again, Plaintiff treats individuals as undifferentiated lump, and the commonality requirement calls for more than that.

The facts before the court at this juncture actually demonstrate that Plaintiff's claims cannot be typical. First, long-distance alerts and general alerts are not the same. Ex. 2, ¶ 10. And Plaintiff did not have a general alert for use of a walker for his day to day living activities while in Division 9, nor did his affiants, Antoine Pierce and Evander Foster, for their own mobility devices. *Id.* ¶¶ 11-19; Ex. 3. Therefore, none of them could logically have claims typical of persons who actually had general use ADA device alerts while housed in Division 9. Moreover, while Pierce and Foster both state that they have experienced pain in use of the toilets and showers as a result of the lack of grab bars and shower chairs, Pl's Ex. 8, ¶ 4; Pl's Ex. 9, ¶ 5, neither alleges they have had any specific incidents involving the showers or toilets.

Second, Defendants dispute that either had a practice or policy of placing in Division 9 persons who needed ADA accommodations to use the toilet or shower. With such a dispute, it would be a stretch to argue or assume typicality, because the amount of individual inquiry and investigation into the nature of each disability and the levels of accommodation required/recommended by medical and physical therapy providers would clearly overshadow the singular similarity—the ADA device alert.

Plaintiff's own grievances also cannot be used to show his claims are typical of the claims of other class members. However, Plaintiff asserts four grievances to show that he is typical of the class. In each, the grievance response informs the detainee that they have been individually assessed by medical staff and are properly housed and accommodated per their evaluation by Cermak. Pl's Ex. 14, 16, 17, 18 (ECF Nos. 23-14, 23-16, 23-17, 23-18). Two of those four grievances also fail to mention any issues experienced with toilets. Pl's Ex. 16, 18. Finally, it should be noted that the detainee who drafted Pl's Ex. 18 does not even claim to have mobility devices assigned or involved, but rather simply requests a chair because his leg hurts while showering. Pl's Ex. 18. In other words, that detainee might not even be "disabled" under the ADA or require any accommodation. Notwithstanding the foregoing disparities, Plaintiff would have this Court believe that he is a typical member of his proposed class, without providing solid evidence of many other detainees experiencing similar issues in using Division 9 showers and toilets, or even requesting or feeling entitled to such specified accommodations at all.

With respect to the proposed Rule 23(b)(3) class, Plaintiff has also not, in fact, established that every detainee who was assigned a cane, crutch, or walker would have used the toilets and showers in the same manner as him, and would have also necessarily required or been entitled to accommodations like grab bars and shower chairs in the course of same. Many individuals who use canes, crutches, or walkers do not need grab bars or shower chairs, but Plaintiff does not recognize those differences. Plaintiff's proposed class members have different experiences, as clearly shown.

### C. Plaintiff Fails to Satisfy the Numerosity Requirement.

Plaintiff cannot satisfy the numerosity requirement, which requires him to positively show that the class is so numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1);

*Cwiak v. Flint Ink. Corp.*, 186 F.R.D. 494, 496 (N.D. Ill. Apr. 26, 1999). Class estimates may not be based on speculation. *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. Nov. 20, 2006) (citing *Dhamer v. Bristol–Myers Squibb Co.*, 183 F.R.D. 520, 525 (N.D. Ill. Nov. 18, 1998)).

Here, Plaintiff lumps short- and long-range mobility alerts together to assemble a 103-member putative class. (ECF No. 23 at 5.) Yet, a long-distance mobility device alert denotes that a detainee is only permitted to use their device during transportations off tier. Ex. 2, ¶ 10. Those detainees would not be entitled to accommodations in housing for use of toilets and showers. Thus, Plaintiff's lumping of detainees is improper.

Regardless of the number, Plaintiff must rely on speculation to build a class. Thus, unlike *Lacy*, Plaintiff's lack of concrete similarities ends his quest for a class. (ECF No. 23 at 4) (citing *Lacy v. Dart*, No. 14 C 6259, 2015 WL 1995576, at *3 (N.D. Ill. 2015)).

