IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois | ) ) | Magistrate Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COOK COUNTY'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT**

NOW COMES Defendant, COOK COUNTY (hereinafter "Defendant"), by and through its attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for its responses to Plaintiff's First Set of Requests to Admit, dated November 6, 2024, pursuant to Rule 36 of the Federal Rules of Civil Procedure, states as follows:

**REQUESTS**

1. Admit the genuineness of the documents produced by defense counsel on November 4, 2024, marked "DR 010340" to "DR 010348."

**RESPONSE: OBJECTION – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain what Plaintiff means by "genuineness." Without waiving and in light of said objections, Defendants' Bates DR 010340 – 010348 consist of large format original construction drawings of Division 9, and were identified by Defendant Cook County within archival materials after a burdensome search. They were then scanned and produced to Plaintiff, and their genuineness is not disputed.**

2. Admit the document produced as "DR 010340" is Sheet Number A-11.'

**RESPONSE: Defendant Cook County admits the allegations in Request No. 2.**

3. Admit A-11 is for "Division IX Maximum Security Men's Dormitory" and reflects "8/4/89" next to "General Construction Permit."

Exhibit 1 Page 1

**RESPONSE: OBJECTION** – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain what Plaintiff means to request by "[a]dmit A-11 is for 'Division IX Maximum Security Men's Dormitory.'"

**Without waiving and in light of said objections, Defendant Cook County admits that DR 010340, referred to by Plaintiff as A-11, specifically represents the "Basement Floor Plan, Doors & Finishes and Finish Schedule" of the Division IX Maximum Security Men's Dormitory. Defendant also admits that "8/4/89" is printed next to "General Construction Permit".**

4. Admit the document produced as "DR 010340" reflects a "women's toilet (handicapped)" and "men's toilet (handicapped)."

**RESPONSE: Defendant Cook County admits that DR 010340 includes labels reading "women's toilet (handicapped)" and "men's toilet (handicapped)".**

5. Admit Sheet Number ES-10 is marked "DR 010347" and shows "Entrance Building Plans and Details."

**RESPONSE: Defendant Cook County admits that Sheet Number ES-10 is marked as DR 010347 and includes a label reading "Entrance Building Plans and Details".**

6. Admit a men's bathroom on Sheet Number ES-10 depicts a grab bar behind the water closet.

**RESPONSE: Defendant Cook County admits the allegations in Request No. 6.**

7. Admit a woman's bathroom on Sheet Number ES-10 depicts a grab bar behind the water closet.

**RESPONSE: Defendant Cook County admits the allegations in Request No. 7.**

8. Admit the men's public bathroom in Division 9 has a grab bar behind the water closet.

**RESPONSE: OBJECTION** – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain which, if any, of the 9x produced drawings Plaintiff means to refer to in this Request, as unlike in Request Nos. 2-7, Plaintiff has not referred to any document by name. Defendant also further objects to this Request, to the extent that admissions related to the present state of Division 9 of the Department of Corrections Campus are sought, as seeking information better sought from Defendant Sheriff Dart.

**In light of and without waiving said objections, Defendant Cook County admits that the men's public bathroom in the Division 9 Lobby has two stalls with grab bars behind the water closets.**

9. Admit the women's public bathroom in Division 9 has a grab bar behind the water closet.

**RESPONSE: OBJECTION – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain which, if any, of the 9x produced drawings Plaintiff means to refer to in this Request, as unlike in Request Nos. 2-7, Plaintiff has not referred to any document by name. Defendant also further objects to this Request, to the extent that admissions related to the present state of Division 9 of the Department of Corrections Campus are sought, as seeking information better sought from Defendant Sheriff Dart.**

**In light of and without waiving said objections, Defendant Cook County admits that the women's public bathroom in the Division 9 Lobby has a stall with grab bars behind the water closet.**

10. Admit there is at least one staff bathroom for men in Division 9 with a grab bar behind the

water closet.

**RESPONSE: OBJECTION – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain which, if any, of the 9x produced drawings Plaintiff means to refer to in this Request, as unlike in Request Nos. 2-7, Plaintiff has not referred to any document by name. Defendant also further objects to this Request, to the extent that admissions related to the present state of Division 9 of the Department of Corrections Campus are sought, as seeking information better sought from Defendant Sheriff Dart.**

**In light of and without waiving said objections, Defendant Cook County admits the allegations in Request No. 10.**

11. Admit there is at least one staff bathroom for women in Division 9 with a grab bar behind

the water closet.

**RESPONSE: OBJECTION – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain which, if any, of the 9x produced drawings Plaintiff means to refer to in this Request, as unlike in Request Nos. 2-7, Plaintiff has not referred to any document by name. Defendant also further objects to this Request, to the extent that admissions related to the present state of Division 9 of the Department of Corrections Campus are sought, as seeking information better sought from Defendant Sheriff Dart.**

**In light of and without waiving said objections, Defendant Cook County admits the allegations in Request No. 11.**

12. Admit the "Cook County 1989 Budget" document reflects a funding period July 1, 1988, through January 1, 1990, with a "grant to provide drug treatment and screening services under a jail setting." Exhibit 17 at 31, Bates Stamped CCSAO Bennett 002902.

