**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Magistrate Judge M. David Weisman |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT COOK COUNTY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

NOW COMES Defendant, COOK COUNTY (hereinafter "Defendant"), by and through

its attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for its

responses to Plaintiff's First Set of Requests to Admit, dated September 24, 2024, pursuant to Rule

36 of the Federal Rules of Civil Procedure, states as follows:

## REQUESTS

1. The "CCDOC Staffing Analysis" titled "August 2014" states "Division IX was built in

1992." Exhibit 2, August 2014 Staffing Analysis at 35.

**RESPONSE: Defendant Cook County admits that Exhibit 2 to Plaintiff's First Set of Requests to Admit, entitled "CCDOC Staffing Analysis – August 2014," states that "Division IX was built in 1992" on page 35.**

2. Division 9 is comprised of two interconnected three-story buildings – the north and south

towers.

**RESPONSE: Defendant Cook County admits the allegations in Request to Admit No. 2.**

3. There are a total of 24 tiers in Division 9.

**RESPONSE: Defendant Cook County admits the allegations in Request to Admit No. 3.**

Exhibit 2 Page 1

4.  Between March 7, 1988 and August 1, 1992, federal financial assistance was received for

programs, services, and/or activities at the Cook County Department of Corrections.

**RESPONSE: Defendant Cook County objects to this Request as vague and open to multiple interpretations because the use of the passive voice in drafting this request makes it unclear as to who Plaintiff is contending received financial assistance. Defendant Cook County, which is separate and distinct from the Cook County Sheriff, admits only that Cermak Health Services received federal financial assistance for programs, services, and/or activities at the Cook County Department of Corrections between 1989 and 1992. After a reasonable inquiry, the information known or readily obtainable is insufficient to enable it to admit or deny the allegations contained in the remainder of Request to Admit No. 4 with regard to receipt of funds during the year of 1988, and any receipt of such federal financial assistance by the Cook County Sheriff's Office for programs, services, and/or activities at the Cook County Department of Corrections.**

5.  Defendant Sheriff will not contest the federal financial assistant element required for a

claim under the Rehabilitation Act in this case.

**RESPONSE: This request is not directed to Cook County. Defendant Cook County has insufficient information to admit or deny the truth or falsity of the request.**

6.  Defendant Cook County will not contest the federal financial assistant element required for

a claim under the Rehabilitation Act in this case.

**RESPONSE: Defendant Cook County denies the allegations in Request to Admit No. 6.**

7.  From 1988 to 1992, Cermak Health Services received federal financial assistance for

programs, services, and/or activities for detainees at the Cook County Department of Corrections.

**RESPONSE: Defendant Cook County admits that from 1989 to 1992, Cermak Health Services received federal financial assistance for programs, services, and/or activities for detainees at the Cook County Department of Corrections. Defendant Cook County states that after a reasonable inquiry, the information known to or readily obtainable by it is insufficient to enable it to admit or deny whether Cermak Health Services received federal financial assistance as outlined in the year 1988.**

8.  Division 9 at the Cook County Department of Corrections opened in 1992.

**RESPONSE: OBJECTION – This Request to Admit seeks information that would be better sought from Defendant Sheriff Dart. In light of and without waiving said objection, pursuant**

2

Exhibit 2 Page 2

**to information obtained from Defendant Cook County Sheriff's Website[1], Defendant Cook County admits the allegations in Request to Admit No. 8.**

9.  From May 8, 2022 until at least September 24, 2024, there were no fixed grab bars in

proximity to the toilets in any of the cells or dayrooms in Division 9.

**RESPONSE: OBJECTION – This Request to Admit seeks information that would be better sought from Defendant Sheriff Dart. In light of and without waiving said objection, Defendant Cook County admits that the Division 9 blueprints do not show fixed grab bars in proximity to the toilets in any of the cells or dayrooms in Division 9 at present.**

10. From May 8, 2022 until at least September 24, 2024, there were no fixed mounted seats

for any of the detainees showers in Division 9.

**RESPONSE: OBJECTION – This Request to Admit seeks information that would be better sought from Defendant Sheriff Dart. In light of and without waiving said objection, Defendant Cook County admits that the Division 9 blueprints do not show fixed mounted seats for any of the detainee showers in Division 9 at present.**

11. From May 8, 2022 until at least September 24, 2024, there were no fixed grab bars in

proximity to any of the detainee showers in Division 9.

**RESPONSE: OBJECTION – This Request to Admit seeks information that would be better sought from Defendant Sheriff Dart. In light of and without waiving said objection, Defendant Cook County admits that the Division 9 blueprints do not show fixed grab bars in proximity to any of the detainee showers in Division 9 at present.**

12. On September 13, 2024, defendant Dart served a supplemental response to production (in

response to the names and last known addresses of detainees that have been assigned to Division

9 with an alert for a cane, crutch, or walker from May 8, 2022 to the present) and stated, in part,

"Defendant Cook County Sheriff Thomas Dart is instead producing the total numbers of such

detainees, rather than the requested list of names of individuals. In the requested time period, there

were 103 detainees with alerts for canes, crutches, and walkers (including both long distance and

---

[1] https://www.cookcountysheriffil.gov/departments/cook-county-department-of-corrections/divisions-of-jail/

Exhibit 2 Page 3

short distance alerts), assigned to Division 9." Dkt. 23-5, Sheriff Supplemental Response to

Production ¶ 6.

