IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 24-cv-3739 |
| -*vs*- | ) | |
| | ) | Judge Weisman |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on December 19, 2024, Dkt. 46, file the following joint status report:

1. **Inspection of Division 9**

Defendants will agree to an in-person inspection of a representative living unit where plaintiff Rogers was assigned in Division 9, including the shower rooms. The parties will stipulate all living units in Division 9 are substantially similar in terms of the cell layout, toilets and showers.

Defendants will not allow plaintiff's counsel to inspect and photograph any of the staff or public bathrooms in Division 9, as Defendants contend that neither the construction nor the layout of the staff bathrooms are at issue. Defendants believe the allegations in the Complaint do not relate to Division 9 staff bathrooms and an inspection is not necessary to obtain whatever information Plaintiffs believe they need beyond the photographs already provided by Defendants in accordance with the Court's Orders. (ECF No. 37.) Defendants do not believe that Plaintiff has explained why the photographs are not sufficient. Plaintiff's counsel contends it is relevant to inspect these areas to demonstrate deliberate indifference;

that the defendants designed and implemented accessible bathrooms in Division 9 for staff and the public but made a deliberate decision not to make any inmate toilet and shower accessible. Plaintiff's counsel also adds that in *Bennett v. Dart*, 18-cv-4268, a Rule 23(b)(3) class concerning toilet and shower accessibility in Division 10 for detainees, the Sheriff permitted an inspection of the accessible staff and public bathrooms. Defendants' Counsel notes that the issues in this case relate to Division 9, not Division 10 which was at issue in the *Bennett* Case.

**2. Plaintiff's Rule 30(b)(6) Deposition notice served 9/24/2024**

The Parties have completed 30(b)(6) Depositions related to Topic 5. Defendants are working towards identifying appropriate witness designees and completing additional depositions related to the 30(b)(6) Notice.

a. Topics 1-3 regarding receipt of federal financial assistance.

> Defendants Sheriff and Cook County have each been asked to designate a witness to testify regarding receipt of federal financial assistance from March 7, 1988 to August 1, 2022, for programs, services, and/or activities at the Department of Corrections. Neither defendant has identified a designee yet. Defendants are diligently investigating with regard to this topic. With respect to records before 2010, Defendant Sheriff is investigating whether a suitable designee exists to testify regarding this Topic. Defendant Sheriff continues to offer to enter into a stipulation not to contest the receipt of federal financial assistance for purposes of this case, given the difficulty in obtaining adequate records going back to 1988. Defendant Sheriff believes this to be a fair and efficient solution. From plaintiff's perspective, defendant has not offered any language for a stipulation and given the lack of progress with this issue, Rule 30(b)(6) testimony is necessary.
>
> Defendant Cook County will designate a witness to discuss receipt of federal financial assistance for the Cook County Department of Capital Planning from March 7, 1988 to August 1, 1992. Defendant expects Eric Davis will be the designee. No date has been offered for this deposition.

    A witness has been requested for designation by Defendant Cook County to discuss receipt of federal financial assistance for the Department of Facilities Management between March 7, 1988 and August 1, 1992. Defendant Cook County is investigating whether a suitable designee exists to testify regarding this Topic.

b. Topic 4 – the dates relating to construction of Division 9

    As discussed in the prior status report, plaintiff's counsel contends it is relevant when Division 9 was constructed and altered. *See* Dkt. 31, Status Report at 2. The Rehabilitation Act's structural requirements apply only to "construction[] or alteration of buildings" as of March 7, 1988. 28 C.F.R. § 42.522(b); *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020).

    On November 4, 2024, Defendant Cook County produced an original architectural drawing for Division 9 which appears to support plaintiff's allegation the Rehabilitation Act structural standards apply because the building was constructed after March 7, 1988. This drawing identifies 8/4/1989 for "General Construction Permit" and at least one change order is dated 10/27/1989. *See* DR 010340.

    Defendants contend that the dates of construction would be reasonably established by written discovery or admissions. Defendant has not proposed any stipulation regarding this issue. Plaintiff is willing to consider a stipulation to address the need for Rule 30(b)(6) testimony on this topic.

3. **Fact witnesses**

On January 16, 2025, the parties had a phone conferral and discussed the need to schedule the following depositions before the close of fact discovery. Plaintiff's counsel expressed general availability over the next month to schedule depositions. Defendants are working to determine dates and expect to further confer with Plaintiff's Counsel regarding dates for the following depositions:

| Witness | Relevant information | Confirmed date |
|---|---|---|
| Plaintiff Rogers | The plaintiff, currently at Cook County Jail | |
| Evander Foster | Disclosed by plaintiff/putative class member. Current at MCC | |

| | | |
|---|---|---|
| | under Registration Number 55063-424 | |
| Darnell Johnson | Disclosed by plaintiff/putative class member. Currently at Cook County Jail, 2020-0804081 | |
| Antoine Pierce | Disclosed by plaintiff/putative class member. Current in IDOC Big Muddy River Correctional Center M12662. | |
| Sgt. Richard Szul | Identified in a grievance by plaintiff regarding inaccessible conditions in Division 9 | |
| Lt. Kevin Meller | Responded to plaintiff's grievance regarding inaccessible conditions in Division 9 | |
| PA Olamide Taiwo | PA who treated plaintiff in Division 9 and documented at least one conversation regarding inaccessible conditions in building | |

**4. Documents regarding ADA renovations to Division 9**

The City of Chicago Department of Buildings website states a permit was issued on May 13, 2005 for interior and exterior ADA renovations to Division 9 "per plans." Dkt 36-1 at 2. Plaintiff requests defendants to produce documents regarding these renovations to Division 9. Defendant Sheriff submits that any such documents would be in the possession, custody and control of Cook County.

Defendants have investigated for responsive documents and, as of today's date, have not located any documents.

**5. Plaintiff's Responses to Defendants' Requests to Admit**

-4-

Defendants' Position

Plaintiff's counsel contends that the term "unrestricted use of a cane, crutch or walker while housed in Division 9" is confusing in relation to requests to admit. The term unrestricted is not a jail specific term and should be afforded its common dictionary meaning. The parties are in discussion to determine if this issue can be resolved without motion practice. Plaintiff's characterization of deposition testimony should not preclude him from fully responding to Defendants' Requests.

Plaintiff's Position

The parties conferred by phone on January 16, 2025, regarding plaintiff's response to admissions. The parties discussed the term "unrestricted use of a cane, crutch, or walker" is not a term used at the Cook County Jail. Even the Sheriff's Rule 30(b)(6) designee, Larry Gavin, said the County medical staff has not told the Sheriff what it means if a person has a long distance only cane, crutch, or walker. *See* Dkt. 48-2, Gavin Dep 25:8-26:12. The County's Rule 30(b)(6) designee, Dr. Andrew DeFuniak, said he does not know if a person with a long-distance cane, crutch, or walker is permitted to use the device on the living unit. Dkt. 48-1, DeFuniak Dep 54:14-55:13.

The parties agreed to continue conferring regarding defendants' concern regarding plaintiff's responses to requests to admit, including the possibility of a stipulation that no inmate is permitted to use a cane, crutch, or walker within the living unit in Division 9.

        Respectfully submitted,

        /s/ Patrick Morrissey
        ARDC No. 6309730
        Thomas G. Morrissey, Ltd.
        10257 S. Western Ave.
        Chicago, IL 60643

(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Jason E. DeVore (with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*

-6-