IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 24-cv-3739 |
| -*vs*- | ) | |
| | ) | Judge Rowland |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE PERSUASIVE AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DKT. 11**

Plaintiff Kavarian Rogers, by counsel, moves the Court for leave to file persuasive authority, the district court's order in *Hernandez v. Dart*, 23-cv-16970, Dkt. 70, denying a nearly identical motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as persuasive authority in opposition to defendants' motion to dismiss, Dkt. 11.

Grounds for this motion are as follows:

1.      Plaintiff Kavarian Rogers, an individual with a substantial mobility impairment assigned a walker when assigned to Division 9, alleges the toilets and showers in Division 9 do not comply with the structural standards required by the Rehabilitation Act and Americans with Disabilities Act (ADA).

-1-

2.      *Hernandez v. Dart*, 23-cv-16970, alleges two ramps at the Cook County Jail (the Cermak ramp and RTU east tunnel ramp) violate the structural standards required by the ADA.[1]

3.      Prior to granting class certification in *Hernandez,* defendants Sheriff and Cook County – represented by the same counsel – filed a motion to dismiss pursuant to Rule 12(b)(6). The motion to dismiss was premised on grounds the complaint did not "identify the dates of the incidents and the dates that Plaintiff was a resident at the Cook County Department of Corrections. Exhibit 1, *Hernandez* Order at 1. This argument was overruled and the court held the complaint satisfied Rule 8 of the Federal Rule of Civil Procedure. *Id.* The *Hernandez* court also denied defendants' motion to dismiss the Illinois Restoration Act claim after January 1, 2024 "without prejudice to defendants' raising it at a later time after the close of discovery." *Id.* at 1-2.

4.      Defendants' pending motion to dismiss this case is nearly identical to the one filed in *Hernandez. See* Dkt. 11, Defendants' Motion to Dismiss.

It is therefore respectfully requested that the Court grant plaintiff's motion for leave to file this motion calling attention to the recent decision in *Hernandez v. Dart*, 23-cv-16970, Dkt. 70, Order, Exhibit 1, as persuasive authority in opposition to defendants' pending motion to dismiss.

---

[1] The *Hernandez* court certified a Rule 23(b)(2) class for all individuals assigned a walker, cane, or crutch for at least two weeks who traversed either the RTU east tunnel and/or the Cermak ramp. 2024 WL 4903906, at *5 (N.D. Ill. Nov. 27, 2024) (Harjani, J.). The court also certified classes under Rule 23(b)(3) for similarly situated individuals who traversed the RTU east tunnel and/or Cermak ramp. *Id.*

Respectfully submitted,

/s/  Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for the plaintiff*