IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kavarian Rogers, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | 24-cv-3739 |
| -*vs*- ) | |
| ) | Judge Weisman |
| Thomas Dart, Sheriff of Cook County, ) | |
| and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on December 19, 2024, Dkt. 46, file the following joint status report:

1. **Inspection of Division 9**

Defendants will agree to an in-person inspection of a representative living unit where plaintiff Rogers was assigned in Division 9, including the shower rooms. The parties will stipulate all living units in Division 9 are substantially similar in terms of the cell layout, toilets and showers. The inspection will be governed by a written protocol agreed upon by plaintiff at least 3 days prior to the inspection. Defendants will provide plaintiff with a draft protocol by February 10.

Defendant CCSO will facilitate inspection of a designated portion Division 9, Tier 2C, including the shower room, day room, and the insides of cells 2158 and 2162. Inspection of a men's and women's handicapped staff bathrooms (two bathrooms total) in Division 09, Rooms 0015 and 0050. The two staff bathrooms have not been identified as being part of plaintiff's claims in this litigation, but defendants endeavor to bring finality

to this process by allowing this inspection. Defendant Sheriff's concession here, in the interest of cooperation, should not be taken as an admission of relevance in any sense. Defendants Sheriff's cooperation also may not be used against the Sheriff in the future cases as evidence supporting relevant or reasonable scope on an inspection.

The parties have agreed to set this inspection for February 20, 2025, and plaintiff's expert consultant, Gary Keclik, will be permitted to measure and photograph the inspected areas.

**2. Plaintiff's Rule 30(b)(6) Deposition notice served 9/24/2024**

The parties held a telephone conferral on January 31, 2025. Defendants are in the process of identifying appropriate witnesses for the following Rule 30(b)(6) topics.

Defendants are amenable to addressing this issue by stipulation, as in other cases. Since the last status, defendants have not proposed any stipulation in lieu of the Rule 30(b)(6) testimony and, during a prior status hearing, plaintiff's counsel explained why the stipulation in *Bennett v. Dart*, 18-cv-4268, is not acceptable in this case. Defendants will consider an alternative stipulation if plaintiff provides one.

**a. Topics 1-3 regarding receipt of federal financial assistance.**

Defendants Sheriff and Cook County have each been asked to designate a witness to testify regarding receipt of federal financial assistance from March 7, 1988 to August 1, 1992, for programs, services, and/or activities at the Department of Corrections.

<u>Defendants' Comments</u>

Defendant Sheriff remains concerned that it is unable to provide an affirmative or negative response to the general question, due to the passage of time and limited availability of documents concerning the specifics of budget designations between March 1988 and August 1992, over 33 years ago. Defendant Sheriff has no responsive documents in its possession, custody, or control, and the County documents located and produced by Plaintiff do not make it clear which were grants were federal, state, or private, or , in other instances, which agency received federal funds.

Defendant Sheriff anticipates that any witness would simply testify that the Sheriff is not able to make a clear conclusion. This issue has been the subject of inquiry in related cases with the same Plaintiff's counsel for years, including *Bennett v. Dart et al.*, 18-cv-4268; *Walker v. Cook County et al.*, 20-cv-261; *Westmoreland v. Dart.*,23-cv-1851, and *Westmoreland v Dart*, 21-CV-4330 (Westmoreland I.). In *Bennett,* after considering all of the document produced by Plaintiff's counsel, *see* Bennett v. Dart, 18-cv-4268, ECF No. 283-2*,* unable to confirm or deny the allegation, Defendant Sheriff plainly stipulated that it would not contest this element for the purposes of the *Bennett* litigation. See Docket No. 252-1, *Bennett v. Dart et al*., 18-cv-4268. It is not clear to Defendant why Plaintiff would refuse to resolve this issue in the same manner here.

Defendant Cook County will designate a witness to discuss receipt of federal financial assistance for the Cook County Department of Capital Planning from March 7, 1988 to August 1, 1992. Defendant expects Eric Davis will be the designee. No date has been offered for this deposition.

