IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 24-cv-3739 |
| -vs- | ) | |
| | ) | Judge Rowland |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT CLASS CERTIFICATION WITH *ARREOLA v. GODINEZ,* 546 F.3d 788 (7th Cir. 2008)**

Plaintiff Kavarian Rogers, by counsel, moves the Court for leave to supplement the class certification record with *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008), along with a Division 9 Policy from 2000 that is part of the *Arreola* record.

Grounds for this motion are as follows:

1. Plaintiff Kavarian Rogers is detained at the Cook County Department of Corrections and alleges the policy to assign individuals with canes, crutches, and walkers to Division 9 violates rights secured under the Rehabilitation Act and Americans with Disabilities Act (ADA) because the Division lacks accessible toilets and showers for inmates. Dkt. 1, Complaint ¶¶ 10-26. Plaintiff seeks to represent classes pursuant to Rules 23(b)(2) and (b)(3) comprised of mobility impaired detainees assigned canes, crutches and walkers housed in Division 9. *Id.* ¶¶ 26-28.

2. In 2008, the Seventh Circuit entered an opinion in *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008), concerning a Rule 23(f) appeal by a plaintiff seeking to represent a class "of inmates who have been injured by the [Cook County] Jail's policy of denying crutches in certain areas of the Jail to the inmates who live there." 546 F.3d at 790.

3. The *Arreola* plaintiff "was housed in Division Nine" and "[l]ike almost all housing areas in the facility, Division Nine was governed by an official Jail policy that prohibits inmates housed there from using crutches or canes whenever they are in the 'living units.'" 546 F.3d at 791. The Seventh Circuit explained " those medical devices - to which inmates can obtain access only if a doctor has prescribed their use - are 'to be stored in the officer's control room' at all times when the inmate is in the living units," that "[w]hen inmates are 'off of the living units', they may use their crutches and canes," and "[t]he 'living units' include the inmates' cells, a dayroom, bathrooms, and a shower area[] [and] [t]he inmates spend almost all of their time in these areas." 546 F.3d at 791.

4. The Seventh Circuit also referenced a "one page" policy applicable to Division 9. This policy, revised in November 2000, acknowledges "Division Nine is not handicapped accessible on the living units" meaning the inmate bathrooms and showers are not accessible, and that inmates are prohibited from using crutches and canes on the living unit. 546 F.3d at 791-92.

5. Plaintiff's counsel, while conducting legal research this week by review of the *Arreola* docket on PACER, uncovered the one-page policy. Plaintiff seeks leave to bring this document, attached as Exhibit 1, to the Court's

attention. This document is relevant to the pending motion for class certification because: (1) it is additional evidence Division 9 inmate toilets and showers are not accessible, (2) that the Sheriff has known about this issue since at least November 2000 when the policy was revised, and (3) that the Sheriff and County apply the same policy today, as explained in plaintiff's reply memorandum in support of class certification. *See* Dkt. 48, Reply in Support of Class Certification at 3-4 (citing Larry Gavin, the Sheriff's Rule 30(b)(6) designee, that no inmate is allow to use a cane, crutch, or walker in Division 9 and no accommodation is offered to toilet or shower).

6. Additionally, the Seventh Circuit's decision outlines the relevant law on standing when an incarcerated plaintiff "is seeking, on behalf of the putative class, both injunctive relief and damages." 546 F.3d at 790.

7. In *Arreola*, the Seventh Circuit clarified "standing and entitlement to relief are not the same thing" and "the two concepts unfortunately are blurred at times." 546 F.3d at 794-95. The Court further instructed:

> When deciding questions of standing, courts must look at the case as a whole, rather than picking apart its various components to separate the claims for which the plaintiff will be entitled to relief from those for which he will not. If the court becomes too enmeshed in the plaintiff's entitlement to relief, it will stray beyond the standing inquiry into the merits. Here, the district court appears to have made just this error when it found that Arreola "lacked standing *to pursue injunctive relief*" as a result of the fact that he was no longer housed at the Jail and was unlikely to return at all – much less to return with a lower- extremity fracture that would require the use of crutches or a cane - such that he would be reasonably likely to be subjected to the Policy again. As we explain, the district court was correct to see a problem with this part of Arreola's case, but the problem is not one of standing.

*Arreola*, 546 F.3d at 795.

8.      The Seventh Circuit held "Arreola satisfied each of the Article III requirements for standing to sue[] [because] [h]is complaint alleged an 'injury in fact' that is traceable to the Crutch Policy and can be redressed by a lawsuit." 546 F.3d at 795. The same reasoning applies here. Plaintiff Rogers alleges an injury that is traceable to the policy to assign mobility impaired individuals to Division 9, a building with no accessible inmate showers and toilets, that can be redressed by this lawsuit. A copy of the Seventh Circuit's Opinion in *Arreola* is attached as Exhibit 2.

It is therefore respectfully requested that the Court grant plaintiff leave to supplement his motion for class certification calling attention to *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008) along with the Division 9 "Divisional Policy" cited by the Seventh Circuit in *Arreola* and attached as Exhibit 1.

>                      Respectfully submitted,
>
> /s/   Patrick W. Morrissey
>       Thomas G. Morrissey, Ltd.
>       10257 S. Western Ave.
>       Chicago, IL 60643
>       (773)233-7901
>       pwm@morrisseylawchicago.com
>
>       *an attorney for the plaintiff*