IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 24-cv-3739 |
| -*vs*- | ) | |
| | ) | Judge Weisman |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION TO COMPEL INSPECTION**

Plaintiff Kavarian Rogers, by counsel, moves the Court to compel an inspection of the Cook County Department of Corrections.

Grounds for this motion are as follows:

1. The Court directed the plaintiff to file a motion regarding the inspection of Division 9 of the CCDOC by February 13, 2025. Dkt. 59, Minute entry.

2. In the prior status report, defendant agreed to provide a draft inspection protocol by February 10, 2025. Dkt. 58, Joint Status at 1. Defendants, however, were unable to provide a draft inspection agreement until February 12th.

3. Defendants have agreed to allow plaintiff and his expert to inspect the two public bathrooms defendants believe are accessible, two designated accessible staff bathrooms, and certain areas on Tier 2C (including two cells, the dayroom, and the communal bathroom that contains toilets and showers).

4. Defendants' proposed inspection protocol is not acceptable to plaintiff because it limits the inspection to 30 minutes. The parties conferred by telephone on February 12th and it appeared that the parties agreed to language for the inspection protocol, namely that best efforts would be made by plaintiff's architect to inspect Tier 2C in an hour or less. The parties agreed a time limit for inspection the public bathroom and staff bathroom was unnecessary because the areas are removed from the location where inmates are housed. Plaintiff's counsel made this edit to the draft protocol and sent it back to defendants on February 12. Plaintiff's redline change is attached as Exhibit 1.

5. On February 13, at about noon, defense counsel proposed additional edits that the entire inspection (Tier 2C, two staff bathrooms, and two public bathrooms) would be completed within one hour. Plaintiff's counsel cannot agree to this language because, once inside Division 9, plaintiff's counsel has no control over movement between various areas of the Jail and is uncertain if all locations can be inspected within this time period.

6. The parties had another conferral by phone on February 13 and were unable to reach an agreement because defense counsel did not have authority from the Sheriff.[1]

---

[1] Defendants also have not provided any dates for Rule 30(b)(6) witnesses (regarding the receipt of federal financial assistance and dates regarding the construction of Division 9) to be deposed prior to February 21st, the close of fact discovery. Dkt. 21, Minute entry. Similarly, defendants have not offered any dates for two correctional supervisors (Lt. Meller and Sgt. Szul) to be produced for an in-person deposition prior to the close of fact discovery and no dates have been proposed to depose former detainees, Mr. Foster (currently at the MCC) and Mr. Pierce (currently at the Big Muddy River Correctional Center).

It is therefore respectfully requested that the Court compel defendants to permit an inspection of Division 9 on February 20, 2025, without a one-hour time limit. Plaintiff's counsel agrees to perform this inspection as quickly as possible and will adhere to any direction from the correctional staff to minimize disruption and preserve the security of the institution.

        Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
pwm@morrisseylawchicago.com
*an attorney for plaintiff*