iIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KAVARIAN ROGERS;

Plaintiff,

v.

THOMAS DART, SHERIFF OF COOK
COUNTY, AND COOK COUNTY,
ILLINOIS,

Defendants.

Case No. 24-cv-03739

Judge Mary M. Rowland
Judge M. David Weisman

## MEMORANDUM OPINION AND ORDER

Plaintiff Kavarian Rogers, an inmate at Cook County Jail who requires accommodations to perform everyday life activities, alleges that Cook County Sheriff, Thomas Dart, and Cook County, Illinois (collectively, "Defendants") have not installed grab bars or mounted shower seats in the toilets and showers of Division 9 in the jail, in violation of Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 ("ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) ("RA"). Plaintiff also asserts claims arising under the Illinois Civil Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq*. This Court previously denied Defendants' motion to dismiss. [74]; [75]. Before the Court is Plaintiff Rogers's motion to certify this action as a class action under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). For the reasons explained below, Rogers's motion to certify [22] is granted as to a Rule 23(b)(2) class and granted as to a Rule 23(b)(3) class.

1

## BACKGROUND

Plaintiff Kavarian Rogers has been an inmate at the Cook County Department of Corrections ("CCDOC") since April 2, 2020. [1] ¶ 2. Rogers's ability to move around and to stand is substantially limited due to an injury, and as a result, he requires accommodations for ambulating, showering, and toileting. *Id.* ¶¶ 10–11. For at least two years and at the time he initiated this suit, Rogers has been housed in Division 9. *Id.* ¶ 16. Division 9 is designated as a housing location for detainees with mobility disabilities that require auxiliary aids, such as a cane, crutch, or walker, but do not require medical housing. *Id.* ¶¶ 15, 17. There are no grab bars or mounted shower seats in Division 9 to assist inmates. *Id.* ¶¶ 18–19. Without a mounted shower seat and grab bars, Plaintiff alleges he and other similarly situated disabled inmates are unable to shower on the same basis as abled body inmates. *Id.* ¶¶ 21–22. Rogers contends he has experienced and continues to experience pain when showering and toileting, including physical injuries from falling in the shower. *Id.* ¶¶ 21, 23.

Plaintiff seeks to represent a class of "all individuals at Cook County Jail prescribed a cane, crutch, or walker by a jail medical provider assigned to Division 9" under Rule 23(b)(2) and "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgment" under Rule 23(b)(3) to resolve the issue under Rule 23(c)(4) regarding whether the toilets and showers complied with the Structural Standards required pursuant to the RA. [22] at 1–2. Plaintiff moved to certify the Rule 23(b)(2) and Rule 23(b)(3) classes and Defendants opposed. *See*

2

[22]; [43]. The Court now considers Plaintiff's motion for class certification.

## STANDARD

Under Rule 23(a), class certification is permitted only when: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The class then must satisfy the requirements of one or more of the three types of classes of Rule 23(b). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541 (2011) (emphasis in original).

"Plaintiff[] bear[s] the burden of showing that a proposed class satisfies the Rule 23 requirements, but…[i]t is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citation omitted). The Court must engage in a "rigorous analysis," resolving material factual disputes that bear on the certification requirements where necessary. *Wal-Mart Stores*, 564 U.S. at 350–51; *Bell v. PNC Bank, Nat. Ass'n,* 800 F.3d 360, 377 (7th Cir. 2015). But "[i]n conducting [the Rule 23] analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811; *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66, 133 S.Ct. 1184 (2013); *Dancel*

*v. Groupon, Inc.*, 949 F.3d 999, 1005 (7th Cir. 2019) (the analysis involves "a 'peek at the merits' that is 'limited to those aspects of the merits that affect the decisions essential under Rule 23.'") (citation omitted).

## ANALYSIS

Defendants challenge Rogers's class certification motion on the grounds that Plaintiff (1) fails to define an ascertainable class; (2) does not satisfy Rule 23(a)'s requirements; and (3) cannot show certification is appropriate under Rules 23(b)(2), 23(b)(3), or 23(c)(4). The Court addresses each requirement under Rule 23 in turn.

### I. Ascertainability

Rule 23, as interpreted and applied by the Seventh Circuit, requires "that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 657 (7th Cir. 2015). This requirement allows the court to "identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Id.* at 660. Class definitions that are too vague, subjective, or framed in terms of success on the merits are insufficient. *Id.* at 659–60. "To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Id.* at 660. Likewise, plaintiffs avoid issues of subjectivity and the problem of a fail-safe class "by defining the class in terms of [defendants'] conduct (an objective fact) rather than a state of mind" and so that "membership does not depend on the liability of the defendant[s]." *Id.* at 660.

