**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Magistrate Judge M. David Weisman |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS</u>

NOW COME Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by and through their attorneys, Jason E. DeVore and Jorie R. Johnson of DeVore Radunsky LLC, and submit this Response in Opposition to Plaintiff's Motion for Sanctions (Dkt. 105). Plaintiff's motion is legally unfounded, procedurally improper, and factually misleading, and it should be denied in its entirety.

## <u>INTRODUCTION</u>

Plaintiff moves for sanctions under Rule 11 based on Defendants' response to a single paragraph—Paragraph 6 of the Complaint—which alleges that construction of Division 9 at the Cook County Jail "commenced after March 7, 1988." Defendants responded that they had insufficient information to admit or deny the allegation. Plaintiff now claims this response is sanctionable under Rule 11(b)(4), arguing that publicly available records and documents produced in discovery establish the allegation as indisputably true.

This motion is wholly inappropriate. Rule 11 is not a vehicle to litigate factual disputes, much less to penalize a party for invoking its right under Rule 8(b)(5) to state it lacks knowledge or information sufficient to form a belief about an allegation. Defendants conducted a reasonable

1

inquiry under the circumstances and provided a response permitted by the Federal Rules. The motion itself is frivolous and verges on sanctionable conduct.

## LEGAL STANDARD

Rule 11 sanctions are appropriate only where a party's filings are objectively unreasonable after a reasonable inquiry, and where they are presented for an improper purpose or without factual support. See *Berwick Grain Co., Inc. v. Illinois Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000). Mere disagreement about the interpretation of facts or discovery materials does not warrant sanctions. See also *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993).

## ARGUMENT

### I. **Plaintiff's motion is procedurally deficient and an improper use of rule 11**

To begin, Rule 11 serves as a safeguard against frivolous filings, not as a tactical cudgel to resolve factual disputes or penalize procedural conservatism. See *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). It is not intended to enforce disputed interpretations of historical documents or to compel parties to concede disputed facts under threat of sanction. Plaintiff's motion misuses Rule 11 precisely in this manner. Rather than employing proper procedural channels such as discovery requests or a motion for partial summary judgment, Plaintiff attempts to convert a routine, Rule-compliant pleading into sanctionable conduct. This is a misuse of judicial process.

Indeed, Syril Thomas's deposition exemplifies the kind of good faith inquiry that Rule 11 contemplates. He was designated and prepared to speak on behalf of the institution, candidly acknowledged the limitations of current institutional knowledge, and refrained from speculating on events outside the scope of verified information. Plaintiff's dissatisfaction with the content of Mr. Thomas's testimony does not render Defendants' pleading sanctionable, it simply reflects a

2

disagreement over factual interpretation, which Rule 11 does not resolve. Moreover, the timing and nature of Plaintiff's sanctions motion based on a single paragraph of an Answer suggest that it is more tactical than substantive. (See *Exhibit A.* Syril Thomas Dep. at 42:4–10; 57:1–12). Courts routinely reject attempts to weaponize Rule 11 in this fashion, particularly where no prejudice has occurred and no evidence of bad faith exists. This motion should be denied on those grounds.

## II. <u>Defendants' response to paragraph 6 was proper under rule 8</u>

Plaintiff erroneously contends that Defendants' response to Paragraph 6 of the Complaint—stating that they lacked sufficient information to admit or deny the allegation that "construction of Division 9 commenced after March 7, 1988"—violates Rule 11(b)(4). This argument is both legally and factually baseless. Federal Rule of Civil Procedure 8(b)(5) permits a party to assert that it lacks sufficient knowledge or information to form a belief about the truth of an allegation, and such a statement "has the effect of a denial." See *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1167 (7th Cir. 1996). Defendants conducted a reasonable inquiry under the circumstances, including review of publicly available records, prior disclosures, and internal communications. However, the exact definition and timing of when "construction" of Division 9 began remains subject to interpretation.

