IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kavarian Rogers, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3739 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Magistrate Judge M. David Weisman |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Jorie R. Johnson of DeVore Radunsky LLC, and submit this Response in Opposition to Plaintiff's Motion for Sanctions (Dkt. 103). Plaintiff's motion is both procedurally improper, substantively baseless, and borders on sanctionable conduct under Rule 11. It should be denied in full for the reasons set forth below.

**INTRODUCTION**

Plaintiff filed this motion before the parties received the deposition transcript of Cook County Comptroller, Syril Thomas. As discussed herein, the testimony provided by Syril Thomas addressed issues spanning multiple topics, including Topics 2 and 3.Plaintiff seeks sanctions pursuant to Rule 37(b)(2)(A), based upon the unsupported assertion that Defendants failed to comply with a court order concerning Rule 30(b)(6) depositions. Yet the record, including court appearances, deposition testimony, correspondence between the parties and statements made during conferrals, shows Defendants have continually made good-faith efforts to comply with

1

discovery obligations. Plaintiff's mischaracterizations regarding witness preparation and intent is misleading and inaccurate. The motion distorts the truth and omits key context of deposition testimony, and the nature of the objections made. Worse yet, it seeks sanctions that would be tantamount to a default ruling on a central legal issue in this matter.

## ARGUMENT

### I. PLAINTIFF'S MOTION MISSTATES THE FACTUAL RECORD

To begin, contrary to Plaintiff's assertions, Defendants have designated witnesses in accordance with court orders and engaged in extensive internal efforts to locate individuals with responsive knowledge to the topics outlined in Plaintiff's notice. Plaintiff takes issue with deposition testimony from certain witnesses, including Syril Thomas, because the testimony undercuts Plaintiff's claims and provides appropriate context regarding testimony that Plaintiff relies upon to support his claims regarding federal funding.

Furthermore, Defendants have been forthright about the inherent difficulty of identifying designees with firsthand knowledge regarding events from nearly 40 years ago. This issue was discussed at length during the May 23 deposition of Cook County Comptroller, Syril Thomas, taken a few days before Plaintiff's motion was filed. Defendants have continued to meet and confer with Plaintiff in good faith, including regular written correspondence, such as the May 22 email from undersigned counsel (attached as *Exhibit A*), which directly rebuts the motion's claims. The May 22 email makes clear that: "The absence of a phone call does not reflect a failure to comply with Rule 30(b)(6), particularly given the steps we have taken to identify responsive information and prepare our designees... Those witnesses testified based on their organizational knowledge." Plaintiff's motion ignores this correspondence and instead selectively quotes testimony to paint a distorted narrative. This is improper. The deposition testimony of Syril Thomas, designated to

2

testify on Topic 1, also supports the Defendants' position with respect to other topics, including Topics 2 and 3. Thomas's testimony is directly responsive to Plaintiff's Rule 30(b)(6) deposition notice in relation to:

- Topic 2: Receipt of federal financial assistance for the Cook County Department of Capital Planning and Policy between March 7, 1988, and August 1, 1992; and

- Topic 3: Receipt of federal financial assistance for the Cook County Department of Facilities Management between March 7, 1988, and August 1, 1992.

In his deposition, Mr. Thomas confirmed that the Cook County Comptroller's Office maintains financial records for multiple departments, including those at issue in Topics 2 and 3. He testified: "Yes, so our office does maintain records for other departments, including Facilities Management and Capital Planning. We are the central financial repository for many countywide departments, even if they operate with independent budgets." (*See Exhibit B -Thomas Dep*. at pg. 25:9–17.) This testimony establishes that the Comptroller's Office serves as the central financial repository for Facilities Management and Capital Planning, and thus, any absence of financial records or federal funding documentation for the 1988–1992 period in the Comptroller's Office necessarily applies to those departments as well. Accordingly, Mr. Thomas's testimony satisfies Defendants' obligation to present organizational knowledge on these topics to the extent reasonably available.

Rule 30(b)(6) depositions are "not designed to be a memory contest," *Seaga Mfg. Inc. v. Intermatic Mfg. Ltd*., No. 13 C 50041, 2013 U.S. Dist. LEXIS 97903, at *6 (N.D. Ill. July 12, 2013), nor are they "meant to be traps in which the lack of an encyclopedic memory commits an organization to a disadvantageous position," *Brown v. W. Corp*., No. 8:11CV284, 2014 U.S. Dist. LEXIS 62476, at *2 (D. Neb. May 6, 2014). See also *Clay v. Dart*, No. 19 CV 2412, 2023 U.S.

