Outlook

---

**Re: Rogers v. Dart, et cal. 24-cv-3739 | Bates Numbering Exhibits (and depositions) -- Timothy Kinsella Rule 30(b)(6) depositions**

---

**From** Jorie Johnson <jjohnson@devoreradunsky.com>

**Date** Thu 5/22/2025 8:00 AM

**To** Patrick Morrissey <pwm@morrisseylawchicago.com>; Jason DeVore <jdevore@devoreradunsky.com>; Thomas Morrissey <tgm@morrisseylawchicago.com>

---

Dear Mr. Morrissey,

To begin, the May 21 emails from both Mr. DeVore and myself were not intended to duplicate efforts, but rather to confirm the respective designations for the County and the Sheriff ahead of the upcoming deposition. The purpose was to ensure clarity and coordination moving forward.

We acknowledge receipt of your May 7 letter and your follow-up emails of May 13 and May 19. While we understand your preference for a verbal conferral, the demands of this case—including coordination across numerous departments and witnesses, as well as an active trial calendar—have limited our availability for additional calls. That said, we have engaged in good faith efforts to evaluate the topics and designate appropriate witnesses. The absence of a phone call does not reflect a failure to comply with Rule 30(b)(6), particularly given the steps we have taken to identify responsive information and prepare our designees.

We respectfully disagree with your characterization that the designees for Topics 2 and 4 were "unprepared." Those witnesses testified based on their organizational knowledge and were designated following internal review and discussions with our clients. Regarding Topic 3, we are actively working with our clients to identify an appropriate representative. As we have repeatedly conveyed to you and the Court, the breadth and phrasing of several topics—particularly those reaching back over 30 years —create real challenges in locating knowledgeable individuals. Nonetheless, we are making every reasonable effort within the time constraints.

For Topic 1, we have reviewed the exhibits you provided on May 7, and those materials have informed our witness preparation. However, we do not agree that Plaintiff's provision of proposed exhibits relieves Plaintiff of its own disclosure obligations, nor does it preclude Defendants from requesting that any exhibits to be used at deposition be produced in advance to ensure the witness is adequately prepared.

With regard to Mr. DeVore's objections during the deposition, we respectfully reject your assertion that they were improper. The objections made were necessary to preserve the record and were appropriate given the scope and clarity of certain questions. While we are mindful of the Court's guidance concerning objections during Rule 30(b)(6) depositions, counsel retains the right to object to form and to preserve issues as necessary.

Finally, we are continuing to investigate whether any additional responsive documents exist with respect to Topic 1. If any such documents are identified and will be relied upon by the designee, they will be produced consistent with the Court's prior orders. Your repeated insinuations that we are

intentionally withholding documents are misplaced and unproductive. If we identify responsive materials, we have no hesitation in producing them, as we have done throughout this case.

We will continue to meet our obligations under Rule 30(b)(6) and prepare our witnesses in good faith.

Kind Regards ,
Jorie Johnson



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Patrick Morrissey <pwm@morrisseylawchicago.com>
**Sent:** Wednesday, May 21, 2025 10:19 PM
**To:** Jason DeVore <jdevore@devoreradunsky.com>; Thomas Morrissey <tgm@morrisseylawchicago.com>
**Cc:** Jorie Johnson <jjohnson@devoreradunsky.com>
**Subject:** Re: Rogers v. Dart, et cal. 24-cv-3739 | Bates Numbering Exhibits (and depositions) -- Timothy Kinsella Rule 30(b)(6) depositions

Mr. DeVore and Ms. Johnson,

I write to respond to nearly identical e-mails by your office on May 21 regarding Topic 1 of plaintiff's Rule 30(b)(6) Deposition Notice. At 3:31 pm, Mr. DeVore wrote an e-mail regarding the Sheriff's designee and at 4:05 pm, Ms. Johnson wrote a nearly identical e-mail regarding the County's designee.

On May 7, 2025, I sent a letter with eight exhibits . This letter and corresponding exhibits were sent to facilitate a dialogue regarding the scope of the examination for Topic 1. This Topic is: "Receipt of federal financial assistance for programs, services, and/or activities at the Cook County Department of Corrections between March 7, 1988 and August 1, 1992."  The letter requested a phone to "confer in good faith about the matters for examination."

