IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAVARIAN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 3739 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| THOMAS DART, Sheriff of Cook County, and | ) | |
| COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's motion for sanctions pursuant to Rule 37(b)(2)(A) regarding Topics 2 and 3 of the Rule 30(b)(6) notice [103] is denied.

**Background**

In September 2024, Plaintiff served on Cook County a Rule 30(b)(6) notice seeking testimony on several topics, including: Topic 1, the receipt of federal financial assistance for programs, services, and/or activities at the Cook County Department of Corrections between March 7, 1988 and August 1, 1992; Topic 2, the receipt of federal financial assistance for the Cook County Department of Capital Planning and Policy between March 7, 1988 and August 1, 1992; and Topic 3, the receipt of federal financial assistance for the Cook County Department of Facilities Management between March 7, 1988 and August 1, 1992. On 2/19/25, the Court ordered Cook County to produce designees responsive to Topics 2 and 3. Plaintiff argues that Cook County's designee for Topic 2, Eric Davis, was not properly prepared and that Cook County did not produce any designee for Topic 3 and seeks sanctions under Rule 37(b)(2)(A).

Before addressing the substance of Plaintiff's motion, the Court notes at the outset that while Plaintiff's reply brief is entitled, "Plaintiff's Reply to Motion for Sanctions, Dkts. 103 and 105," (Reply, Dkt. # 115), it addresses only Plaintiff's Rule 37(b)(2)(A) motion [103], which seeks relief for alleged improper preparation and presentation of Rule 30(b)(6) witnesses. Plaintiff's motion for sanctions pursuant to Rule 11 [105], which contends that Defendants provided an improper answer in Plaintiff's complaint, is not discussed. Accordingly, the Court assumes for purposes of this motion that the reply brief was filed only in support of Plaintiff's motion for relief under Rule 37 [103]. Further regarding the reply, Plaintiff raises for the first time the issue of whether Division 9 was constructed after March 7, 1988. Because "arguments made for the first time in a reply brief are waived," *Smith v. Merit Sys. Prot. Bd.*, No. 24-2058, 2025 WL 1000002, at *3 (7th Cir. Apr. 3, 2025), the Court does not address any Rule 30(b)(6) testimony regarding

when Cook County Jail was constructed. Finally, as to the reply, it seeks additional relief not requested by the opening motion. Specifically, Plaintiff states in the final paragraph of his opening brief:

> 14. Since defendant Cook County did not produce any witness for Topic 3 and the designee for Topic 2 was not prepared, plaintiff seeks sanctions in the form that defendants will not contest receipt of federal financial assistance for the benefit of the Department of Capital Planning and Policy and the Department of Facilities Management from March 7, 1988 [to] August 1, 1992.

(Pl.'s Mot. Sanctions, Dkt. # 103, ¶ 14.) At the end of his reply brief, Plaintiff states:

> Perhaps more important than the discovery misconduct itself, is the need to resolve foundational factual issues in this case. Accordingly, plaintiff respectfully requests that the Court order defendants to respond to each of the following statements and indicate whether they are disputed:
>
> 1. Construction of Division 9 commenced after March 7, 1988;
> 2. From March 7, 1988 to August 1, 1992, the Department of Corrections received federal financial assistance for programs, services, and/or activities;
> 3. From March 7, 1988 to August 1, 1992, the Department of Facilities Management received federal financial assistance; and
> 4. From March 7, 1988 to August 1, 1992, the Department of Capital Planning and Policy received federal financial assistance.
>
> If defendants dispute any statement, plaintiff requests that the Court direct defendants to provide specific references to the affidavits, parts of the record, and other supporting materials relied upon and, if necessary, permit plaintiff to conduct reasonable follow-up discovery.

