**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAVARIAN ROGERS, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,<br><br>Defendants. | Case No. 24-cv-03739<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are a class of inmates assigned to Division 9 at the Cook County Department of Corrections who were prescribed a cane, crutch, or walker by a jail medical provider. They filed this lawsuit alleging that Cook County Sheriff, Thomas Dart, and Cook County, Illinois (collectively, "Defendants") violated Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 ("ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) ("RA") because the toilets and showers of Division 9 lack grab bars and mounted shower seats necessary for disabled inmates to use the facilities on the same basis as non-disabled inmates. The Court previously certified a Rule 23(b)(2) class of "all individuals at Cook County Jail prescribed a cane, crutch, or walker by a jail provider assigned to Division 9" and a Rule 23(b)(3) class "to resolve the issue under Rule 23(c)(4) of whether the toilets and showers complied with the Structural Standards required by the ADA and RA" between May 8, 2022,

1

and the date of entry of judgment. [101].

Before the Court is Defendants' motion for judgment on the pleadings [175] arguing that named Plaintiff Rogers did not exhaust his administrative remedies as to the toilets in Division 9. Plaintiffs oppose Defendants' motion. For the reasons stated herein, Defendants' motion for judgment on the pleadings [175] is denied.

## JUDGMENT ON THE PLEADINGS STANDARD

Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

The court may consider the complaint, the answer, and any written instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020). All well-pleaded allegations in the non-movant's pleadings must be taken as true, and all facts and reasonable inferences from those facts must be construed in the light most favorable to the non-movant. *Mesa Lab'ys, Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867 (7th Cir. 2021). As with a 12(b)(6) motion, a court may consider any facts of which the court will take judicial notice when ruling on a motion for judgment on the pleadings. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

## BACKGROUND

Plaintiff Rogers, an inmate at Cook County Jail, filed his Complaint in this case on May 8, 2024. [1]. Plaintiff alleges that Defendants have not installed grab bars or mounted shower seats in the toilets and showers of Division 9 in the Cook Jail, and therefore, Plaintiff is unable to toilet or shower on the same basis as non-disabled detainees. *Id.* ¶¶ 18–22. Additionally, Rogers avers "[d]espite grievances seeking an accommodation to shower and toilet, defendants refuse to take action to provide plaintiff an assessable [sic] toilet and shower." *Id.* ¶ 25.

Plaintiff Rogers filed multiple grievances while detained at Cook County Jail. *See* [178-1]. He submitted grievances on May 27, 2022 and in August 2023 complaining that the Division 9 showers were not accessible and stating that he needed a shower chair and rails to hold himself up in case of emergencies. [148-28] at 1, 5 (Grievance Control Numbers 2022 X 08394, 2023 X 13269).[1]

Rogers also submitted a grievance on December 21, 2023 addressing inaccessible toilets in Division 9.[2] [178-2] at 17 (Grievance Control Number NC2024x00055). He wrote:

> I'm an ICC with ADA conditions. I've been housed in division #9 in a cell that has no ADA accommodations and it is painful and embarrassing; I

---

[1] The Court takes judicial notice of Plaintiff Rogers's grievances and the Sheriff's responses to those grievances filed by Rogers with his motion for partial summary judgment and opposition to Defendants' instant motion. "Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017); *see also Simpson v. Greenwood*, 2007 WL 5445538, at *1 (W.D. Wis. Apr. 6, 2007) (taking judicial notice of the filing of prisoner grievances and the responses of prisoner administrators). Defendants have not challenged the accuracy of these documents.

[2] Rogers submitted a second grievance with the same control number on the same date. [178-2] at 18. The second grievance was related to the showers in Division 9. *Id.*

have to get help from another ICC when I use the toilet (#2) there is no railings, handles or anything for support to sit down on the toilet or get up.