Plaintiff's speculative proposed class relies on a class definition of detainees with "a cane, crutch, or walker" assigned to Division 9. This proposed class is insufficient because it fails to take into account individual considerations, to consider medical assistance alert levels determined by Cermak, the need for individual accessibility accommodations to use showers or toilets, and any requests related thereto. In other words, only by ignoring the commonality requirement can Plaintiff claim to have a class with a significant number of members.

Ultimately, the proposed class is vague because it fails to identify a particular group harmed during a particular time in a particular way. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015) (class action elements not satisfied by vague numerosity definition). Plaintiff's proposed class definition is overbroad because it may include many class members who were not affected and/or suffered no damages. It is well established that a class should not be certified if it is apparent that it contains many people who have suffered no injury at the hands of the defendant.

*Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009). Here, it is clear that Plaintiff's proposed class definitions and the alleged numbers of individuals asserted to be members are so broad as to clearly include individuals who are not even in need of, or entitled to, the specified accommodations, much less experienced any actual issues or difficulties with the showers or toilets as a result. Plaintiff has made no evidentiary showing to rise above speculation.

Finally, Plaintiff fails to demonstrate that the proposed class satisfies the numerosity requirement. The proposed definition is over-inclusive of all inmates who use canes, crutches, or walkers in Division 9, without regard to the extent of denial of their respective ADA rights, if any, or entitlement to the specified accommodations. Plaintiff's class definition assumes that every person with such mobility implements would have been situated identically, but no such facts to support this speculative assumption have been developed.

When reviewing whether class certification is appropriate, a court "may not simply assume the truth of the matters as asserted by the plaintiff," but instead must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate. *Szabo*, 249 F.3d at 676. Plaintiff's basic assertion that any inmate assigned a cane, crutch, or walker, and was assigned to Division 9 absolutely required, and suffered without access to, structural accessibility accommodations for showering and toilet use, including grab bars and mounted shower seats is speculative at best

Plaintiff's proposed class fails to meet the numerosity requirement and the Motion for Class Certification should be denied.

## II.     PLAINTIFF'S CLAIMS FAIL TO SATISFY THE RULE 23(b)(2) REQUIREMENTS.

### A. Plaintiff Fails to Show Satisfaction of the Requirement that the Contemplated Equitable Relief be Appropriate for the Whole Class.

The first requirement for certification of a claim under Rule 23(b)(2) is that "the contemplated equitable relief must be . . . 'appropriate respecting the class as a whole.'" *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(b)(2)).

Plaintiff fails in his motion to make an argument for satisfaction of appropriateness. While he claims to seek injunctive relief against Defendants and that "such relief would further the goals of judicial economy because it avoids the duplicative litigation of identical claims[,]" he fails to explain how the injunctive relief would avoid duplication, as well as what specific injunctive relief is sought. (ECF No. 23 at 10-11.) He also fails to establish that the claims of the putative class members would, in fact, be identical, as discussed above. Further, Plaintiff's specious claim is inconsistent with the arguments made under Rule 23(b)(3) that will inexorably necessitate individual lawsuits by each and every class member for damages in order to obtain any relief through the issuance of any declaratory judgment. *See Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008) ("Using a class action to resolve a multitude of individual, varied rescission claims is neither 'economical' nor 'efficient' in any sense of those terms.").

Plaintiff's reliance on *Walker v. Dart*, 20-cv-00261, 2021 WL 809765, to support the appropriateness of injunctive relief is misplaced. *Walker* is distinguishable in that it involved wheelchair bound detainees with common issues traversing the ramps in the CCDOC, clearly implicating both general and long-distance ADA wheelchair alerts, as holders of both types of alerts would use wheelchairs to traverse ramps outside of the living unit or Divisions. Not, as here, a disparate group of detainees with alerts for canes, crutches, or walkers based on different medical conditions using toilets and showers. *Id.* at *1 (noting class members' common injury of inability to use ramps would be addressed by same remedy—bringing ramps into compliance). But Plaintiff

14

needs to present a qualifying class before getting to a remedy that would resolve some question for every class member.