**RESPONSE: Defendant Cook County admits that Page 1 of Plaintiff's Exhibit 17 to these Requests, stamped as CCSAO Bennett 002902, states that "[t]his grant is to provide drug treatment and screening services under a jail setting." Defendant also admits that the page states: "FUNDING PERIOD: July 1, 1988 through January 1, 1990."**

13. Admit that during the funding period August 1, 1991, through July 31, 1992, a grant is identified in the "Cook County 1992 Budget" as No. 752 showing a grant to provide education and counseling to the inmate population at the Cook County Department of Corrections. Exhibit 17 Bennett at 41, Bates Stamped CCSAO Bennett 002912.

**RESPONSE: Defendant Cook County admits that Page 2 of Plaintiff's Exhibit 17 to these Requests, stamped as CCSAO Bennett 002912, describes a grant for Cermak Health Services, specifically for H.I.V. Educational Services, providing the following services:**

1. **To provide a current, effective, and culturally sensitive educational program about AIDS/HIV to seven hundred fifty (750) male detainees, many of whom are at risk, by the end of the project period as measured by the number of group participants.**
2. **To provide individual educational counseling and/or testing to two hundred fifty (250) male detainees at particular risk for exposure to HIV because of intravenous drug use or high-risk sexual behavior as measured by the number of HIV antibody test performed and the number of individual encounters.**
3. **To provide one (1) seminar per quarter (total 4) on HIV infection and AIDS for the Medical, Dental, Mental Health, Public Health, Nursing and Paramedic staff of Cermak Health Services during the grant period.**
4. **To train ten (10) peer educators by the 4th month of the contract period to participate in group presentations and provide outreach services to the inmate population at the CCDOC.**

**Defendant also admits that the page states: "FUNDING PERIOD: August 1, 1991, through July 31, 1992."**

14. Admit the Cook County 1992 Annual Appropriation Bill identifies the following 1991 Achievement: "Implemented the three (3) year federal grant to enhance AIDS education and

related services at an annual amount of $227,500.00" for inmates in the custody of the Cook County Department of Corrections. Exhibit 18, 1992 Annual Appropriation Bill at 3.

**RESPONSE: Defendant Cook County admits that Page 3 of Exhibit 18 to these Requests notes as a 1991 Achievement: "Implemented the three (3) year federal grant to enhance AIDS education and related services at an annual amount of $227,500.00."**

15. Admit the Cook County 1992 Annual Appropriation Bill identified the following 1991 Achievement: "Successfully recruited five (5) physicians through our federal designation by the National Health Services Corps" for Cermak Health Services. Exhibit 18, 1992 Annual Appropriation Bill at 3.

**RESPONSE: Defendant Cook County admits that Page 3 of Exhibit 18 to these Requests notes as a 1991 Achievement: "Successfully recruited five (5) physicians through our federal designation by the National Health Services Corps."**

16. Admit the Cook County 1991 Budget reflects the "Received Federal Grant for enhanced inmate identification process" under a section for "1990 Achievements." Exhibit 3.

**RESPONSE: Defendant Cook County admits that Plaintiff's Exhibit 3 to these Requests notes the following achievement under a section titled "1990 Achievements:" "Installation of new Data Processing Equipment to handle greater capacity caused by expansion and enabling newer versions of inmate tracking software to be installed. Established data interchange with Clerk's Office for incarcerated inmates going to court. Received Federal Grant for enhanced inmate identification process."**

17. Admit the Cook County 1992 Budget contains the following statement on page 168 for 1991 Achievements: "Received a Technical Assistance Grant to revise classification system." Exhibit 2.

**RESPONSE: Defendant Cook County admits that Plaintiff's Exhibit 2 to these Requests notes as a 1991 Achievement, the following statement: "Received a Technical Assistance Grant to revise classification system."**

18. Admit that on May 24, 1991, the Sheriff of Cook County transmitted a communication for the County Board to approve a contract in the amount of $20,083.00 for a personal services

5

Exhibit 1 Page 5

contract with the National Council on Crime and Delinquency for the agency to prepare a study on the design and implementation of an Inmate Classification System." Exhibit 1.

**RESPONSE**: **Defendant Cook County admits that Plaintiff's Exhibit 1 to these Requests represents what appears to be an Agreement, dated May 24, 1991, "requesting authorization for the Purchasing Agent to enter into a personal service contract with the National Council on Crime and Delinquency" for the agency to "prepare a study on the design and implementation of an Inmate Classification System[,]" with a contract amount noted of "$20,083.00." After a reasonable inquiry, the information known to or readily obtainable by Defendant Cook County is insufficient to enable it to admit or deny whether such agreement or communication was transmitted to the County Board or acted upon.**

                              **Respectfully submitted,**

                              */s/ Jason E. DeVore*
                              Jason E. DeVore
                              One of the Attorneys for Defendants

Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
Zachary G. Stillman (zstillman@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that **Defendant Cook County's Responses to Plaintiff's Second Sets of Requests to Admit** were sent via email correspondence to all below listed parties on December 6, 2024.

                              */s/ Zachary G. Stillman*
                              Zachary G. Stillman
                              One of the Attorneys for Defendants

Service List:
Thomas G. Morrissey
Patrick Morrissey
10257 S. Western Ave
Chicago, IL 60643
773 233 7901
Pwm@morrisseylawchicago.com
tgm@morrisseylawchicago.com