**RESPONSE: OBJECTION – This Request to Admit seeks information not in the control of Defendant Cook County, that would be better sought from Defendant Sheriff Dart. Defendant Sheriff Dart drafted the specified Supplemental Response, not Cook County. Without waiving and in light of this objection, Defendant Cook County admits only that Defendant Sheriff Dart served a supplemental response to production on September 13, 2024, and refers Plaintiff further to Defendant Sheriff Dart's Response to Request to Admit No. 12.**

13. You are requested to admit the authenticity of the FY Business Case with the Project

Title "ADA Assessment and Improvements: Divisions 2, 4, 6, 9, and 10" dated April 3, 2018,

attached as Exhibit 1, as an original or copy.

**RESPONSE: OBJECTION – This Request to Admit is vague and insufficiently explained. Defendant Cook County is uncertain what Plaintiff means by "*as an original* or copy." The attached document has numerous file stamps, including one from another case handled by Plaintiff's Counsels, and is clearly not an original document. Without waiving and in light of this objection, Defendant Cook County states that after a reasonable inquiry, an original of the "FY19 Business Case: ADA Assessment and Improvements: Divisions 2, 4, 6, 9, and 10" could not be identified for comparison, but that the document appears authentic, and therefore admits the authenticity of the document attached as Exhibit 1 as a copy.**

14. Plaintiff Rogers was assigned to Division 9, Tier 2C, Cell 2185 from November 18, 2021

to November 19, 2021.

**RESPONSE: OBJECTION – This Request to Admit seeks information not in the control of Defendant Cook County, that would be better sought from Defendant Sheriff Dart. Defendant Cook County does not control the Cook County Department of Corrections, nor does it have any access to or control over inmate records and data, outside of medical related records. Without waiving and in light of this objection, Defendant Cook County states that after a reasonable inquiry, the information known to or readily obtainable by it is insufficient to enable it to admit or deny the allegations contained in Request No. 14.**

15. From October 13, 2021 to February 15, 2022, plaintiff Rogers had a medical alert for "cane

long distance only."

**RESPONSE:  OBJECTION – This Request to Admit seeks information not in the control of Defendant Cook County, that would be better sought from Defendant Sheriff Dart. Defendant Cook County does not control the Cook County Department of Corrections, nor**

4

Exhibit 2 Page 4

does it have any access to or control over inmate records and data, outside of medical related records. Without waiving and in light of this objection, Defendant Cook County admits only that Plaintiff Rogers was at one time issued a medical alert for "cane long distance only." After a reasonable inquiry, the information known to or readily obtainable by Defendant Cook County is insufficient to enable it to admit or deny the dates when such alert may have remained in place and refers to Defendant Sheriff Dart's Response to Request to Admit No. 15.

16. Plaintiff Rogers was assigned to Division 9 from April 21, 2022 until April 10, 2024.

**RESPONSE: OBJECTION – This Request to Admit seeks information not in the control of Defendant Cook County, that would be better sought from Defendant Sheriff Dart. Defendant Cook County does not control the Cook County Department of Corrections, nor does it have any access to or control over inmate records and data, outside of medical related records. Without waiving and in light of this objection, Defendant Cook County states that after a reasonable inquiry, the information known to or readily obtainable by it is insufficient to enable it to admit or deny the allegations contained in Request No. 16, and therefore refers Plaintiff to Defendant Sheriff Dart's Response to Request to Admit No. 16.**

17. From April 18, 2022 until at least April 10, 2024, plaintiff Rogers had a medical alert for

"walker long distance only."

**RESPONSE: OBJECTION – This Request to Admit seeks information not in the control of Defendant Cook County, that would be better sought from Defendant Sheriff Dart. Defendant Cook County does not control the Cook County Department of Corrections, nor does it have any access to or control over inmate records and data, outside of medical related records. Without waiving and in light of this objection, Defendant Cook County admits only that Plaintiff Rogers was at one time issued a medical alert for "walker long distance only." After a reasonable inquiry, the information known to or readily obtainable by Defendant Cook County is insufficient to enable it to admit or deny the dates when such alert may have remained in place and refers to Defendant Sheriff Dart's Response to Request to Admit No. 17.**

> **Respectfully submitted,**
>
> */s/ Jason E. DeVore* _____
> Jason E. DeVore
> One of the Attorneys for Defendants

Troy S. Radunsky (tradunsky@devoreradunsky.com)
Jason E. DeVore (jdevore@devoreradunsky.com)
Zachary G. Stillman (zstillman@devoreradunsky.com)
DeVore Radunsky LLC
230 W. Monroe Ste 230
Chicago, IL 60606
*Counsel for Defendants*

Exhibit 2 Page 5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendant Cook County's Responses to Plaintiff's First Sets of Requests to Admit** were sent via email correspondence to all below listed parties on October 24, 2024.

/s/ *Zachary G. Stillman*
Zachary G. Stillman
One of the Attorneys for Defendants

Service List:
Thomas G. Morrissey
Patrick Morrissey
10257 S. Western Ave
Chicago, IL 60643
773 233 7901
Pwm@morrisseylawchicago.com
tgm@morrisseylawchicago.com

6

Exhibit 2 Page 6