A witness has been requested for designation by Defendant Cook County to discuss receipt of federal financial assistance for the Department of Facilities Management between March 7, 1988 and August 1, 1992. Defendant Cook County is investigating whether a suitable designee exists to testify regarding this Topic.

Plaintiff's Comments

Defendants' comments regarding Topic 1 are silent about whether Cook County will produce a designee to discuss federal financial assistance for the benefit of the Department of Corrections from March 7, 1988 to August 1, 1992.

    b. Topic 4 – the dates relating to construction of Division 9

> Topic 4 seeks testimony regarding the construction of Division 9, including the date when bid documents were due to Cook County and change orders regarding Division 9 construction. This topic is directed at defendants Sheriff and Cook County.
>
> Plaintiff's counsel contends it is relevant when Division 9 was constructed and altered. *See* Dkt. 31, Status Report at 2. The Rehabilitation Act's structural requirements apply only to "construction[] or alteration of buildings" as of March 7, 1988. 28 C.F.R. § 42.522(b); *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020). Defendant Cook is determining if an appropriate witness is available or if a stipulation is possible.

**3. Fact witnesses**

Since the filing of the joint status report on January 21, 2025, plaintiff's counsel has "expressed general availability over the next month to schedule depositions." Dkt. 52, Joint Status at 3.

The parties held a telephone conferral on January 31, 2025, regarding dates to complete depositions of fact witnesses. Defendants elicited the following available dates

from plaintiff: 2/3, 2/4, 2/6 after 10:30 am, 2/7, 2/10-2/12, 2/17-2/20, 2/24. Defendants' counsel is confirming availability.

| Witness | Relevant information | Confirmed date |
|---|---|---|
| Plaintiff Rogers | The plaintiff, currently at Cook County DOC | |
| Evander Foster | Disclosed by plaintiff/putative class member. Currently at MCC under Registration Number 55063-424 | |
| Darnell Johnson | Disclosed by plaintiff/putative class member. Currently at Cook County Jail, 2020-0804081 | |
| Antoine Pierce | Disclosed by plaintiff/putative class member. Currently in IDOC Big Muddy River Correctional Center M12662. | |
| Sgt. Richard Szul | Identified in a grievance by plaintiff regarding inaccessible conditions in Division 9 | |
| Lt. Kevin Meller | Responded to plaintiff's grievance regarding inaccessible conditions in Division 9 | |
| PA Olamide Taiwo | PA who treated plaintiff in Division 9 and documented at least one conversation regarding inaccessible conditions in building | |

**4. Documents regarding ADA renovations to Division 9**

The City of Chicago Department of Buildings website states a permit was issued on May 13, 2005 for interior and exterior ADA renovations to Division 9 "per plans." Dkt

36-1 at 2. Plaintiff requests defendants to produce documents regarding these renovations to Division 9. Defendant Sheriff submits that any such documents would be in the possession, custody and control of Cook County.

Defendants has not located any responsive documents.

**5. Plaintiff's Responses to Defendants' Requests to Admit**

<u>Plaintiff's Position</u>

Following the last status, defendants waited until the afternoon of January 31, 2025, to continue a conferral regarding this topic. During the January 31st telephone conferral, plaintiff's counsel proposed that either the parties stipulate no inmate is permitted to use a cane, crutch, or walker inside the housing unit in Division 9 or that defendants served revised requests to admit regarding this topic.

<u>Defendants' Position</u>

The parties conferred by telephone regarding Plaintiff's response to certain requests to admit on January 31, 2025. Defendants have asked plaintiff to provide a declaration with proposed language regarding plaintiff's long distance only alert. Plaintiffs have refused to do so. Defendants may have to move to compel if Plaintiff's are not willing to be clear about where or why the language is objectionable.

Defendants are issuing revised requests to admit regarding plaintiff's alerts.

Respectfully submitted,

/s/ Patrick Morrissey

ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Jason E. DeVore (with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*attorneys for defendants*