4

The proposed class definitions in this case avoid these pitfalls. They are not vague. They identify a particular group of individuals (Cook County Jail detainees assigned a cane, crutch, or walker) harmed in a particular way (denied a mounted shower seat and grab bars in shower and bathroom facilities) during a specific period in particular areas (between May 8, 2022 to the date of judgment in Division 9). These class definitions are not based on subjective criteria. They focus on the physical facilities at CCDOC and Defendants' provision of accommodations. They also do not create fail-safe classes. If Defendants prevail, *res judicata* will bar class members from re-litigating their claims.

Moreover, the Defendants maintain records of inmates with mobility alerts. The Seventh Circuit has opined that records such as these "provide an extremely clear and objective criterion for ascertaining [a] class." *Lacy v. Cook Cnty*, 897 F.3d 847, 864 n.36 (7th Cir. 2018). Pursuant to Cermak Health Service Policy A-08, medical staff identify health alerts for inmates and communicate inmates' health needs to correctional staff. [23-10] Cermak Health Services Policy A-08 at 1. This includes medical alerts for long-distance and short-distance use of auxiliary aids. *See id.* at 4–5, 7. The alerts are tracked in the CCDOC's jail management system and Defendants can run queries in the system to generate a list of inmates with alerts for canes, crutches, and walkers. [23-11] Sabrina Rivero-Canchola Dep. Tr. at 68:20–69:14. During discovery in this case, Defendant Dart produced the total number of inmates with such alerts. [23-5] Sheriff's Suppl. Resp. to Prod. at 1. According to Dart, there were 103 detainees with alerts for canes, crutches, and walkers assigned to

5

Division 9 from May 8, 2022 to July 18, 2024. *Id.* Defendants contest this figure is "flawed and bloated." [43] at 28. The Court will reserve consideration of Defendants' arguments concerning the size of the proposed class until its numerosity and commonality analysis but regards the record of inmate medical alerts as a clear indicator that the classes are objectively ascertainable.

Defendants assert the proposed Rule 23(b)(3) class definition is not ascertainable on the grounds that the definition "is unclear specifically regarding how each class member may have been harmed" because the definition, which references inmates who were not accommodated in their use of toilets and showers, does not specify the "potential impact on detainees." [43] at 28. Courts routinely certify classes with definitions that do not explicitly describe the alleged harm to class members but nonetheless, the harm is readily discernable. *See, e.g.*, *Bennett v. Dart*, 18-cv-4268, Dkt. No. 175 (N.D. Ill. June 20, 2018) (certifying a Rule 23(c)(4) class using identical criteria for inmates assigned to Division 10 at CCDOC); *Hernandez v. Dart*, No. 23 C 16970, 2024 WL 4903906, at *5 (N.D. Ill. Nov. 27, 2024) (certifying classes of inmates prescribed a cane, crutch, or walker and traversed particular ramps). Such is the case here. Plaintiff has alleged that all class members are harmed by the lack of grab bars and mounted shower seats in the bathrooms of Division 9 in violation of the ADA and RA. [1] ¶¶ 21–22. Further particularity is not required.

Finally, Defendants argue not everyone who is prescribed a cane, crutch, or walker by CCDOC medical staff requires accommodations to shower or use the toilet. [43] at 28–29. They contend—without evidentiary support—that an inmate may not

6

need a grab bar or mounted shower sheet because he is not permitted to have his auxiliary mobility aid, and therefore does not use an auxiliary mobility aid, within Division 9. *Id.* (citing [44-1] Sabrina Trevizo Declaration ("Trevizo Decl.") ¶ 10). In essence, Defendants are concerned the class definition is too broad. The Seventh Circuit has recognized classes will often include individuals who have not been harmed by the defendant's conduct and has advised such "a possibility or indeed inevitability does not preclude class certification." *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009). Thus, this Court's task is to assess whether the proposed class definitions sweep too broadly despite the inevitability of capturing members who have not been injured. *See Messner*, 669 F.3d at 825 ("Such determinations are a matter of degree, and will turn on the facts as they appear from case to case.").