The term "construction" is not defined in the Complaint and could refer to a variety of phases: land acquisition, architectural planning, site preparation, permit issuance, or physical building commencement. The ambiguity inherent in the term, especially when applied to events dating back over thirty years, justifies a Rule 8(b)(5) response. This ambiguity was further confirmed during the deposition of Syril Thomas, the 30(b)(6) designee produced by Defendants, testifying on behalf of Cook County, confirmed that he could not definitively testify to when construction began or what specific date would be considered the "commencement" of construction. He noted that "the Sheriff's Office was not involved in the initiation of Division 9

3

construction" and that "based on the records reviewed, no single document establishes the physical start of construction" (Thomas Dep. 42:4–10; 57:1–12).

Mr. Thomas further stated that although some architectural and procurement records were available, "the institutional knowledge regarding the construction timeline of Division 9 has largely been lost due to the passage of time and changes in personnel" (Thomas Dep. 61:14–62:6). He also testified that Defendants reviewed internal materials and Board records but were unable to locate any definitive source that resolved the issue with certainty (Thomas Dep. 65:2–13).His testimony underscored the institutional limitations inherent in making a definitive admission about an ambiguous, decades-old event. This testimony directly supports Defendants' Rule 8(b)(5) response

Given the lack of first-hand knowledge by current personnel and the interpretive variability of the term "construction," Defendants acted properly in declining to admit the allegation without qualification.

### III.  <u>Plaintiff mischaracterizes the record</u>

Plaintiff's motion relies heavily on a set of historical records, appropriation bills, architectural invoices, permit issuances, and contract awards. Plaintiff asserts these records "irrefutably establish" that construction of Division 9 began after March 7, 1988. However, these documents are not as definitive as Plaintiff claims, and do not conclusively establish when "construction" began in the sense implied in the Complaint.

First, contracting an architect in September 1988 and issuing a construction permit in August 1989 may reflect planning and authorization milestones but they do not necessarily equate to the initiation of on-site physical construction. Nor do they eliminate the possibility that preliminary work such as soil testing, environmental assessments, or internal project coordination could have begun before these formal dates. Second, Plaintiff's own *Exhibit 2* attached to their motion for sanctions regarding Rule 11 (Dkt. 105 , references an

4

invoice covering work performed in November 1991 under a contract approved in 1988, further blurring the timeline. The documents do not definitively exclude activity prior to March 7, 1988; they merely establish formal project phases that occurred later. The deposition of Syril Thomas reinforces the lack of clarity and definitive documentation. When asked about the timeline of construction, Mr. Thomas testified that while documents referenced architectural services and construction bids in late 1988 and 1989, those records did not address when the site was first physically prepared or when early work may have begun (Thomas Dep. 69:8–70:3). He added, "There's nothing I've seen in the materials that definitively rules out site-related work before March 1988. I can't confirm or deny that" (Thomas Dep. 71:17–72:5).

Moreover, Mr. Thomas confirmed that the Sheriff's Office "does not maintain a centralized archive or construction log for Division 9 from the 1980s," making it difficult to attribute definitive meaning to Plaintiff's evidence (Thomas Dep. 63:11–64:9). In light of this ambiguity, Plaintiff's position that the documents "irrefutably establish" the construction start date is not only unsupported—it is contradicted by his own designee's testimony. Defendants' cautious approach in pleading was warranted, and Plaintiff's demand that they admit to a disputed historical fact based on inconclusive records mischaracterizes both the record and the Rules. As such, Plaintiff's effort to convert contested historical inferences into "irrefutable" facts is misleading. Defendants are under no obligation to adopt Plaintiff's interpretation of documents that are, at best, inconclusive on the precise issue raised.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Rule 11 Motion for Sanctions in its entirety and consider awarding Defendants their fees and costs incurred in responding to this frivolous motion.

Respectfully Submitted,

5

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By:    */s/ Jorie R. Johnson*
Jorie R. Johnson
Special Assistant States Attorney
One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Jorie R. Johnson (ARDC # 6325695)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
jjohnson@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants Response to Plaintiff's Rule 11 Motion for Sanctions** was filed on June 3, 2025, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Jorie R. Johnson*
Jorie R. Johnson