Dist. LEXIS 110446, at *9 (N.D. Ill. June 27, 2023). Here, Thomas confirmed that he prepared for the deposition and reviewed the Rule 30(b)(6) notice. (Thomas Dep. at 6:3–5; 7:20–24.) He testified that he conducted a diligent search for responsive records but explained that the financial system covering the period from 1988 to 1992 had been decommissioned, and all related hard copy documents had been destroyed pursuant to the County's 10-year retention policy. (Id. at 8:1–24; 9:1–21; 12:3–24.)

Thomas further explained that no current systems or records exist that would allow the County to confirm the receipt or expenditure of federal funds during the relevant time frame. (Id. at 13:1–13; 39:5–24; 40:1–13; 41:1–6.) He also testified that he met with undersigned counsel on multiple occasions, reviewed numerous budget documents and exhibits, and ultimately testified that—based on the limited information available—he could not confirm or dispute specific historical records. (Id. at 17:1–23; 29:5–24; 30:1–24; 36:1–7; 37:10–24.) His testimony reflects a consistent, good-faith effort to comply with Rule 30(b)(6), notwithstanding his inability to recall the precise names of every document reviewed during his preparation before his deposition.

Additionally, the testimony of Eric Davis, another Rule 30(b)(6) designee for Cook County, corroborates this record. Davis affirmed that Cook County retains no financial documents from 1988–1992 to demonstrate receipt of federal funding for CCDOC. (*See Exhibit C- Davis Dep.* at pg. 10:5–15.) He explained that the relevant financial mainframe systems were decommissioned, rendering those records inaccessible. (*Id.* at pg. 11:2–20.) Davis conducted a good-faith search through archived financial records and budget materials, which produced no responsive information. (*Id.* at pg. 15:4–22.) He further confirmed the 10-year document retention policy. (*Id.* at pg. 22:6–24.) While external sources may reference funding, Cook County cannot validate those sources internally. (*Id.* at pg. 35:3–21.) His testimony reaffirmed that he was prepared and testified

4

based on his organizational knowledge and collaboration with other departments. (*Id.* at pg. 40:2–19.)

## II.　　SANCTIONS ARE NOT APPROPRIATE UNDER RULE 37(b)

Rule 37(b) of the Federal Rules of Civil Procedure permits sanctions only when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b). Here, Defendants complied with the Court's orders to produce designees by the May 23, 2025, deadline. Plaintiff's dissatisfaction with the scope of the witness's knowledge does not amount to noncompliance. Federal courts, including in *Zeikos Inc. v. Walgreen Co.*, 2024 WL 4836071 (N.D. Ill. Nov. 20, 2024), recognize that Rule 30(b)(6) requires preparation "to the extent reasonably available." That standard was met here. Eric Davis testified to what was available based on Cook County's archived records and organizational knowledge, and Plaintiff was informed of the limitations well in advance

Additionally, under Rule 37(b), sanctions are considered a severe remedy and are generally reserved for situations involving clear violations of a court order, willful noncompliance, or bad faith. Fed. R. Civ. P. 37(b). None of those circumstances are present here. In this case, Defendants fully complied with the Court's directive to produce Rule 30(b)(6) witnesses by the Court ordered deadline of May 23, 2025. The witnesses appeared for deposition and provided testimony based on information that was reasonably available to them at the time. That is all that Rule 30(b)(6) requires. The rule does not demand perfection or omniscience only that a party prepare a designee with information that is "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Indeed, courts within this District have consistently recognized that the standard of preparation under Rule 30(b)(6) is bounded by reasonableness. In *Zeikos Inc. v. Walgreen Co.*, the

court explained that a corporate party "has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects" identified in the Rule 30(b)(6) notice. *Zeikos Inc. v. Walgreen Co.*, No. 23-cv-303, 2024 U.S. Dist. LEXIS 210978, at *3 (N.D. Ill. Nov. 20, 2024); see also 2024 WL 4836071. Importantly, Rule 30(b)(6) does not require a corporate designee to possess omniscient knowledge, but rather to testify about information "known or reasonably available to the organization." *Fed. R. Civ. P. 30(b)(6)*. As the court held in *Meds. Co., LLC v. Mylan Inc.*, "[Rule 30(b)(6)] only requires a corporate witness to testify about information known or reasonably available to the organization," and does not obligate the entity to provide information beyond the scope of its corporate knowledge. *Meds. Co., LLC v. Mylan Inc.*, No. 11 C 1285, 2013 U.S. Dist. LEXIS 3517, at *14 (N.D. Ill. Jan. 9, 2013).