My office sent subsequent e-mails seeking a conferral so that there is no confusion regarding the terms "programs, services, and/or activities" at the CCDOC.  Tom sent an email on May 13  and I sent an email on May 19. These e-mails are attached. Despite repeated requests, defendants did not engage my office in a verbal conferral to discuss this topic nor provide substantive responses in writing.

"An attorney's duty to prepare corporate representatives for a Rule 30(b)(6) deposition (or to prepare any witness for a deposition for that matter) takes place *before* the deposition begins." *Medline Industries, Inc. v. Wypetech, LLC*, 2020 WL 6343089, a *3 (N.D. Ill. 2020). "A corporate party has a duty to make a good faith, conscientious effort to designate appropriate persons *and to prepare them to testify fully and noninvasively about the subjects* identified in a Rule 30(b)(6) notice." *Zeikos v. Walgreen Co.*, 2024 WL 4836071, at *1 (N.D. Ill. 2024). Defendants also have a duty to ensure the designee can adequately "testify not only on matters known by the deponent, *but also on subjects that the entity should reasonably know*." *Id.* The "failure to produce an educated Rule 30(b)(6) designee is tantamount to a failure to appear and warrants the imposition of sanctions under Rule 37(d), including reasonable expenses (as well as transcript costs) incurred in taking a new deposition." *Id.*

We believe the designees produced by your office for Topic 2 and Topic 4 were unprepared. And no designee has been designated for Topic 3. We expect, based on our May 7, 2025, letter and e-mails sent on May 13 and 19, that Friday's designees for Topic 1 will be fully knowledgably and capable of testifying regarding receipt of federal financial assistance for the DOC from March 7, 1988 to August 1, 1992.

And since the duty to prepare these Rule 30(b)(6) designees falls squarely within your office, I am not sure how it is class counsel's duty to educate these witnesses or provide exhibits 24 hours in advance. Remember, my office shared proposed exhibits regarding this topic two weeks ago, on May 7.

It is also my understanding that despite class counsel's request for responsive documents, defendants Sheriff and Cook County have produced no documents regarding Topic 1. *See* Sheriff and County's Response to First Request for Production served 8/19/2024 Par. 10. **If your witnesses will rely on documents to testify, please turn them over to my office immediately. The Court previously ordered them to be turned over.**

On a final note, during yesterday's Rule 30(b)(6) deposition for Topic 4, Mr. Devore made several improper objections, including "lack of foundation." This type of objection is not proper. *See Zeikos*, 2024 WL 4836071, at *2 ("objections to lack of foundation are not proper where no personal knowledge is required, as is in a Rule 30(b)(6) deposition where the deponent testifies about the corporation's knowledge. A Rule 30(b)(6) deposition is about collective corporate knowledge, not personal knowledge.") Additionally, Mr. DeVore made several objections on grounds of "speculation" or "lack of knowledge." For the same reasons, the objections are not proper.

Pat Morrissey

---

**From:** Jason DeVore <jdevore@devoreradunsky.com>
**Sent:** Wednesday, May 21, 2025 3:30 PM
**To:** Thomas Morrissey <tgm@morrisseylawchicago.com>; Patrick Morrissey <pwm@morrisseylawchicago.com>
**Cc:** Jorie Johnson <jjohnson@devoreradunsky.com>

**Subject:** Rogers v. Dart, et cal. 24-cv-3739 | Bates Numbering Exhibits (and depositions) -- Timothy Kinsella Rule 30(b)(6) depositions

Counsel,

We show that there are 8 exhibits related to the Timothy Kinsella deposition. If there are any other exhibits, please send them to us at least 24 hours prior to the deposition.

If there are any documents that you introduce that have not been previously disclosed, we will object to their use and reserve our right to seek relief, including striking all testimony related to those offending documents.

As Judge Weisman advised in a recent court appearance, a party who fails to appropriately Bates Number documents causes significant confusion and issues relative to identifying documents. We again request that you Bates Number documents.

We do not want to (again) waste time identifying documents and forcing everyone to review documents for the first time during a deposition. It is avoidable, which is why we reiterate this request.

Jason


Jason E. DeVore
DeVore Radunsky LLC
230 W. Monroe Street, Suite 230
Chicago, IL 60606
D: 312.300.4482 | O: 312-300-4479 | F: 312-674-7423
jdevore@devoreradunsky.com
www.devoreradunsky.com




This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.