(Pl.'s Reply, Dkt. # 115, at 15.) As previously indicated, the Court will not address any relief associated with construction. Setting that aside, Plaintiff initially asks that Defendants not be allowed to contest that they received federal funding during the relevant period. Then he asks that Defendants be directed to respond to three statements, and if the statement is disputed, to provide evidentiary support so Plaintiff can conduct follow-up discovery. The altered request for relief is not only improper procedurally, but confusing as it is not tied to any purported discovery violation. Did Plaintiff serve requests to admit regarding numbers 2-4? Did Defendants answer them?[1]  To

---

[1] Based on the Court's focused involvement on the discovery issues raised in this motion, we believe the answer to both issues is "yes," but Plaintiff does not set out this information and

2

the extent Plaintiff seeks to tie the requested relief to the purported Rule 30(b)(6) violation, for the reasons explained below, that aspect of Plaintiff's motion is denied.

Ultimately, the varying requests for relief need not be ruled on, as the Court is denying Plaintiff's motion. Nevertheless, the Court notes that it has spent a significant amount of time sifting through Plaintiff's briefs, attempting to impose order and logic, and the Court is still hard pressed to ascertain what, if any, direct relief it could provide even if the Court granted Plaintiff's motion.

## Analysis

On April 17, 2025, Cook County produced Eric Davis to address Topic 2, the receipt of federal financial assistance for the Cook County Department of Capital Planning and Policy between March 7, 1988 and August 1, 1992. According to Plaintiff, Mr. Davis testified that he only received the deposition notice and list of topics on March 26, 2025; the Bureau of Finance maintains records to which he does not have access and he took no steps to contact the Bureau of Finance to investigate the topic after receipt of the notice; he did not speak with anyone from Cook County government to prepare for the deposition and spent approximately 30 minutes reviewing materials on the 26th floor of his office building in a storage center; and he was not authorized to access certain Cook County documents needed to answer the topic because they were stored in a system to which he did not have permission or access. (Pl.'s Mot. Sanctions, Dkt. # 103, at 3-4.) Plaintiff argues that Mr. Davis was not prepared for the deposition and sanctions are appropriate. Specifically, Plaintiff asks that Defendants not be permitted to contest the receipt of federal financial assistance for the benefit of the Cook County Department of Capital Planning and Policy between March 7, 1988 and August 1, 1992.

Defendants' response generally notes "the inherent difficulty of identifying designees with first[]hand knowledge regarding events from nearly 40 years ago," (Defs.' Resp., Dkt. # 110, at 2) – a point that Defendants state was communicated to Plaintiff's counsel. Regarding the sufficiency of Mr. Davis' testimony, Defendants point to his statements that Cook County retains no financial documents from 1988–1992 to demonstrate receipt of federal funding for CCDOC; the relevant financial mainframe systems were decommissioned, rendering those records inaccessible; he conducted a good-faith search through archived financial records and budget materials, which produced no responsive information; and confirming the 10-year document retention policy. (*Id.* at 4.)

A party "has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects identified in a Rule 30(b)(6) notice." *Zeikos Inv. v. Walgreen Co.*, No. 23 C 303, 2024 WL 4836071, at *1 (N.D. Ill. Nov. 20, 2024) (citation, quotation marks and italics omitted). "The failure to produce an educated Rule 30(b)(6) designee is tantamount to a failure to appear and warrants the imposition of sanctions under Rule 37(d), including reasonable expenses (as well as transcript costs) incurred in taking a new deposition." *Id.* (citation and quotation marks omitted). But Rule 30(b)(6) also

---

attendant arguments in his brief, and the Court's role is not to dig through the record and make arguments for a party.

3

requires only that a "corporate witness testify about information known or reasonably available to the organization." Fed. Rule Civ. P 30(b)(6).