*Id.* The Sheriff determined the grievance was non-compliant on the grounds that the "grieved issue is [a] repeat submission of a grievance that previously received a response and [Rogers] chose not to appeal the response within 15 calendar days." *Id.* at 19 (Individual In Custody "Non-Compliant" Grievance Response Form Control Number NC2024x00055). The Response Form noted "ADA has been informed of the IIC's issues" and identified the control number of the prior grievance that addressed the issues. *Id.* But Rogers only raised concerns about the accessibility of the Division 9 showers, not the toilets, in the identified prior grievance. [178-1] at 108 (Grievance Control Number 2023x13269). An alternative ground for finding a grievance is non-compliant listed on the Response Form is when a grievance contains more than one issue. *See* [178-2] at 19. That box was *not* checked here and thus was not the reason for non-compliance. *Id.* Additionally, the Response Form disclaimed "[t]his grieved issue . . . cannot be appealed and remedies cannot be exhausted." [178-2] at 19. On June 20, 2024, Rogers filed another grievance regarding a fall in the toilets due to a lack of grab bars. [148-28] at 9 (Grievance Control Numbers 2024 X 07478).

### ANALYSIS

Defendants moved for judgment on the pleadings on the theory that Plaintiff Rogers failed to exhaust available remedies. [175]. Defendants argue the June 20, 2024 grievance regarding grab bars in Division 9 toilets was not filed before initiating this present suit, and thus Plaintiff did not exhaust as to his toileting claims. Plaintiff opposes the motion for three reasons: (1) the motion is procedurally improper;

4

(2) Rogers exhausted available remedies; and (3) even if the Court finds Rogers did not exhaust, the class claims may proceed under the doctrine of vicarious exhaustion. [178]. The Court agrees with Plaintiff.

## I. Procedural Propriety

Plaintiff contends Defendants' motion for judgment on the pleadings—filed after cross motions for summary judgment were fully briefed—is an impermissible attempt to relitigate summary judgment through another procedural vehicle and a backdoor effort to cure their failure to raise exhaustion at summary judgment. [178] at 3. Whether this is truly a motion for judgment on the pleadings rather than another crack as summary judgment is belied by the fact that Defendants' motion relies on Plaintiff's LR 56.1 statement of facts and extends far beyond the pleadings to encompass judicial notice of several documents in the record. However, Defendants pleaded failure to exhaust in their original answers to the Complaint on April 29, 2025, and thus the affirmative defense is not waived. [93] at 9; [94] at 9. Accordingly, the Court will address the argument.

## II. Rogers's Administrative Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a lawsuit about prison conditions without first exhausting all available administrative remedies. 42 U.S.C. §1997e(a); *see Perttu v. Richards*, 605 U.S. 460, 465 (2025). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011. As such, Plaintiff was not required to plead exhaustion in his Complaint or

provide evidence of exhaustion in his motion for partial summary judgment.

To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *King v. McCarty*, 781 F.3d 889, 893 (7th Cir.2015) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)); *see also Maddox v. Love*, 655 F.3d 709, 720–21 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007) (noting that "the applicable procedural rules [that a prisoner must properly exhaust] are defined not by the PLRA, but by the prison grievance process itself") (cleaned up)). Although an inmate must follow the grievance procedures proscribed by the jail, the inmate is only required to utilize those steps to the extent they are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016); *Wallace v. Baldwin*, 55 F.4th 535, 542 (7th Cir. 2022).

Determining whether a remedy is "available" to an inmate is a practical, not a procedural, inquiry of what, in reality, is open for a prisoner to pursue. *Wallace*, 55 F.4th at 542. One category of unavailability is when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Ross*, 578 U.S. at 643–44. For instance, when jail staff fails to inform inmates of the grievance procedure or grievance rules are applied haphazardly, inmates cannot be expected to follow the protocol. *See, e.g.*, *Reid v. Balota*, 962 F.3d 325, 330–31 (7th Cir. 2020) (mixed messages from the prison about the outcome of grievances and the requirements from the inmate were sufficiently confusing to obscure necessary procedures and make relief "unavailable"); *King*, 781 F.3d at 896

6

("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."); *Ajala v. Tom*, 592 F. App'x 526, 528 (7th Cir. 2015) (where "prison officials thwart inmates from exhausting, 'the process that exists on paper becomes unavailable in reality'") (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006)). Rogers's December 21, 2023 grievance regarding the Division 9 toilets falls within this category of "unavailable" remedies.