Here, Plaintiff Rogers has not made any such concrete allegations injuries common to every member of his purported class, or that all persons with the subject ADA mobility devices generally have the same challenges or injuries. Indeed, the only injury described in Plaintiff's declaration, and those from the proposed class members, is pain. *See* Pl's Ex. Nos. 6, 8-9. But as the evidence demonstrates that Plaintiff and his affiants were not prescribed ADA devices for use of the tier, their self-serving complaints of pain say nothing about relief that might be appropriate for this who need ADA devices while on Division 9—if such persons exist. Therefore, Plaintiff fails to satisfy the appropriateness requirement.

### B. Plaintiff Fails to Show Satisfaction of the Finality Requirement.

The other requirement of Rule 23(b)(2), finality, necessitates that the contemplated equitable relief sought by the putative class be "final" to "the class as a whole." *Kartman*, 634 F.3d at 892 (quoting FED. R. CIV. P. 23(b)(2)). "In other words, claims for individualized relief . . . do not satisfy Rule 23(b)(2)." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012) (internal citations omitted). Class certification under Rule 23(b)(2) is not permitted where individual class members would be entitled to different or individualized relief. *Andrews*, 545 F.3d at 576-77 (7th Cir. 2008).

Here, not all proposed members would receive the same relief or accommodation. For example, not all inmates with alerts for canes, crutches, and walkers and assigned to Division 9 necessarily require the same extent of use of their mobility devices, particularly in such circumstances as usage of the toilet and showers, and all such detainees would not have experienced the same difficulties or injuries (or lack thereof). An inmate's assignment to Division

9 suggests that he has been evaluated and deemed able to use the shower and toilet without assistance or accommodation. A case-by-case analysis is required to determine what accommodations an inmate using a particular mobility implement may need, and whether any such persons even experienced any issues using the toilets and showers in Division 9. Then, appropriate damages will involve an investigation of how severe the detainee's difficulty was in using the toilet or shower, whether he suffered a physical injury, how severe that injury was, how long he was in the Jail, how many times he had difficulties showering or using the toilet, etc. Plaintiff's allegations may give rise to individual damages, but that is exactly the point, and they do not satisfy 23(b)(2) class wide appropriateness requirement.

The plaintiff in *Jamie S.* "superficially structured their case" and motion for class certification as a Rule 23(b)(2) claim for class-wide injunctive and declaratory relief. 668 F.3d at 499. The Seventh Circuit vacated the class certification order and noted that the individualized relief sought by plaintiff "would be class-wide in name only" as individualized relief cannot be obtained under 23(b)(2). *Id.* Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id*. (quoting *Wal-Mart*, 564 U.S. at 357).

Much like the plaintiff in *Jamie S.*, Plaintiff Rogers asserts claims on behalf of the entire class alleging ADA and RA compliance issues in relation to individually experienced issues and dubious injury self-reports, with no confirmation through treatment. Yet he does not explain how singular class-wide relief can possibly cater to a class of diverse individuals who may be entitled to different equitable relief, some presumably without any injuries. Accordingly, certification under Rule 23(b)(2) should be denied, as the relief sought by Plaintiff "would be class-wide in name only," therefore making it inappropriate relief for the putative class at whole. *Id.*

**III.      PLAINTIFF'S CLAIMS FAIL TO SATISFY THE RULE 23(b)(3) REQUIREMENTS.**

Plaintiff cannot show that his claims satisfy the predominance requirement of Rule 23(b)(3). Further, Plaintiff has not shown that certification under Rule 23(c)(4) is appropriate. Finally, Plaintiff's arguments that a class action is the superior method of adjudicating this controversy fail.