Even if some proposed class members may not be harmed under the ADA or RA, the balance favors certification. *Id.* at 823 ("[A]n argument that some class members' claims will fail on the merits if and when damages are decided [is] a fact generally irrelevant to the district court's decision on class certification."). Plaintiff submitted evidence of over 100 inmates assigned canes, crutches, and walkers but Defendants have not shown that the number of individuals that would be swept in is so numerous that class certification is impermissible. *See also Lacy*, 897 F.3d at 864 (finding class of detainees assigned a wheelchair was ascertainable despite potentially encompassing members not harmed); *Bennett v. Dart*, 953 F.3d 467, 468–69 (7th Cir. 2020) ("*Bennett I*") (per curiam) (reversing denial of class certification for

a class of detainees who need canes, crutches, or walkers when using non-ADA compliant showers and bathrooms). Accordingly, the class definition is ascertainable and not overly broad.

## II.   Rule 23(a) Requirements

### a.   Numerosity

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class can be certified "without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020) (internal citation and quotations omitted). "While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Id*. at 498 (internal citation and quotations omitted). On the other hand, plaintiffs may not rely on "conclusory allegations that joinder is impractical or on speculation as to the size of the class." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Plaintiff Rogers provides evidence about the class size that rises above conclusory allegations or mere speculation. As discussed *supra*, the parties agree there were 103 inmates with alerts for canes, crutches, and walkers assigned to Division 9 from May 8, 2022 to July 18, 2024. [23] at 4; [23-5] Sheriff's Suppl. Resp. to Prod. at 1; [43] at 16. Although Defendants do not challenge the number of inmates assigned auxiliary aids, they contend this figure improperly lumps together inmates with short- and long-range mobility alerts and thus is overbroad. [43] at 16–17. In

8

other words, they argue Plaintiff can satisfy the numerosity requirement only by ignoring ascertainability and commonality. *Id.* As addressed throughout this Order, this argument is unavailing and does not undermine numerosity.

Plaintiff's reliance on Defendants' own representation about the number of detainees assigned a cane, crutch, or walker on Division 9 makes it "reasonable to believe [the size] is large enough to make joinder impracticable" in this case. *Orr*, 953 F.3d at 497.

### b. Commonality

"To satisfy the commonality requirement...there needs to be one or more common questions of law or fact that are capable of class-wide resolution and are central to the claims' validity." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018), cert. denied, 139 S. Ct. 1465 (2019). A single common question is sufficient. *See Wal-Mart Stores*, 564 U.S. at 359. "Commonality requires the plaintiff to demonstrate that class members 'have suffered the same injury.'" *Id.* at 349–50 (citation omitted). The focus is "the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Lacy*, 897 F.3d at 865 (quoting *Wal-Mart Stores*, 564 U.S. at 350, emphasis in original).

Rogers asserts that structural barriers prevent him and similarly situated inmates from using the showers and toilets in Division 9 similar to non-disabled inmates, and he has suffered physical injuries because there are no grab bars or mounted shower seats. [1] ¶¶ 21–23; *see also* [23-6] Kavarian Rogers Declaration ¶ 4; [23-8] Antoine Pierce Declaration ¶ 4; [23-9] Evander Foster Declaration ¶ 5

9

(discussing pain when showering and using the toilets). Furthermore, Plaintiff alleges Defendants know the showers and toilets in Division 9 do not comply with ADA Structural Standards, which is supported by a report authored by the Sheriff's own ADA Compliance Officer that acknowledges Division 9 is not ADA compliant. *Id.* ¶ 20; [23-4] FY19 Business Case at 2 ("Having no ADA compliant housing other than divisions 8 and Cermak, severely restricts [our] ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers."). Accordingly, Plaintiff asserts the proposed classes present two common legal and factual questions: (1) "whether the Uniform Federal Accessibility Standards apply to Division 9;" and (2) "if the Standards apply, whether defendants violated them." [23] at 5–6. In response, Defendants argue that Plaintiff failed to establish commonality among the putative class members. [43] at 9–12. They contend Plaintiff cannot demonstrate that each class member "suffered the same injury" because there is more than one type of alert and acceptable accommodations may vary. *Id.* at 6 (citing *Wal–Mart Stores*, 564 U.S. at 349–50).

Defendants' argument principally relies on the distinction between "long distance only" and "general" medical alerts. Medical personnel issue various medical alerts for individuals in custody, including alerts regarding use of auxiliary mobility aids. Trevizo Decl. ¶ 5. "Cane Long Distance Only," "Crutches Long Distance Only," and "Walker Long Distance Only" medical alerts indicate that an inmate is to be provided with a cane, crutch, or walker when traveling to court or other long distances outside of the housing unit but are not permitted to use those auxiliary mobility aids

for day-to-day use within their housing units. *Id.* ¶¶ 6–10. "General" medical alerts, in contrast, indicate an inmate should be provided with an auxiliary mobility aid for day-to-day activities.[1] [43] at 6. Thus, Defendants dispute that Rogers, who was assigned only a "Walker Long Distance" alert, can show commonality with all other detainees in Division 9 who were assigned cane, crutch, and walker alerts. [43] at 11.