That principle squarely applies here. Eric Davis, designated as the County's witness on Topics 2 and 3, testified that he conducted internal inquiries, reviewed financial procedures, and consulted with relevant departments. However, due to the decommissioning of mainframe financial systems, the County's 10-year document retention policy, and the 30+ year gap between the events in question and the present, he was unable to access or verify certain historical records. Davis explicitly confirmed the absence of financial documentation from the 1988–1992 period (Davis Dep. at pgs. 10:5–15, 11:2–20, 22:6–24). He further testified that while he reviewed external references to federal funding, the County had no internal records to affirmatively validate such references (*Id.* at pg. 35:3–21).

This is not evidence of bad faith or evasion it reflects the real-world limitations of historical recordkeeping. Davis's preparation and candid testimony, acknowledging what could and could not be verified, demonstrate good-faith compliance with Rule 30(b)(6). His organizational

6

knowledge was derived from a careful review of accessible materials, and his responses were forthright, consistent, and professionally delivered (Davis Dep. at pgs. 40:2–19). Importantly, the Seventh Circuit has cautioned against imposing sanctions in cases where a party has made efforts to comply but is hindered by legitimate constraints. In *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009), the court reiterated that sanctions should not be used to penalize a party for a lack of evidence when that deficiency is not attributable to willful misconduct or disobedience. Rather, "[t]here must be a showing of bad faith, willfulness, or fault." Here, there is no such showing.

Defendants designated witnesses in good faith, those witnesses then prepared and appeared for deposition, and limitations on their knowledge were promptly disclosed to Plaintiff. The fact that Defendants could not produce evidence that no longer exists or that the witnesses could not confirm facts from the 1980s is not sanctionable conduct. To hold otherwise would punish parties for institutional recordkeeping practices entirely outside the scope of litigation conduct. Accordingly, Plaintiff's motion for sanctions should be denied under Rule 37(b) because Defendants obeyed any discovery order, and the record reflects clear efforts to comply in a reasonable, timely, and transparent manner.

### III.   PLAINTIFF'S REQUEST VIOLATES RULE 11 AND SEEKS AN IMPROPER LITIGATION ADVANTAGE

Plaintiff seeks sanctions that would result in a conclusive factual finding, namely, that Cook County received federal funds between 1988 and 1992 despite the absence of admissible evidence to support that claim and in lieu of a fair adjudication on the merits. Such a request is not only wholly disproportionate to the conduct alleged but also represents a clear abuse of the discovery process and raises serious concerns under Federal Rule of Civil Procedure 11.

First, the sanction sought by plaintiff is procedurally improper. Courts have consistently held that Rule 37(b) sanctions must be proportionate to the underlying discovery violation and

7

applied sparingly when the sanction sought would effectively resolve a central factual dispute in favor of one party. See *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009)("A sanction that resolves the merits of the case in favor of one party must be predicated on a clear record of delay, willfulness, or bad faith."). No such record exists here.

Second, Plaintiff bypassed all available intermediate remedies. At no point did Plaintiff file a motion to compel, seek to continue the deposition, request clarification of the Rule 30(b)(6) notice topics, or move for a protective order. Having failed to pursue any of these procedural avenues, it is now too late to do so. Plaintiff now instead seeks what amounts to improperly seeking an admission for a backdoor summary judgment on a contested element of Plaintiff's Rehabilitation Act claim. This improper request undermines the adversarial process.

Third, Plaintiff misstates the record and omits critical context. Plaintiff's motion grossly misrepresents the scope of Defendants' compliance. The record is replete with evidence that Defendants (1) Designated a Rule 30(b)(6) witness in response to Topic 2, (2) Engaged in extensive internal inquiries and communications across departments, and (3) Provided written and verbal updates to Plaintiff's counsel, including the May 22, 2025, email (*Exhibit A*), explaining preparation efforts and logistical limitations in accessing decades-old records. By selectively quoting deposition testimony and ignoring these good-faith efforts, Plaintiff's motion lacks the evidentiary support required by Rule 11(b)(3) and risks misleading the Court.