As Defendants note, Mr. Davis indicated that he conducted an inquiry into the location of the information sought, but due to both the decommissioning of the mainframe and the lengthy passage of time, he was unable to find financial documentation for federal funding from 1988 to 1992. He further testified that he was unable to confirm external references to federal funding and defense counsel has reiterated this position, noting that his client "would really prefer to have [financial] records that went back that far." (6/4/25 Tr., Dkt. # 114, at 11.) Moreover, on May 23, 2025, Cook County produced Cook County Comptroller Syril Thomas as the designee for Topic 1, which is not technically at issue in this motion. Notably, however, Defendants acknowledge that Mr. Thomas' testimony also provided certain answers regarding Topics 2 and 3. For example, Defendants state in their response:

> In his deposition, Mr. Thomas confirmed that the Cook County Comptroller's Office maintains financial records for multiple departments, including those at issue in Topics 2 and 3. He testified: "Yes, so our office does maintain records for other departments, including Facilities Management and Capital Planning. We are the central financial repository for many countywide departments, even if they operate with independent budgets." (See Exhibit B -Thomas Dep. at pg. 25:9–17.) This testimony establishes that the Comptroller's Office serves as the central financial repository for Facilities Management and Capital Planning, and thus, any absence of financial records or federal funding documentation for the 1988–1992 period in the Comptroller's Office necessarily applies to those departments as well. Accordingly, Mr. Thomas's testimony satisfies Defendants' obligation to present organizational knowledge on these topics to the extent reasonably available.
>
> . . .
>
> Here, Thomas confirmed that he prepared for the deposition and reviewed the Rule 30(b)(6) notice. (Thomas Dep. at 6:3–5; 7:20–24.) He testified that he conducted a diligent search for responsive records but explained that the financial system covering the period from 1988 to 1992 had been decommissioned, and all related hard copy documents had been destroyed pursuant to the County's 10-year retention policy. (*Id*. at 8:1–24; 9:1–21; 12:3–24.) Thomas further explained that no current systems or records exist that would allow the County to confirm the receipt or expenditure of federal funds during the relevant time frame. (*Id*. at 13:1–13; 39:5–24; 40:1–13; 41:1–6.) He also testified that he met with undersigned counsel on multiple occasions, reviewed numerous budget documents and exhibits, and ultimately testified that—based on the limited information available—he could not confirm or dispute

> specific historical records. (*Id*. at 17:1–23; 29:5–24; 30:1–24; 36:1–7; 37:10–24.) His testimony reflects a consistent, good-faith effort to comply with Rule 30(b)(6), notwithstanding his inability to recall the precise names of every document reviewed during his preparation before his deposition.

(Defs.' Resp., Dkt. # 110, at 3-4.)

In the instant case, Plaintiff's request for documents demonstrating that Cook County received federal funding during the relevant period has been percolating for months. Based on several discussions with the parties in open court and on Defendants' response to the instant motion, the Court finds that defense counsel has made a concerted, good-faith effort to locate sources for the information Plaintiff seeks and to prepare and present witnesses to testify regarding that information (or lack of it, based on documents or files having been destroyed or unable to be found). As noted above, Rule 30(b)(6) requires only that a witness testify as to information "known or reasonably available" to the organization. Defendants' witnesses testified as to what is reasonably available to Cook County, and it is bound by those answers. Because the Court can find no basis on which to conclude that Cook County did not comply with its obligations under Rule 37(b), Plaintiff's motion for Rule 37(b) sanctions is denied.[2]

The Court acknowledges Plaintiff's counsel's frustration with his inability to pin down a definitive answer to his question, but these types of hurdles are not uncommon in federal litigation. Given the in-depth analysis in Plaintiff's reply brief of the relevant outside sources that could support an inference that Cook County received federal funding from 1988-1992, Plaintiff is well on his way to either establishing that fact at summary judgment or at least creating a genuine issue of material fact on the matter. Given the importance of the factual issues that Plaintiff is diligently pursuing, if Plaintiff wishes to pursue very limited discovery to establish an evidentiary foundation for these sources, the Court will entertain such a request, if it is timely made.

**Date**: July 10, 2025

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Plaintiff also raises alleged improper objections by defense counsel at the Rule 30(b)(6) depositions; however, because Plaintiff does not seek any relief for the objections and does not discuss them in his reply, the Court does not address them.