The dispute here centers around what additional administrative avenues, if any, were open for Rogers to exhaust his grievances regarding the Division 9 toilets after he submitted a grievance related to the same on December 21, 2023, which was denied as noncompliant. By adjudicating the grievance solely on the grounds of being duplicative of a previously grieved complaint about the accessibility of Division 9 showers, the Sheriff did not respond to Rogers's complaints about the toilets. [178-2] at 19 (Individual In Custody "Non-Compliant" Grievance Response Form Control Number NC2024x00055). Rogers reasonably would be led to believe no further steps were available to him because the form warned "[t]his grieved issue . . . cannot be appealed," and the form further stated, "remedies cannot be exhausted."[3] *Id.* This response obscured the process for Rogers. The Court will not punish Rogers for the mismanagement of his December 2023 grievance form. *Shelby v. Dart*, 2015 WL 8329971, at *5 (N.D. Ill. Dec. 9, 2015) (citing *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) (inmate not at fault where jail staff mishandles grievance forms).

---

[3] It is unclear to the Court what the referenced "remedies" are that cannot be exhausted. The aggrieved issue, the finding in the form (here, that Rogers submitted a duplicative grievance), or something else? What is not confusing to the Court or to Rogers is that he cannot appeal the aggrieved issue.

7

More fundamentally, Defendants have failed to carry their burden to demonstrate that Rogers did not exhaust his available administrative remedies. They argue Rogers's December 2023 "noncompliant" grievance regarding the toilets is insufficient to satisfy the exhaustion requirement, and furthermore, Rogers was required to refile the grievance in a compliant format and follow any subsequent administrative procedures to exhaust. [181] at 3–5. But Defendants do not cite the Jail's policy for these propositions. Inmates are not required to follow a procedure that they are not aware of. *See King*, 781 F.3d at 896; *see also White v. Bukowski*, 800 F.3d 392, 397 (7th Cir. 2015). The Court cannot hold Rogers to a procedure Defendants fail to establish.[4]

In any event, as the Grievance Response Form makes plain, Defendants had notice of Rogers's request for accommodations in the toilets. [178-2] at 19 ("ADA has been informed of the IIC's issues"). The exhaustion requirement gives prisons "a fair opportunity to correct their own errors." *Pyles v. Nwaobasi*, 829 F.3d 860, 867 (7th Cir. 2016) (quoting *Ngo*, 548 U.S. at 94). Thus, exhaustion is satisfied if the grievance "served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Rogers has met that standard here and his claims as to the Division 9 toilets will move forward.

---

[4] Defendants' cases are distinguishable. *E.g.*, *Rodriguez v. Judkins*, 2020 U.S. Dist. LEXIS 198558, at *26–27 (N.D. Ill. Oct. 26, 2020) (non-compliant grievance that stated plaintiff was "not safe over here" and "not suppose[d] to be over here" lacked specificity to give the prison a fair opportunity to consider the grievance); *Johnson v. Manis*, 2020 U.S. Dist. LEXIS 211434, at *6–11 (N.D. Ill. Nov. 12, 2020) (grievances filed long after the fifteen-day deadline deemed non-compliant); *Milner v. Young*, 2021 U.S. Dist. LEXIS 58746, at *8–18 (N.D. Ill. Mar. 28, 2021) (grievance non-compliant due to containing multiple issues).

## III.    Vicarious Exhaustion

Having concluded that the Defendants have not satisfied their burden to prove that Rogers did not exhaust available administrative remedies regarding his December 2023 grievance, the Court need not address Plaintiff's theory of vicarious exhaustion. However, even if Rogers failed to exhaust his remedies, if any member of the plaintiff class exhausted their available remedies, the entire class can be deemed to have done so. *See Phipps v. Sheriff of Cook Cnty.*, 681 F.Supp.2d 899, 908 (N.D Ill. 2009) (applying the concept of vicarious liability to deny defendants' motion for summary judgment); *see also Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004); *Meisberger v. Donahue*, 245 F.R.D. 627, 629 (S.D. Ind. 2007) (collecting cases). Here, Defendants only move on this issue with respect to Plaintiff Rogers; not any other member of the class. Accordingly, for this additional reason, Defendants are not entitled to judgment on the affirmative defense of failure to exhaust and their motion for judgment on the pleadings [175] is denied.

## CONCLUSION

For the stated reasons, Defendants' motion for judgment on the pleadings [175] is denied.

E N T E R:

Dated: March 16, 2026

*May M Rowland*

MARY M. ROWLAND
United States District Judge

9