> **A.      Plaintiff Fails to Show that Class Questions Predominate Over Individual Questions of Members of the Class.**

Rule 23(b)(3) allows certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Jacks v. DirectSAT USA, LLC*, 118 F.4th 888, 896 (7th Cir. 2024) (quoting FED. R. CIV. P. 23(b)(3)); *see Messner*, 669 F.3d at 814 (permitting class certification "only if the questions of law or fact common to class members predominate over questions that are individual to members of the class") (citation and quotation marks omitted)).

Though similar to the requirements for typicality and commonality, the predominance requirement is "far more demanding." *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). While "[i]ndividual questions need not be absent," such questions "[can]not predominate over the common questions affecting the class as a whole." *Id.* An individual question is one for which members of a proposed class would have to present differing evidence to make a *prima facie* showing. 669 F.3d at 815. While a public entity must make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, 28 C.F.R. § 35.130(b)(7), the individualized nature of the ADA and RA inherently require a case-by-case analysis of claims. *See Messner*, 669 F.3d at 815.

Here, Plaintiff has failed to meet the burden to show a predominating question of fact or law to establish his class under Rule 23(b)(3), especially considering that the proper inquiry into his allegations remains individual inquiries. The potential members of the putative class have vastly different disabilities, utilize mobility devices differently than Plaintiff, and may or may not require different reasonable accommodations from one another. Further, there are likely issues regarding exhaustion of administrative remedies in relation to whether each member filed grievances about the Cermak ramp, as would be required for standing under the Prisoner Litigation Reform Act, as well as the statutes of limitations of differently situated members' claims. These individualized facts and legal issues dwarf any potential common issues. *See, e.g., Andrews*, 545 F.3d at 577 ("If the class certification only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims."). This does not even begin to consider the fact that, as defined, class members would need not have experienced any injury or difficulties at all to qualify as members. Just getting to the bottom of whether each and every class member even experienced difficulties or injury in their use of the toilets and showers would be a massive undertaking on its own.

Plaintiff has failed both to describe his own injuries as a result of the alleged difficulties, as well as those injuries and experiences of the members of his proposed class. For each member thereof, such individual questions will have to be further analyzed and explored. The existence of individual questions relating to these details as to each class member because of Plaintiff's failure to present evidence will necessitate an in-depth analysis of individual issues alongside those which Plaintiff asserts have the potential to be a complex matter of class litigation. As a result, Plaintiff's individual questions and issues must be considered in depth and will surely dominate as much, if

not more, than the class issues. The circumstances presented therefore encourage individual questions to predominate over the class questions.

Plaintiff's argument for predominance is devoid of support. *See, e.g.*, *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) ("Mere *assertion* is not enough. That would be too facile. Certification would be virtually automatic."). Plaintiff relies on *Bennett v. Dart*, 18-cv-04268, 2020 WL 1812376 (N.D. Ill. Apr. 9, 2020), and contends that the questions asserted in the instant case "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance." (ECF No. 23 at 11-12.) Again, as discussed above, *Bennett* was decertified. *See supra* I.A. Plaintiff's RA claims based on the questions asserted are potentially "relevant to every detainee in the putative class[,]" *id.* (citing *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022)), but the same cannot be said of the individualized aspects of these claims, particularly in light of the broadness of Plaintiff's proposed class and its failure to demonstrate any concrete incident or injury. Plaintiff has not shown that any proposed members suffered the same injuries or experienced the same type of incident. Individual questions predominate and certification under Rule 23(b)(3) should be denied.

Plaintiff also asserts that his proposed 23(b)(3) class can be certified to "resolve the issue under Rule 23(c)(4) whether the toilets and showers complied with the Structural Standards required by the Rehabilitation Act between May 8, 2022 and the date of entry of judgment." (ECF No. 22 at 1-2). This position is untenable.