But Defendants misconstrue the impact of different medical alerts on the commonality assessment. Defendants suggest individual class members will have suffered different injuries because they require varying accommodations based on diverse abilities. [43] at 10, 12. But the Seventh Circuit has foreclosed this argument. *Lacy*, 897 F.3d at 866–67 (holding "any dissimilarities among the proposed class members [regarding the reasonableness of a given accommodation for individuals with differing disabilities] will not impede the generation of common answers in this case" and recognizing "many courts have certified classes based on allegedly unreasonable accommodations"). As in *Lacy*, Rogers complains of Defendants' same conduct: the failure to bring the Division 9 showers and toilets into compliance for the inmates assigned canes, crutches, and walkers thus resulting in the same lack of

---

[1] Notably, no inmate is permitted to have and use a cane, crutches, or a walker within Division 9—regardless of whether the inmate has a "general" or "long distance" alert. [48-2] Larry Gavin (Sheriff 30(b)(6) Designee) Dep. Tr. at 65:4–23 ("Q: And whether it's long distance or general, inside the living unit, an individual is not allowed to have the cane, crutch, or walker? A: Yes."). Thus, all inmates in Division 9 who are prescribed mobility aids are similarly situated. Plaintiff also requested leave to supplement the class certification record with evidence from *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008). [61]. Leave to supplement is granted. In *Arreola*, the Seventh Circuit recognized Defendants' policy prohibiting inmates from using canes or crutches in living units regardless of one's prescription. *Arreola*, 546 F.3d at 791.

proper access for all of those detainees. This is the "common experience of the class."[2] *Id.* at 12. Defendants' case law does not compel a different result. *See Fauley v. Heska Corp.*, 326 F.R.D. 496, 505 (N.D. Ill. Aug. 24, 2018) (finding commonality satisfied); *Gilmore v. Sw. Bell Mobile Sys., L.L.C.*, 210 F.R.D. 212, 218 (N.D. Ill. 2001) (same); *N.B. v. Hamos*, 26 F. Supp. 3d 756, 771 (N.D. Ill. Feb. 13, 2014) (same where plaintiff alleged systemic failure to provide medically necessary services).

Finally, contrary to Defendants' arguments, the Seventh Circuit's holdings in *Bennett I* and *II* control the outcome in this case.[3] *Bennett I*, 953 F.3d at 469; *Bennett II*, 53 F.4th 419, 420 (7th Cir. 2022) ("*Bennett II*") (per curiam). In *Bennett I*, the Seventh Circuit reversed an order denying certification of a class of inmates prescribed canes, crutches, or walkers alleging the showers and bathroom facilities in another CCDOC housing division violated the ADA and Rehabilitation Act because they lacked grab bars and other fixtures. 953 F.3d at 469. The district court on remand granted class certification but subsequently decertified the class. *Bennett II*, 53 F.4th at 420. The Seventh Circuit reversed the decertification of the class under Rule 23(a) and (b)(3) and remarked that Rule 23(c)(4) allows for class actions with

---

[2] Defendants again contest that the assignment of a cane, crutch, or walker alert indicates a need for accommodations while using the toilet [or shower]. [43] at 11. As addressed above, this does not preclude certification. Moreover, Plaintiff presented evidence that inmates with long distance alerts may require accommodations to shower or toilet. [48-1] Andrew DeFuniak (Cook County 30(b)(6) Designee) Dep. Tr. at 58:18–60:10.

[3] Defendants distinguish *Bennett* by claiming there was no dispute as to the types of ADA device alerts at issue there. [43] at 11. This is not true. The *Bennett* court's decision to decertify centered on individualized assessments necessary to determine whether class members had impairments that rendered them disabled pursuant to the ADA and RA. *Bennett v. Dart*, No. 18-CV-04268, 2022 WL 4386588, at *3 (N.D. Ill. Sept. 22, 2022). In reaching this conclusion, the court considered "new evidence" from defendants in the form of a list of inmates with assistive devices, "many for 'long distance[s] only.'" *Id.* Defendants rely on the same evidence here.

respect to particular issues. *Id.* ("Class members [] receive the benefit of a declaratory judgment (if the class prevails) on the [certified] issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion."). The reasoning of *Bennett I* and *II* apply here. Certification will permit the Court to determine on a class-wide basis whether the bathroom facilities in Division 9 are ADA compliant for individuals using canes, walkers, and crutches. *See Bennett I*, 953 F.3d at 469 ("[Rogers] proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed.")