Fourth, under Rule 11, concerns are squarely implicated and cannot be brought without evidence or factual support. Rule 11(b)(3) requires that factual contentions in a motion have evidentiary support or, at a minimum, are likely to have such support after further investigation. Plaintiff's motion fails this standard by asserting that Defendants violated a Court Order without citing specific, unambiguous noncompliance. The motion further fails in claiming lack of

8

preparation when the record shows witness efforts consistent with what was reasonably available under Rule 30(b)(6). Moreover, Rule 11(b)(1) prohibits motions presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Here, Plaintiff seeks to transform ordinary discovery disputes into dispositive findings, effectively leveraging Rule 37(b) as a weapon rather than a procedural safeguard.

Lastly Courts routinely reject sanctions motions used as tactical devices. Federal courts have condemned attempts to use Rule 37 sanctions as a substitute for proof at trial or to obtain strategic advantages. See *EEOC v. Wal-Mart Stores East LP*, 46 F.4th 587, 606 (7th Cir. 2022) (warning against "short-circuiting the judicial process by imposing evidentiary penalties that essentially decide the case"). Plaintiff's request to deem a central factual element admitted is exactly the type of maneuver Rule 11 is designed to deter.

### IV. PLAINTIFF'S OBJECTIONS TO COUNSEL'S CONDUCT ARE UNFOUNDED

Plaintiff devotes a significant portion of the motion to criticizing defense counsel's objections during the Rule 30(b)(6) deposition. However, such objections were both appropriate and necessary to preserve the record and protect Defendants' rights. Under Federal Rule of Civil Procedure 30(c)(2), an attorney may object to a deposition question "at the time and in the manner that would be appropriate at trial" and may do so to preserve the objection, to assert a privilege, or to enforce a limitation directed by the court.

Objections to the form of the question such as those asserting that a question was compound, vague, or speculative are routinely recognized as proper and necessary. See, e.g., *Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 WL 21961359, at *3 (N.D. Ill. Aug. 18, 2003) (noting that objections to the form of questions are proper and should be made contemporaneously

during the deposition). Indeed, if not raised at the time of the deposition, such objections may be waived.

Moreover, Plaintiff's characterization of defense counsel's objections as disruptive is unsupported by the deposition transcript and inconsistent with the Court's guidance. The objections made were brief, non-suggestive, and did not impede the examination. In fact, many objections were immediately followed by the phrase "you can answer," clearly permitting the witness to respond.

Such conduct is entirely consistent with governing case law, including *Zeikos Inc. v. Walgreen Co.*, where the court explained that objections to form are appropriate, particularly when a question is vague or improperly framed. See *Zeikos Inc. v. Walgreen Co.*, No. 23-cv-303, 2024 U.S. Dist. LEXIS 210978, at *5 (N.D. Ill. Nov. 20, 2024) ("In federal court, 'object to form' challenges the way a question is asked, rather than the question itself. It is used to prevent witnesses from being misled by unclear or improperly structured questions. Commonly, the form objection is used to object to questions that are compound, vague, leading, or speculative, etc."). The court further emphasized that "not all objections to form are improper" and that both the content and tone of such objections must be considered in context.

Here, defense counsel appropriately objected to questions that were compound, vague, called for speculation, or exceeded the scope of the witness' organizational knowledge particularly given that Plaintiff had already been advised of the limitations surrounding the witness's access to historical financial systems and records. These objections were necessary to preserve the record and did not prevent the deposition from proceeding.

Accordingly, Plaintiff's effort to recast routine and proper procedural objections as sanctionable conduct is meritless and unsupported by either the factual record or applicable legal standards.

## CONCLUSION

Plaintiff's motion for sanctions is an improper effort to secure a litigation advantage and is not grounded in fact or law. Defendants respectfully request that the Court deny the motion in its entirety and caution Plaintiff's counsel regarding the misuse of Rule 37 and the filing of unsupported motions under Rule 11.

Respectfully Submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: /s/ Jorie R. Johnson
Jorie R., Johnson

Special Assistant States Attorney
One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Jorie R. Johnson (ARDC # 6325695)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
jjohnson@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants Response to Plaintiff's Motion for Sanctions pertaining to Topics 2 and 3 of the Rule 30(b)(6) Deposition Notice served on September 24, 2024.** was filed on June 3, 2025, with the Northern District of Illinois ECF System, serving a copy to all parties.

/s/ Jorie R. Johnson
Jorie R., Johnson