The Seventh Circuit had not directly addressed the "interaction between Rule 23(b)(3) and Rule 23(c)(4)" until recently. *See Jacks*, 118 F.4th 888. In doing so, the Court held that, "as part of satisfying its burden under Rule 23, a party seeking certification of an issue class under Rule 23(c)(4) must show that common questions predominate in the resolution of the specific issue or

issues that are the subject of the certification motion and not as to 'the cause of action, taken as a whole." *Id.* at 897 (quoting *Corley v. Orangefield Indep. Sch. Dist.*, 152 Fed. App'x 350, 355 (5th Cir. 2005)).

The Seventh Circuit first rooted its holding in the text of Rule 23(c)(4), which states that, "When appropriate, an action may be brought or maintained as a class action *with respect to particular issues*." *Jacks*, 118 F.4th at 897 (quoting FED. R. CIV. P. 23(c)(4)). Next, the Court looked to the Second Circuit's analysis, which noted that "the 2006 version of the rule expressly mandated that the other requirements in Rule 23 (including that Rule 23(b)(3)) be applied only after the issues appropriate for certification have been identified." *Id.*[1] Finally, the Seventh Circuit rejected the approach of the Fifth Circuit because following it "would render Rule 23(c)(4) superfluous." *Id.* While the Fifth Circuit views Rule 23(c)(4) as authority for a court to sever issues for a class trial, the Seventh Circuit noted this power is already a well-established principle enshrined in Rule 42(b), which permits a court to order separate trials for convenience, to avoid prejudice, or efficiency. *Id.*

Plaintiff has failed to "show that common questions predominate in the resolution of the specific issue or issues that are the subject of the certification motion and not as to the cause of action, taken as a whole." *Jacks*, 118 F.4th at 897.

Notwithstanding Plaintiff's assertions regarding predominance, this Court should find that there is an absence of predominance of the class issues over the individual. The "starting point" in the predominance analysis is "the substantive elements of plaintiffs' cause of action and . . . the

---

[1] *Jacks*, 118 F. 4th at 897 (citing *In re Nassau Cnty.*, 461 F.3d 219, 226 (2d Cir. 2006) (noting Rule 23(c)(4)'s language that "an action may be brought or maintained as a class action with respect to particular issues . . . and the provisions of this rule shall then be construed and applied accordingly")).

The Seventh Circuit also pointed out that "while the 2007 amendment to Rule 23(c)(4) deleted the second clause, the modification was not intended to substantively change the rule." *Id.* (citing FED. R. CIV P. 23(c)(4) advisory committee's note to 2007 amendment ("These changes are intended to be stylistic only.")).

proof necessary for the various elements." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019) (quoting *Simer*, 661 F.2d at 672). Plaintiff's allegations are woefully deficient.

### B.    Plaintiff Fails to Show that a Class Action is the Superior Method of Adjudication of this Case.

Plaintiff also fails to show that a class action is the superior method of adjudication for this case. Under Rule 23(b)(3), if individual issues predominate, a class action is not the superior method for adjudication and certification should be denied. *Messner*, 669 F.3d at 815; *Andrews*, 545 F.3d at 577-78. If, to make a *prima facie* showing on a given question, the members of the proposed class present evidence that varies from member to member, then it is an individual question. *Messner*, 669 F.3d at 815. One additional factor to consider in assessing the superiority requirement is "the likely difficulties in managing a class action." FED. R. CIV. P. 23(b)(3)(D).