### c. Typicality

"Generally, a class representative's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory. Although the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members, the requirement primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *McFields v. Dart*, 982 F.3d 511, 517–18 (7th Cir. 2020) (cleaned up); *see also Lacy*, 897 F.3d at 866. The requirements for commonality and typicality "tend to merge." *Wal-Mart Stores*, 564 U.S. at 349 n.5.

Defendants again argue that Rogers does not identify a disability or an injury faced by all the class members. For similar reasons related to commonality, Rogers

has met his burden to show his claim arises from the same course of conduct as other class members—Defendants' alleged failure to bring the Division 9 showers and toilets into compliance with the ADA and RA. *Lacy*, 897 F.3d at 866 ("defendants' challenge to the typicality requirement fails for largely the same reasons [as commonality]"). Consistent with *Lacy*, the injurious conduct alleged (failure to provide ADA compliant showers and toilets) and the requested relief (modifications to the facilities and damages for injuries sustained while using non-compliant facilities) is typical of the class at-large and supports finding typicality. *Id.* Defendants' credible issues regarding the grievances submitted with Plaintiff's motion do not provide a sufficient basis to question the typicality of Rogers's claims. *See* [43] at 13–14.

### d. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A representative must demonstrate that he "will fairly and adequately protect the interests of the class before [the court] may allow a case to proceed." *Stampley v. Altom Transp., Inc.*, 958 F.3d 580, 585 (7th Cir. 2020) (internal quotation marks omitted); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent."). This assessment allows for "flexibility" and "the exercise of the trial court's common sense and good judgment." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 896 (7th Cir. 1981).

14

Defendants contend Rogers is not an adequate class representative for the same reasons they assert he cannot satisfy the commonality and typicality requirements. [43] at 29. Defendants do not present an independent basis, which has not been previously rejected, to find Rogers inadequate. Here, Plaintiff is: (1) represented by class counsel who have been appointed to numerous similar cases in this district; (2) has sufficient interest as an individual who suffered injuries because of the lack of a mounted shower seat and grab bars in Division 9; and (3) does not have interests antagonistic to those of the proposed classes.

## III.    Rule 23(b)(2)

Having reached the conclusion that Rogers has met his burden to show the Rule 23(a) requirements are met, the Court next turns to Rule 23(b). Under Rule 23(b)(2), plaintiffs must establish that the challenged conduct "appl[ies] generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Plaintiff Rogers alleges that Defendants act on grounds that apply generally to the entire class by failing to comply with the Structural Standards required by the ADA and RA as related to the Division 9 showers and toilets. Thus, he seeks injunctive relief for a Rule 23(b)(2) class of all inmates at Cook County Jail prescribed a cane, crutch, or walker assigned to Division 9. [22] at 1. Defendants dispute that a Rule 23(b)(2) class is appropriate because class members have varied physical abilities requiring different accommodations and thus differing injuries, and there are no concrete physical injuries alleged. [43] at 18–19. As discussed above, this

15

reasoning is unpersuasive. All proposed class members have mobility challenges and any diversity of ability beyond that does not forestall the conclusion that injunctive relief would address the complaint of all class members in this case." *Hernandez*, 2024 WL 4903906, at *4 (holding the same for class of inmates with canes, crutches, and walkers traversing CCDOC ramps); *see also Lacy v. Dart*, No. 14 C 6259, 2015 WL 1995576, at *6 (N.D. Ill. Apr. 30, 2015) ("a single injunction in the instant case would provide relief to each member of the class").

For these reasons, Defendants' attempt to distinguish *Walker v. Dart*, No. 20-CV-00261, 2021 WL 809765 (N.D. Ill. Mar. 3, 2021) does not succeed. Furthermore, Defendants' reliance on *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481 (7th Cir. 2012) is misplaced. As the Seventh Circuit explained in *Lacy*, the *Jamie* plaintiffs challenged a range of defendants' injurious conduct differing by plaintiff. 897 F.3d at 866 n.38 (explaining the *Jamie* plaintiffs lacked commonality where they alleged "IDEA violations ranging from school district's failure to identify eligible students, to its failure to timely refer them for evaluation and its failure to hold properly constituted meetings regarding their individualized education programs"). Accordingly, no single injunction could provide final relief to the *Jamie* class as a whole. 668 F.3d at 499. But here Plaintiff challenges the same conduct capable of class-wide relief with a single injunction.