The Seventh Circuit noted in *Jacks* that "the superiority requirement 'functions as a backstop against inefficient use of Rule 23(c)(4)' because it 'ensures that courts will not rely on issue certification where there exist only minor or insignificant common questions.'" 118 F.4th at 898 (citations omitted). Notably, that Court also stated as follows:

> [T]his is not a case where liability and damages can be determined by a simple formula or uncomplicated follow-on proceedings. To the contrary, we agree with the district court that determining liability and damages would necessitate hundreds of separate trials to evaluate evidence regarding the nature and scope of an individual technician's work and the impact of his particular supervisor on the type of tasks assigned and how the technician recorded his time—not to mention the individualized piece-rate calculations at the center of this dispute. Thus, even if the fourteen certified issues were answered, doing so would not materially advance Plaintiffs' claims given the magnitude of what remains. As a result, we conclude that a class action, as currently certified, is not a superior device to resolve this controversy and affirm the district court's decision to decertify this case, albeit on slightly different grounds.

118 F.4th at 899.

In light of the importance of superiority as an element, it is perplexing that Plaintiff dedicates a mere two-sentence paragraph at the end of his brief to it, using mostly language quoted

from *Bennett*, 2020 WL 1812376, at *3. It amounts to no more than the bare assertion of the requirement itself:

> As the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision.

(ECF No. 23 at 13). Plaintiff's argument for superiority is unavailing in light of his failure to make an argument beyond the mere assertion that class action litigation is superior. Accordingly, any such arguments are forfeited. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (noting that a party waives arguments that are "underdeveloped, conclusory, or unsupported by law"; a party must "allege facts and *indicate their relevance* under the correct legal standard"). Plaintiff's failure to delineate class member differences suggests that class action litigation is inferior, rather than superior in this instance.

Here, the individual questions relating to Plaintiff's claims require individualized inquiries into the extent of each detainee's disability, the type of alert, the anticipated or personal use of assistive devices, entitlement to preferred accommodations, and injuries sustained. Certifying a class issue allows declaratory relief for the class, but requires each member, individually, to seek relief for his claims. *See* FED. R. CIV. P. 23(c)(4).

In contrast, the purported "issue" Plaintiff wants determined under Rule 23(c)(4), whether the toilets and showers complied with the structural standards required by the Rehabilitation Act, is not an issue for judicial determination, but a fact. The structural standards are precise, and the toilets and showers either do, or do not, comply. The real questions for any lawsuit are going to be about whether the detainee was disabled, needed an accommodation that was not provided, and how to measure damages from any resulting injury—compliance with the structural standards would be a small part of any future lawsuit.

The Seventh Circuit has stated that "if the class certification only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims." *Andrews*, 545 F.3d at 577. Notably, the *Jacks* court confirmed that certification of a 23(c)(4) issue "would not materially advance Plaintiffs' claims given the magnitude of what remains" where "determining liability and damages would necessitate hundreds of separate trials. *Jacks*, 118 F.4th at 899.The same rationale applies here.

Ultimately, under Plaintiff's proposed scheme, other class members would obtain no real relief and would be forced to take significant action to pursue individual claims. This type of duplicative litigation does not make for a superior method of adjudication and class certification should be denied.

## IV.    PLAINTIFF FAILS TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23.

Finally, Plaintiff also fails to satisfy the Rule 23 requirement of being ascertainable. *Jamie S.*, 668 F.3d at 495. Plaintiff must show that class members are identifiable through clear, objective criteria so to allow a determination of who is a member. *Id.* at 496. The proposed class definition cannot be "too vague." *Steimel v. Wernert*, 823 F.3d 902, 917 (7th Cir. 2016). Properly defining a class "alerts the court and parties to the burdens that such a process might entail," and "ensures that those actually harmed by defendants' wrongful conduct will be the recipients of the relief eventually provided." *Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981). "A class is ascertainable when defined by objective criteria that are administratively feasible, without a subjective determination." *McBean v. City of N.Y.*, 228 F.R.D. 487, 492 (S.D.N.Y. 2005) (internal citations omitted). The 'clear definition' component . . . must avoid vagueness by identifying "a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Mullins*

*v. Direct Digital,* LLC, 795 F.3d 654, 659-60 (7th Cir. 2015). For example, individuals with canes do not necessarily need anything else to use the toilet or to shower.