As in *Hernandez*, the proposed class members suffer a common injury (the inability to safely shower or use the toilets in Division 9) susceptible to a common remedy (either by facilities into compliance or by ordering policies and procedures to

assist class members while the facilities undergo construction). 2024 WL 4903906, at *4.

## IV.    Rule 23(b)(3) and Rule 23(c)(4)

Plaintiff Rogers also seeks certification of a Rule 23(b)(3) class of "'all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgment' to resolve the issue under Rule 23(c)(4) whether the toilets and showers complied with the Structural Standards." [22] at 1–2. Under Rule 23(b)(3), a plaintiff must show that questions of law or fact common to the class members predominate over individualized issues and that a class action is the superior method of adjudicating the case. Fed. R. Civ. P. 23(b)(3). This criterion is more demanding than the Rule 23(a) requirements. *Amchem*, 521 U.S. at 623–24. Predominance requires that the "legal or factual questions that qualify each class member's case as a genuine controversy" are "sufficiently cohesive to warrant adjudication by representation." *Messner*, 669 F.3d at 814.

Defendants argue Plaintiff cannot show a predominating question of fact or law because the class claims require in-depth individualized inquiries into class members' disabilities, accommodations, injuries, and administrative exhaustion. [43] at 22–23. In essence, they claim "[d]ifferences among class members would make the case too complex." *See Bennett II*, 53 F.4th at 420. The Seventh Circuit squarely rejected this theory on similar facts in *Bennett II*. *Id*. There, the Seventh Circuit recognized certification under Rule 23(b)(3) in conjunction with (c)(4) may be

appropriate to "resolve the *issue*, not the whole case." *Id.* (emphasis in original); *see also Arreola*, 546 F.3d at 801 ("the need for individual damages determinations does not, in and of itself, require denial of [the] motion for certification"). Here too. The proposed Rule 23(b)(3) class seeks to resolve the Rule 23(c)(4) issue of whether the toilets and showers complied with the Structural Standards required by the ADA and RA during the relevant time.

It is undisputed that class members may have different damages due to varying disabilities or issues regarding exhaustion of administrative remedies. [43] at 22. However, the main substantive issues—whether: (1) the RA structural standards apply to Division 9; and (2) if the standards were violated because the showers and toilets at issue were not compliant—can be resolved on a class-wide basis as they are applicable to every detainee in the proposed classes. *Bennett II*, 53 F.4th at 420 (reversing decertification of a class of detainees who used canes, crutches, and walkers, for non-ADA compliant facilities). Thus, these issues predominate.

*Jacks v. DirectSat USA, LLC* does not require otherwise. *See* 118 F.4th 888 (7th Cir. 2024). There the Seventh Circuit explained "a party seeking certification of an issue class under Rule 23(c)(4) must show that common questions predominate in the resolution of the specific issue or issues that are the subject of the certification motion and not as to 'the cause of action, taken as a whole.'" *Id.* at 897. Unlike the "unique facts" germane to the *Jacks* worker-plaintiffs' wage claims, the common issues predominate here.

Finally, certification of a Rule 23(b)(3) class is proper only where "a class action

is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Here, the merits of the proposed class turn on common questions and proceeding as a class "achieves economies of time, effort, and expense and promotes uniformity of decision." *See Hernandez*, 2024 WL 4903906, at *4–5 (certifying class of detainees who utilized canes, crutches, and walkers); *Bennett v. Dart*, No. 18-CV-04268, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020) (same).

## CONCLUSION

For the stated reasons, Plaintiff Rogers's motion to certify [22] is granted. The Court certifies the following classes:

(1)      under Rule 23(b)(2), all individuals at Cook County Jail prescribed a cane, crutch, or walker by a jail medical provider assigned to Division 9; and

(2)      under Rule 23(b)(3), all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and assigned to Division 9 between May 8, 2022, and the date of entry of judgment to resolve the issue under Rule 23(c)(4) of whether the toilets and showers complied with the Structural Standards required by the ADA and RA during that time period.

The Court also appoints Kavarian Rogers as class representative for both classes and the following attorneys as class counsel: Thomas Gerard Morrissey and Patrick William Morrissey.

E N T E R:

Dated: May 9, 2025

_____
MARY M. ROWLAND
United States District Judge

20