The following proposed class lacks sufficient particularity: "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial [sic] provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgement" (ECF No. 22 at 1.) It is unclear specifically regarding how each class member may have been harmed. Plaintiff fails to specify any potential impacts on detainees by referencing a class composed of detainees who have experienced issues using toilets or showers, or who have not been accommodated in their use of toilets and showers.

Plaintiff contends that the proposed class is ascertainable based upon the mere number of detainees that he believes to comprise a class. (ECF No. 23 at 3.) Yet, Plaintiff's calculations are flawed and bloated, as discussed above.

Additionally, not everyone prescribed a cane, crutch, or walker for some purpose at CCDOC, requires accommodations, beyond those prescribed devices themselves, to shower and use the toilet. Ex. 2, ¶ 10. For example, those with long-distance only alerts have been deemed able to travel the tier and use such accommodations without use of their mobility aids. *Id.* Yet Plaintiff incorrectly assumes that every detainee with a mobility device must require further accommodation to use a toilets or showers in Division 9. Plaintiff has no support for this suggestion.

Using a designation for a mobility device alert in CCOMS (Cook County Sheriff electronic jail management system) is insufficient to prove that each class member has been affected in the same way as Plaintiff Rogers. Plaintiff's proposed class is so broad that it would include any inmate with a mobility device who was housed or assigned to Division 9 for any period of time,

even if no further accommodations were needed—for example, a detainee could have been "housed" in Division 9 for only a few hours before being moved again, without the need to shower or use the toilet, but Plaintiff's class definition does not account for that. Thus, Plaintiff's complaint fails to appropriately indicate an ascertainable group to form a class. Further, a list of all persons with general mobility device alerts assigned to Division 9 does not help satisfy this burden. Such a list as currently defined would be entirely overbroad as shown.

Accordingly, Plaintiff's proposed class is too subjective and not ascertainable. In short Plaintiff simply cannot show that *any* detainee with mobility device alerts for canes, crutches, or walkers, would be subject to the same alleged needs, usage, restrictions, or troubles, without further defining characteristics or common experienced injury. Thus, certification is improper.

## V.        PLAINTIFF IS NOT AN ADEQUATE CLASS REPRESENTATIVE.

"As with commonality and typicality, typicality and adequacy of representation tend to merge." *Simpson v. Safeguard Properties, LLC*, No. 13 CV 2453, 2014 U.S. Dist. LEXIS 130659, at *13 (N.D. Ill. Sep. 17, 2014). "A representative might be inadequate if he is subject to a substantial defense unique to him." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027 (7th Cir. 2018). Plaintiff is not an adequate class representative for the reasons stated in the foregoing commonality and typicality sections. *See supra* sections I.A-B. Specifically, neither Plaintiff nor his asserted affiants were ever assigned to Division 9 with a general use cane, crutch, or walker alert, as would entitle them to use on the tier. Ex. 2, ¶¶ 11-19; Ex. 3.

## <u>CONCLUSION</u>

Plaintiff's Motion for Class Certification should be denied for failure to meet the requirements for class certification under Rule 23(a), as numerosity, typicality, and commonality are not satisfied, nor are the requirements under Rules 23(b)(2) or (b)(3).

No identifiable issues of law or fact exist as Plaintiff has only enunciated an alleged issue that must be analyzed on a case-by-case basis, and class certification is neither the superior nor fair method of evaluation since no issue of fact predominates over individual questions, which means an individualized analysis would be more appropriate. For the aforementioned reasons, Plaintiff's Motion for Class Certification should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Denying Plaintiff's Motion for Class Certification; and
2. Granting Defendants any other such relief as this Court deems reasonable and just.

Respectfully submitted,

By: /s/ Jason E. DeVore
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479
jdevore@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion for Class Certification** was filed on December 9, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

/s/ Zachary Stillman
Zachary Stillman